UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MARTHA CHANG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINCARE HOLDINGS INC.,<br><br>Defendant. | Case No. 8:22-cv-01472<br><br>Judge Thomas P. Barber<br><br>Magistrate Amanda Arnold Sansone |

## PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42 and M.D. Fla. L.R. 1.07(b), Plaintiff Martha Chang, respectfully requests that the Court consolidate the related actions, *Cottam v. Lincare Holdings Inc.*, 22-cv-01595-TPB-MRM, and *Juarez v. Lincare Holdings Inc.*, 22-cv-01704-TPB-MRM, in the first-filed action, *Chang v. Lincare Holdings, Inc.*, Case No. 22-cv-01472-TPB-AAS (collectively, the *Chang*, *Cottam*, and *Juarez* actions are referred to as the "Related Actions").[1]

---

[1] One additional potentially related case was filed in the Middle District of Florida court on August 25, 2022, *Fudge v. Lincare Holdings Inc.*, 22-cv-01961. That case is in its earliest stages, but, if it is transferred to Your Honor, the Parties will evaluate whether consolidation with *Chang*, *Cottam*, and *Juarez* is appropriate and involve the Court as necessary. Other similar cases have been filed in other courts which may potentially be subject to transfer and consolidation in this Court.

1

## I.     PROCEDURAL BACKGROUND

Plaintiff Martha Chang filed a class action complaint against Defendant Lincare Holdings, Inc. ("Lincare" or "Defendant") on June 28, 2022, related to a data breach experienced by Lincare in September 2021. *Chang*, Doc. 1. Plaintiff Catherine Cottam filed a materially similar complaint against Lincare on July 14, 2022. *Cottam*, Doc. 1. And on July 28, Plaintiff Victor Juarez filed a complaint against Lincare regarding the same data breach. *Juarez*, Doc. 1. On the unopposed motion of Defendant, both *Cottam* and *Juarez* were transferred to this Court to proceed before Judge Barber pursuant to M.D. Fla. L.R. 1.07(a)(2)(A). *Cottam*, Doc.13; *Juarez*, Doc. 12. Given that the Related Actions each arise from the same operative facts surrounding a cyberattack and data breach of Defendant's computer systems in approximately September 2021, Plaintiff Chang respectfully asks for this Court to grant Plaintiff's Unopposed Motion to Consolidate. Plaintiff Chang has conferred with counsel for Plaintiff Cottam, Plaintiff Juarez, and Defendant, and all parties agree that consolidation of the Related Actions is appropriate under Rule 42 and M.D. Fla. L.R. 1.07(b).

## II.    LEGAL STANDARD

Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2)

consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42(a). FRCP 42 permits consolidation of cases involving common questions of law or fact. Additionally, M.D. Fla. L.R. 1.07(b) provides that, where "actions assigned to a judge present the probability of inefficiency or inconsistency, a party may move to consolidate the actions." Such a motion to consolidate must be filed in one action and noticed, along with a copy of the motion, in the other actions. *Id.*

The Court has "substantial discretion in deciding whether and to what extent to consolidate cases," including for "all purposes" or "for such limited purposes" as "motions practice or discovery." *Hall v. Hall*, 138 S. Ct. 1118, 1129-31 (2018). Consolidation is within the Court's discretion, and the Court considers:

> (1) whether the specific risks of prejudice and [ ] confusion arising from consolidation are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on the parties... and available judicial resources required for multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned[.]"

*Markel Am. Ins. Co. v. Oliver*, No. 6:20-CV-1223-RBD-DCI, 2021 WL 6125574, at *1 (M.D. Fla. July 21, 2021) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (cleaned up).

### III. ARGUMENT

**A. The Related Actions Contain Common Factual Allegations**

Plaintiffs in the Related Actions allege that their sensitive and private information was compromised in the same data breach arising from a cyberattack on Defendant's computer systems. Plaintiffs are all individuals who received a breach notice letter from Defendant and are alleged victims of the Data Breach. *Chang*, Doc. 1, at ¶39; *Cottam*, Doc. 1, at ¶13; *Juarez*, Doc. 1, at ¶37. The alleged types of sensitive information exposed are the same in each Related Action and may in some instances include: first and last names, addresses, account numbers, dates of birth, and medical information which may include information concerning medical treatments individuals received such as provider name, dates of service, diagnosis/procedures, and/or account or record numbers, health insurance information, and/or prescription information. *Chang*, Doc. 1, at ¶3; *Cottam*, Doc. 1, at ¶3; *Juarez*, Doc. 1, at ¶4. Furthermore, Plaintiffs commonly allege it was the same types of cybersecurity failures that created the risk and allowed the data breach to occur. *Chang*, Doc. 1, at ¶¶34-70; *Cottam*, Doc. 1, at ¶¶35-66; *Juarez*, Doc. 1, at ¶¶40-65. This weighs in favor of consolidation. *Gabbard v. Elec. Ins. Co.*, No. 8:22-CV-384-TPB-AAS, 2022 WL 2111503, at *1 (M.D. Fla. May 4, 2022) ("It would appear to be an exceedingly inefficient use of judicial and party resources to allow

4

essentially the same dispute to be litigated concurrently in three separate lawsuits in the same Court before the same judge").

### B. The Related Actions Make Common Liability Allegations

In addition, the Related Actions each advance common theories of liability for the various legal claims alleged, which include the following causes of action: (i) negligence, (ii) negligence *per se,* (iii) breach of implied contract, (iv) unjust enrichment, and (v) state statutory causes of action. To the extent the Court permits consolidation, Plaintiffs in the Related Actions will work together to submit a consolidated complaint on behalf of each Plaintiff and the putative Class.

### C. The Related Actions Seek Common Remedies Under Similar Class Definitions

The related actions seek to certify overlapping classes of individuals who were allegedly victims of the Lincare data breach and request the same type of remedies and compensation for Plaintiffs and the putative classes. The remedies collectively sought include compensatory damages related to economic losses alleged to have been caused by the cyberattack, injunctive relief, and other common remedies. *Chang*, Doc. 1, at Prayer for Relief; *Cottam*, Doc. 1, at Prayer for Relief; *Juarez*, Doc. 1, at Prayer for Relief. Furthermore, Plaintiffs in the Related Actions each seek to certify these damages classes with substantially similar and/or overlapping class definitions:

| Case Name | Class Definition |
|---|---|
| *Chang* (Doc. 1, at ¶71) | Nationwide Class: All individuals residing in the United States whose personal information was compromised in the Data Breach disclosed by Lincare in June 2022. |
| *Cottam* (Doc. 1, at ¶¶72-73). | Nationwide Class: All natural persons residing in the United States whose SPI was compromised in the Data Breach announced by Defendant on or about June 6, 2022<br><br>North Carolina Subclass: All natural persons residing in North Carolina whose SPI was compromised in the Data Breach announced by Defendant on or about June 6, 2022. |
| *Juarez* (Doc. 1, at ¶66) | California Class: All individuals residing in California whose personal information was compromised, accessed, or viewed in the Data Breach disclosed by Lincare in June 2022. |

Both the *Chang* and *Cottam* actions seek certification of a nationwide class of data breach victims and, although *Cottam* also seeks a North Carolina Subclass and *Juarez* seeks a class limited to California residents, both of those proposed classes are also members of the nationwide classes alleged in *Chang* and *Cottam*. *See McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (consolidating cases arising out of the same data breach, and noting that, "[a]lthough there are slight distinctions in proposed class definitions and specific causes of action, each case raises similar claims []

6

concerning the same underlying data breach, resulting in generally the same type of alleged harm, to the same broad category of putative class members.").

### D. The Related Actions Should be Consolidated to Reduce Costs and Delay.

Here, consolidation of the Related Actions is warranted, as the actions raise the same questions of law and arise from the same set of facts surrounding the same cyberattack and data breach experienced by the same Defendant. Specifically, each of the Related Actions focuses on whether Defendant is liable to Plaintiffs and the putative classes for its failure to protect their private PII and PHI. *See generally Chang*, Doc. 1; *Cottam*, Doc. 1; *Juarez*, Doc. 1. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same defendant; involve the same cyberattack and data breach and involve the same types of Private Information. *See generally id.* Plaintiffs' counsel in each Related Action anticipate that each Related Action would involve substantially the same discovery and that consolidation would add efficiency and consistency in judicial rulings, reduce delay and cost.

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motion practice, and would cause an unnecessary drain on judicial resources. Data Breach cases are routinely consolidated in federal courts around the country. As explained in *Kaplan v. 21st*

*Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a cyberattack and data breach case:

> Applying the relevant factors from Hendrix, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id*. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and Hendrix, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), report and recommendation adopted,

No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016); *see also McDonald*, 2021 WL 931599, at *4.

Here, each case identifies overlapping putative Rule 23 classes and asserts substantially identical factual allegations against the same Defendant, arising from the same data breach. Each case is in its infancy.[2] Consolidation and reassignment will streamline three equivalent actions, promoting judicial economy and efficiency. Allowing these cases to proceed individually would strain judicial resources. Moreover, consolidation imposes no prejudice. The parties in each of the Related Actions agree that consolidation of their claims into one action for both pre-trial proceedings and trial is not only appropriate, but also necessary to avoid duplicative efforts and potentially conflicting rulings. These suits involve substantially identical factual allegations and claims.

Should the Court grant the relief requested in this Motion, Plaintiff requests that an order be entered changing the caption of the litigation to "***In re Lincare Holdings Inc. Data Breach Litigation***." From there, the consolidated Plaintiffs propose, and Defendant does not oppose, the following initial deadlines for the consolidated action:

---

[2] This action is the first of the Related Actions to be scheduled for an Initial Case Management Conference, on September 14 at 9:30 am.

    a.    Plaintiffs shall file a Consolidated Complaint no later than 30 days following entry of this Order;

    b.    Defendant shall file an answer or otherwise respond to the Consolidated Complaint within 30 days of the filing of the Consolidated Complaint;

    c.    Plaintiffs shall file an opposition to any motion to dismiss or similar motion filed in response to the Consolidated Complaint within 30 days of the motion;

    d.    Defendant shall file a reply in support of any motion to dismiss or similar motion within 14 days of Plaintiffs' opposition;

    e.    Defendant need not file a response to the Complaints in *Chang, Cottam,* and *Juarez*; and

    f.    The initial case management conference set for September 14, 2022, in *Chang* shall proceed to discuss scheduling for the consolidated action.

## IV. CONCLUSION

Accordingly, Plaintiff Chang requests that the Court enter an order consolidating all three Related Actions in the first-filed case: *Chang v. Lincare Holdings, Inc.*, Case No. 22-cv-01472.

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned counsel has conferred with Defendant's counsel and is authorized to state that Defendant's counsel does not oppose this motion.

Dated: August 31, 2022     Respectfully Submitted,

By: *Raina C. Borrelli*
    Raina C. Borrelli
    Samuel J. Strauss
    TURKE & STRAUSS LLP
    613 Williamson Street, Suite 201
    Madison, WI 53703
    Telephone: (608) 237-1775
    Facsimile: (608) 509-4423
    raina@turkestrauss.com
    sam@turkestrauss.com

    Rachel Elizabeth Kaufman
    KAUFMAN P.A.
    400 NW 26th Street
    Miami, FL 33127
    Telephone: (305) 773-6641
    rachel@kaufmanpa.com

    Avi Robert Kaufman
    KAUFMAN P.A.
    237 S Dixie Hwy, 4th Floor
    Coral Gables, FL 33133
    Telephone: (305) 469-5881
    kaufman@kaufmanpa.com

    *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 31st day of August, 2022.

>TURKE & STRAUSS LLP
>
>By: */s/ Raina C. Borrelli*
>Raina C. Borrelli
>raina@turkestrauss.com
>TURKE & STRAUSS LLP
>613 Williamson St., Suite 201
>Madison, WI 53703
>Telephone: (608) 237-1775
>Facsimile: (608) 509-4423