## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

LINCARE HOLDINGS INC. DATA
BREACH LITIGATION

Case No. 8:22-cv-1472-TPB-AAS

### JOINT DECLARATION IN SUPPORT OF
### PLAINTIFFS' UNOPPOSED MOTION TO DIRECT CLASS NOTICE AND
### GRANT PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1.      We, the undersigned, are counsel for Plaintiffs in the above-captioned case. This declaration and the exhibits thereto, including the Settlement Agreement, the Claim Form, the Short Notice, the Long Form Notice, the Proposed Preliminary Approval Order, and the Proposed Final Approval Order (i.e. all attachments to the Settlement Agreement). support Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant Lincare Holdings, Inc., ("Lincare"), This declaration explains the bases for the settlement, including the significant relief it affords the Settlement Class. We have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

### LITIGATION BACKGROUND

2.      In June 2022, Defendant, Lincare disclosed that in September 2021, it identified unusual activity on certain systems within its network. (Doc. 50, ¶ 4). After launching an investigation, Lincare learned that it had experienced a cyberattack resulting in potential exposure of sensitive and private personal information of certain of its current and former patients (the "Data Security Incident"). (Doc. 50, ¶ 4).

1

3.      On July 28, 2022, Plaintiffs filed proposed class action lawsuits in the United States District Court, Middle District of Florida, relating to the Data Security Incident. The claims asserted in these lawsuits were substantially similar.

4.      Prior to filing these cases, Plaintiffs' counsel conducted extensive pre-suit discovery to ascertain all publicly available details about the cause, scope, and result of the data breach, as well as about the damages suffered by the Plaintiffs and the Class.

5.      After the cases were filed, on December 30, 2022, Plaintiffs filed a Consolidated Class Action Complaint. (Doc. 50).

6.      Thereafter, the parties engaged in detailed motion practice, including Lincare's Motion to Dismiss (Docs. 62, 78, 95) and jurisdictional discovery (including written discovery, document production, and depositions) (Doc. 86).

7.      Subsequent to these events, the Parties began to discuss the prospect of settlement.  The Parties agreed on and retained Rodney Max, a highly experienced mediator, to assist with settlement negotiations. The Parties briefed their respective positions on the facts, claims, defenses, and assessments of the risk of litigation.

8.      Prior to mediation, the parties exchanged information about the number of breach victims, the types of PII compromised in the breach, and Lincare's investigation of, and response to, the Data Breach. This helped the Parties more fully understand the claims, defenses, and risks of continued litigation.

9.      Plaintiffs have been impacted the same as all Settlement Class Members and have the same interests as them. Plaintiffs assisted in the investigation of this case, reviewed and approved pleadings, stayed in contact with proposed Settlement Class

Counsel, and answered Settlement Class Counsel's many questions. Plaintiffs are informed of the risks of continued litigation and the benefits of early resolution.

**MEDIATION**

10.    On July 11, 2023, the Parties had a full-day mediation session with Mr. Max. The negotiations were hard-fought throughout and the process was conducted at arm's length.

11.    After extensive arm's length settlement negotiations conducted through Mr. Max, which continued after the formal mediation, the Parties reached an understanding in principle on the essential terms of settlement on July 17, 2023.

12.    From the start, the Parties agreed they would not negotiate Proposed Class Counsel's attorney fees until they agreed on the settlement agreement's core terms, thus avoiding conflict between Plaintiffs and the Settlement Class. The subject of attorneys' fees, costs, and expenses (*i.e.*, the Fee Award and Costs that Plaintiffs will seek if the Settlement is approved), subject to Court approval, was negotiated only after all substantive terms of the Settlement were agreed upon by the Parties.

13.    After the Parties reached an agreement on the material terms of the Settlement, the Parties worked together cooperatively to draft a comprehensive set of settlement documents, including the Settlement Agreement and all of the accompanying exhibits (i.e. the Claim Form, Notices, and Proposed Orders).

14.    The Parties also mutually agreed that Kroll Settlement Administration LLC would serve as the notice provider and Claims Administrator. Kroll has a trusted and proven track record of supporting thousands of class action administrations,

including a substantial number of class action settlements arising from data breaches and data security incidents.

15.     Plaintiffs are informed that Notice and Administrative Expenses are expected to be approximately $1,641,000.

**SETTLEMENT TERMS**

16.     The proposed Settlement Class is defined as:

All individuals in the United States whose PII was stored by Lincare Holdings Inc. and potentially disclosed, compromised, or accessed as a result of the cyber-breach or data incident experienced by Lincare Holdings Inc. in September 2021.

S.A. ¶ 32.

17.     Here, Lincare identified approximately 2.9 million people in the Settlement Class.

18.     Settlement Class Members are eligible to receive the following benefits under the term of the Settlement:

a. Reimbursement of Out-of-Pocket Losses for up to $5,000.00;

b. Reimbursement of Attested Time up to four (4) hours at twenty dollars ($20) per hour;

c. One (1) year of Medical Identity-Theft Protection and Monitoring Services, known as Medical Shield provided by CyEx (with the Pango Group) (including medical monitoring services; real-time alerts for suspicious activity; identity restoration and recovery services; and $1,000,000.00 in medical identity theft insurance with no deductible). This benefit is available regardless of whether the Settlement Class Member submits a claim for reimbursement of Out-of-Pocket Losses or Attested Time. However, the Settlement Class Member must elect this benefit, it is not automatic;

d. Statutory Payments for CMIA Claims in the amount of $90.00.

S.A. ¶¶ 40.

4

19.    Plaintiffs seek certification of a nationwide class. All Settlement Class Members who do not exclude themselves from the Settlement will be eligible to submit claims. The dollar amounts of these reimbursements may vary, but those differences reflect the differing amounts of losses that Settlement Class Members incurred as a result of the Data Security Incident.  Thus, each Settlement Class Member who submits a valid claim will be paid proportionate to the harm they suffered. And all Settlement Class Members are eligible to claim medical identity theft services.

20.    The Settlement treats Class Members equitably because all Settlement Class Members are eligible for reimbursement following submission of a claim form. Also, all California Settlement Subclass Members are eligible for CMIA payments following submission of a claim form.

21.    The benefit of formal discovery, and the Parties exchange of information in the mediation setting, provided Plaintiffs' Counsel—along with our prior experience in similar litigation and communications with many consumers in those cases and the one before the Court—with the ability to make a well-informed decision about the litigation risks and the benefits of the Settlement.

22.    Lincare has agreed that, subject to this Court's approval, Class Counsel may request an award of attorneys' fees not to exceed one-third (33.33%) of the Settlement Fund and reimbursement of Litigation Costs and Expenses not to exceed $50,000.00. S.A. ¶¶ 67–70. Notably, the parties did not negotiate this agreement or any other issue with respect to attorneys' fees, costs, and expenses until after they had

5

reached an agreement on all other material terms of the Settlement and Class relief.

## RECOMMENDATION OF COUNSEL

23.    Based on Plaintiffs' counsel's independent investigation of the relevant facts and applicable law, experience with many other data breach cases, including data breach cases in this District and before this Court, and the information provided by Lincare, Plaintiffs' counsel submits that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

24.    Our collective years of experience representing individuals in complex class actions—including data breach actions—informed Plaintiffs' settlement position and the needs of Plaintiffs and the proposed Settlement Class. While we believe in the merits of the claims brought in this case, we are also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals and the potential for no recovery at all. Based upon our collective substantial experience, it is our opinion that the proposed settlement of this matter provides significant relief to the members of the Settlement Class and warrants the Court's preliminary approval. The settlement is well within the range of other data breach settlements based on the relief that it provides.

25.    The Settlement's terms are designed to address the potential harms caused by the data breach, providing credit monitoring and identity theft restoration services, reimbursing economic and non-economic losses, and verifying that Defendant has improved its data security.

26.    This result is particularly favorable given the risks of continued litigation.

6

Plaintiffs faced serious risks prevailing on the merits, including proving causation, as well as risk at class certification and at trial, and surviving appeal. A settlement today not only avoids the risks of continued litigation, but it also provides benefits to the Settlement Class Members now as opposed to after years of risky litigation.

27.     The Settlement's benefits unquestionably provide a favorable result to the Settlement Class Members, placing the Settlement well within the range of possible final approval and satisfying the requirements for preliminary approval under applicable law. Therefore, the Court should grant preliminary approval.

28.     Additionally, the Notice program contemplated by the Settlement provides the best practicable method to reach Settlement Class Members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters.

29.     Thus, Settlement Class Counsel asks the Court to grant preliminary approval of the Settlement Agreement and enter the proposed preliminary approval order filed with this motion.

## <u>COUNSEL'S AND CLASS REPRESENTATIVES' QUALIFICATIONS</u>

30.     Plaintiffs seek the appointment of undersigned counsel as Settlement Class Counsel in this matter. Proposed Settlement Class Counsel have extensive experience prosecuting similar class actions, as well as other complex litigation, and have the experience to assess the risk of continued litigation and appeals. Proposed Settlement Class Counsel have diligently investigated and prosecuted the claims here, have dedicated substantive resources to the litigation of those claims, and have

successfully negotiated the Settlement to the benefit of Plaintiffs and the Settlement Class. Accordingly, the Court should appoint John A. Yanchunis, Stephen R. Basser, Raina C. Borrelli, Alexandra M. Honeycutt, and Carl V. Malmstrom as Settlement Class Counsel.

31.    Proposed Settlement Class Counsel have invested considerable time and resources into the investigation of the facts underlying the claims and the prosecution of this action.  Since the outset of this litigation, the firms have cooperatively and effectively collaborated to prosecute, and ultimately resolve, this case on behalf of their clients and the Class.  They have performed work critical to achieving benefits for the Class, including by investigating the facts surrounding the Data Security Incident, researching and analyzing legal claims under state and federal law and common law, preparing and filing the Complaint, motion and discovery practice, participating in meetings with defense counsel to discuss the parties' respective positions, negotiating the proposed Settlement, and drafting this motion for preliminary approval.

32.    As noted above, and as reflected in our respective resumes and biographies filed herewith (Exhibits 1 through 5 attached hereto), Settlement Class Counsel are qualified, experienced, and able to prosecute this litigation.  Settlement Class Counsel have a wealth of experience in litigating complex class action lawsuits similar to this one and have extensive knowledge of the applicable law and sufficient resources to commit to the Settlement Class.

33.    Throughout the pendency of this case, Proposed Settlement Class Counsel have maintained regular contact with their Plaintiffs to discuss the

prosecution of the case with them. With the assistance of counsel, Plaintiffs have been at the helm of this case and continue to be focused on the advancement of the interests and claims of the Class over their own interests. Plaintiffs have always been concerned about obtaining a result that was best for the Class. In our collective opinion, Plaintiffs are adequate class representatives with no conflicts of interest.

Pursuant to 28 U.S.C. § 1746, we declare signed under penalty of perjury of the United States of America that the foregoing is true and correct.

Executed on October 6, 2023                    */s/ John A. Yanchunis*

JOHN A. YANCHUNIS
jyanchunis@ForThePeople.com
RYAN J. MCGEE
rmcgee@ForThePeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

STEPHEN R. BASSER
sbasser@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0660
Fax: (215) 963-0838

RAINA C. BORRELLI
raina@turkestrauss.com
**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

ALEXANDRA M. HONEYCUTT
ahoneycutt@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PPLC**
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone: (865) 247-0080

CARL V. MALMSTROM
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
Telephone: (312) 984-0000
Facsimile: (212) 686-0114

*Attorneys for Plaintiffs and the Proposed
Class*

Exhibit 1

Joint Declaration In Support of Plaintiffs' Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement



Morgan & Morgan is a leading civil trial law firm representing consumers and commercial clients nationwide. With over 800 lawyers, and more than 3,000 non-lawyer employees, Morgan & Morgan is the largest plaintiffs' firm in the nation. Morgan & Morgan maintains over offices throughout the United States. Among its lawyers are former state attorney generals and present and former members of various state legislatures.

Morgan & Morgan has a dedicated Complex Litigation Group staffed with lawyers, paralegals, and retired FBI agents serving as investigators committed to representing consumers in complex litigation, MDL proceedings and class action cases throughout the country. It has achieved many remarkable results in class litigation, including the settlement of *In re Black Farmers Discrimination Litigation*, no. 08-0511 (D.C. Oct. 27, 2017), where one of its partners served as co-lead. The case resulted in a settlement with the United States Government in the amount of $1.2 billion for African American farmers who had been systematically discriminated against on the basis of race, in violation of the Fifth Amendment to the United States Constitution, the Equal Credit Opportunity Act, Title VI of the Civil Rights Act, and the Administrative Procedure Act. Morgan & Morgan has assembled a talented team of lawyers:

**John A. Yanchunis** leads the class action section of the law firm. His practice—which began after completing a two-year clerkship with United States District Judge Carl O. Bue, Jr., S. D. Tex.—has concentrated on complex litigation and spans over 40 years, including consumer class actions for more than two-thirds of that time. As a result of his extensive experience in class litigation, including privacy and data-breach litigation, he regularly lectures nationally and internationally at seminars and symposiums regarding class litigation and privacy litigation.

He has served as lead, co-lead, and class counsel in numerous national class actions, including multi-district litigation, involving a wide range of subjects affecting consumers, including antitrust, defective products, life insurance, annuities, and deceptive and unfair acts and practices. In 2014, he was recognized by the National Law Journal as a trailblazer in the area of privacy litigation, and in 2020, he was recognized by LAW 360 for the second year in a row as one of 4 MVPs in the United States in the area of privacy and cyber security litigation. For his work in the area of privacy litigation, he was awarded lawyer of the year in the state of Florida

by The Daily Business Review.

As a result of his experience in insurance and complex litigation, beginning in 2005, he was selected by Tom Gallagher, the Chief Financial Officer for the state of Florida and a member of the Florida Cabinet, to serve as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators of Florida) in their investigations of the insurance industry on issues concerning possible antitrust activity and other possible unlawful activities regarding the payment of undisclosed compensation to insurance brokers.  He served as lead regulator counsel and worked with a core group of state Attorneys General from the National Association of Attorneys General, which were selected to conduct the investigations.  The insurance regulator for Florida was the only insurance regulator in the group.  The litigation that was filed and the related investigations netted millions of dollars in restitution for Florida consumers and resulted in significant changes in the way commercial insurance is sold in Florida and across the country.

During his career, he has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, which was filed in 1991 by the Celotex Corporation and its subsidiary, Carey Canada, Inc.  During the seventeen years the case pended, he served as lead counsel for several insurance companies, regarding coverage for asbestos and environmental claims.  The case was tried in three phases over several years beginning in 1992.   He was also lead counsel for these parties in the subsequent appeals that followed a judgment in favor of his clients.

Mr. Yanchunis began his work in privacy litigation in 1999 with the filing of *In re Doubleclick Inc. Privacy Litigation,* 154 F. Supp. 2d 497 (S.D.N.Y. 2001), alleging privacy violations based on the placement of cookies on hard drives of internet users. Beginning in 2003, he served as co-Lead Counsel in the successful prosecution and settlement of privacy class action cases involving the protection of privacy rights of more than 200 million consumers under the Driver's Protection Privacy Act (DPPA) against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis). See *Fresco v. Automotive Directions, Inc.,* No. 03-61063-JEM (S.D. Fla.), and *Fresco v. R.L. Polk,*No. 07-cv-60695-JEM (S.D. Fla.). Subsequently, I also served as co-Lead Counsel in the DPPA class cases, *Davis v. Bank of America,* No. 05-cv-80806 (S.D. Fla.) ($10 million class settlement), and *Kehoe v. Fidelity Fed. Bank and Trust,* No. 03-cv-80593 (S.D. Fla.) ($50 million class settlement).

He has been appointed and served in leadership positions a number of multidistrict litigation in the area of privacy and data breaches:  *In re: Capital One Consumer Data Security Breach Litigation,* No. 1:19-MD-2915-AJT (E.D. Va.)(settlement for $190,000,000 preliminarily

approved ) *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752-LHK (N.D. Cal.) ("Yahoo") (Lead Counsel) (Court approved $117,500,000.00 common fund settlement for approximately 194 million US residents and 270,000 Israeli citizens ); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (co-Lead Counsel) (final judgment entered approving a settlement on behalf of a class of 40 million consumers with total value of $29,025,000); *In Re: Equifax, Inc. Customer Data Security Breach Litigation*, 1:17-md-2800-TWT (N.D. Ga.) (member of the Plaintiffs' Steering Committee) (final judgment entered approving $380.5 million fund for 145 million consumers ); *In re: U.S. Office of Personnel Management Data Security Breach Litigation,* 1:15-mc-01394-ABJ (D.D.C.) ("OPM") (member of the Executive Committee) (motion for preliminary approval of a $60,000,000 common fund ); *In re Target Corp. Customer Data Sec. Breach Litig.,* MDL No. 2522 (D. Minn.) (Executive Committee member) (final judgment approving a settlement on behalf of a class of approximately 100 million consumers ).

His court-appointed leadership experience in non-MDL, data breach class actions is likewise significant, and to just name a few : *Schmidt, et al., v. Facebook, Inc.,* No. 3:18-cv-05982 (N.D. Cal.) (Co-Lead Counsel) ("Facebook") (class certified for 8 million residents , subsequently settlement of the class was approved by the court); *Walters v. Kimpton Hotel & Restaurant,* No. 3:16-cv-05387 (N.D. Cal.) ("Kimpton") (Lead Counsel) (class action settlement final approval order entered July 11, 2019); and *In re: Arby's Restaurant Group, Inc. Data Security Litigation,* Nos. 1:17-cv-514 and 1:17-cv-1035 (N.D. Ga.) (co-Liaison Counsel) (final approval of a class settlement entered June 6, 2019); and Jackson, et al., v. Wendy's International, LLC, No. 6:16-cv-210-PGB (M.D. Fla.) (final approval of a class settlement entered February 26, 2019); *Henderson v. Kalispell Regional Healthcare*, No. CDV-19-0761 (Montana Eighth Judicial Court – Cascade County) (final approval of class settlement entered January 5, 2021); *In re: Citrix Data Breach Litigation*, No. 19-cv-61350 (S.D. Fla.) (preliminary approval of class action settlement entered on January 26, 2021); *Kuss v. American HomePatient, Inc.,* et al., 18-cv-2348 (M.D. Fla.) (final approval of class action settlement entered on August 13, 2020); *Fulton-Green v. Accolade, Inc*., 18-cv-274 (E.D. Pa.) (final approval of class action settlement entered September 23, 2019); *Nelson v. Roadrunner Transportation Systems, Inc.,* 18-cv-7400 (N.D. Ill.) (final approval of class action settlement entered September 15, 2020).

His experience in these major data breach matters extends far beyond simply briefing threshold issues and negotiating settlements. Rather, he has personally deposed dozens of corporate representatives, software engineers, cyber professionals and CISOs in major data breach cases such as Capital One, Yahoo, Kimpton, and Facebook.  In addition, he has defended experts used in these cases and also deposed defense liability and damage experts.

Presently he leads his firm's efforts in two major class cases pending against Google for

data misuse.

As result of his experience in the area of class litigation and ethics, he has served as an expert for The Florida Bar on ethical issues arising in class action litigation.   He is a frequent lecturer on privacy and class litigation nationally and internationally, including at international conferences, having presented at the University of Haifa's 2019 Class Action Conference, in Haifa, Israel, attended by lawyers, judges and law professors from around the world. In 2020 he lectured on data privacy in Mexico, and in November 2020 and 2021 he presented on class action issues to an international group of lawyers, judges and professors at a symposium in London sponsored by the London Law Society. He is schedule to speak on class action issues in 2022 at two different symposiums in Amsterdam, and two seminars on privacy and cyber security issues in the United States .

While at the University of Florida Mr. Yanchunis was a member of Florida Blue Key and Omicron Delta Kappa.  He received his Juris Doctor degree from the South Texas College of Law in 1980, where he graduated magna cum laude.  During law school, Mr. Yanchunis was a member of the Order of the Lytae, Associate Editor-in-Chief and Technical Editor of the South Texas Law Journal.

***Michael F. Ram.*** Mr. Ram is a consumer class action lawyer with 40 years of experience. He graduated cum laude from Harvard Law School in 1982.  He has co-tried several class action trials and frequently lectures on class trials.  In 1992 he was a co-recipient of the Trial Lawyer of the Year Award given by Trial Lawyers for Public Justice for *National Association of Radiation Survivors v. Walters* No. 83-c-1861 (N.D. Cal.) (tried to class-wide judgment on remand from Supreme Court).

From 1993 through 1997, Mr. Ram was a partner with Lieff, Cabraser, Heimann and Bernstein where he represented plaintiffs in several major class actions, including: *Cox v. Shell*, Civ. No 18,844 (Obion County Chancery Court, Tenn.) national class of six million owners of property with defective polybutylene plumbing systems; *In re Louisiana-Pacific Inner-Seal Litigation*, No. 95-cv-879 (D. Oregon) (co-lead counsel) national class of homeowners with defective siding; *ABS Pipe Litigation,* Cal. Judicial Council Coordination Proceeding No. 3126 (Contra Costa County) national class of homeowners.

In 1997, Mr. Ram founded Levy, Ram & Olson which became Ram & Olson and then Ram, Olson, Cereghino & Kopczynski.  He was co-lead counsel in many consumer class actions including a national class of half a million owners of dangerous glass pane gas fireplaces in *Keilholtz et al. v. Superior Fireplace Company*, No. 08-cv-00836 (N.D. Cal. 2008). He was co-lead counsel for plaintiffs in *Chamberlan v. Ford Motor Company,* No. 03-cv-2628 (N.D. Cal.), a

class action involving defective intake manifolds that generated four published opinions, including one by the Ninth Circuit, 402 F.3d at 950, and settled one court day before the class trial.  He was also co-counsel for plaintiffs in a number of other consumer class actions, including: *In re General Motors Corp. Product Liability Lit.* MDL. No. 1896 (W.D. Wash.) (defective speedometers); *Richison v. American Cemwood Corp.,* San Joaquin Superior Court Case No. 005532 defective Cemwood Shakes); *Williams v. Weyerhaeuser,* San Francisco Superior Court Case No. 995787 (defective hardboard siding); *Naef v. Masonite,* Mobile County, Alabama Circuit Court Case No. CV-94-4033 (defective hardboard siding on their homes); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (approving class action settlement);  *McAdams v. Monier, Inc.* (2010) 182 Cal. App. 4th 174 (reversing denial of class certification in consumer class action involving roof tiles); *Gardner v. Stimson Lumber Co.* (King County Wash. No. 2-17633-3-SEA) (defective siding); *Rosenberg v. U-Haul* (Santa Cruz Superior Ct. No. CV-144045 (certified consumer class action for false and deceptive conduct; tried successfully to judgment); *In re Google Buzz User Privacy Litigation*, No. 10-cv-00672-JW (N.D. Cal. 2011) (international class action settlement for false and deceptive conduct); *Whitaker v. Health Net of California, Inc.*, *and International Business Machines Corp*, No. 2:11-cv-0910 KJM DAD (E.D. Cal.) (electronic privacy class action under the California Confidentiality of Medical Information Act); and *In re Kitec Plumbing System Products Liab. Litigation MDL No 2098*, N.D. Texas, No. 09-MD-2098 (MDL class action involving claims concerning defective plumbing systems).

From 2017 to 2020, Mr. Ram was a partner at Robins Kaplan LLP.  In August, 2020, Mr. Ram joined Morgan & Morgan to open a San Francisco office for them.  He is currently co-lead counsel in numerous consumer class actions, including *Gold v. Lumber Liquidators,* N.D. Cal. No. 14-cv-05373-RS, a certified multistate class action involving bamboo floors, and *Fowler v. Wells Fargo,* N.D. Cal. No. 3:17-cv-02092-HSG, a class action involving interest charges that settled for $30 million. He is currently serving on the Plaintiffs' Steering Committee *In re Philips Recalled CPAP, Bi-Level Pap, And Mechanical Ventilator Products Litigation,* MDL No. 3014, where he is co-chair of the Law and Briefing Committee.  In addition, Mr. Ram is also currently serving on the Plaintiffs' Expert Discovery Committee *In re Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation, MDL No. 3052.*

***Jean Sutton Martin.*** Ms. Martin presently serves by appointment as interim co-lead counsel in *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.)($68 million settlement for 15 million class members), *Combs, et al. v. Warner Music Group*, Case No. 1:20-cv-07473-PGG (S.D.N.Y.), *In Re: Ambry Genetics Data Breach Litigation*, No. 20-cv-00791 (C.D. Cal.), and *Johnson, et al. v. Yuma Regional Medical Center*, 2:22-cv-01061-SMB (D. Ariz.). She also serves as a member of the Plaintiffs' Steering Committee for the cases proceeding against LabCorp, Inc. in *In re: American Medical Collection Agency Data Breach Litigation*, 19-md-2904 (D. N.J.). She is a member of the Plaintiffs' Steering Committee in *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*, No. 17-

md-2775 (D. Md.) and *In re: Allergan Biocell Textured Breast Implant Products Liability Litigation,* No. 19-md-2921 (D. N.J.).

In a case in which she serves as interim co-lead counsel, Ms. Martin argued a motion for class certification which resulted in the first order in the country granting Rule 23(b)(3) certification in a consumer payment card data breach. *In re Brinker Data Incident Litig.,* No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021).

She has served in leadership positions in many consumer class actions and consolidated proceedings in federal courts around the country, including *inter alia*: *Aguallo, et al. v. Kemper Corp., et al.,* Case No.: 1:21-cv-01883 (N.D. Ill.) (data breach settlement valued at over $17.5 million) (co-lead counsel); *Gordon, et al. v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415 (D. Colo.) (data breach) (co-lead counsel); *Linnins v. HAECO Americas, Inc., et al.*, No. 16-cv-486 (M.D.N.C.) (employee data disclosure) (co-lead counsel); *Torres v. Wendy's International, LLC*, No. 6:16- cv-210 (M.D. Fla.) (data breach) (class counsel); *Fuentes, et al. v. UniRush, LLC, et al.,* No. 1:15- cv-08372 (S.D.N.Y.) (disruption in servicing of financial accounts) (co-lead counsel); *Lewis, et al., v. Green Dot Corp., et al*., No. 2:16-cv-03557 (C.D. Cal.) (disruption in servicing of financial accounts) (class counsel); *Brady, et al. v. Due North Holdings, LLC, et al.*, No. 1:17-cv-01313 (S.D. Ind.) (employee data disclosure) (class counsel); *Foreman v. Solera Holdings, Inc.*, No. 6:17-cv-02002 (M.D. Fla.) (employee data disclosure) (class counsel); *In Re: Outer Banks Power Outage Litigation*, No. 4:17-cv-141 (E.D.N.C.) (extended island power outage due to defective construction practices) (class counsel); and, *McCoy v. North State Aviation, LLC, et al.*, No. 17- cv-346 (M.D.N.C.) (WARN Act violations) (class counsel).

In addition to consumer class actions, Ms. Martin has practiced in the areas of mass tort and catastrophic personal injury litigation. Prior to joining Morgan and Morgan, Ms. Martin ran her own law firm concentrating in consumer class actions and mass tort litigation. She also has served as an adjunct professor at Wake Forest University School of Law.

Ms. Martin received her Juris Doctor degree from Wake Forest University School of Law in 1998, where she served as Editor-in-Chief of the *Wake Forest Law Review*. She obtained eDiscovery certification from the eDiscovery Training Academy at Georgetown Law Center in 2017. Ms. Martin graduated from Wake Forest University with a Bachelor of Science in Mathematical Economics in 1989. She earned a Master of International Business from the University of South Carolina in 1991.

Ms. Martin has been honored with the prestigious "AV" rating by Martindale-Hubbell. In 2016, Ms. Martin was selected by her peers as the foremost Litigation attorney in the State of North Carolina for *Business North Carolina Magazine's Legal Elite*, gaining

membership in the *Legal Elite* Hall of Fame. In 2015, she was inducted as a Fellow of the Litigation Counsel of America, a prestigious trial lawyer honorary society comprised of less than one-half of one percent of American lawyers. Fellows are selected based upon excellence and accomplishment in litigation, both at the trial and appellate levels, and superior ethical reputation. For upholding the highest principles of the legal profession and for outstanding dedication to the welfare of others, Ms. Martin has also been selected as a Fellow of the American Bar Foundation, an honorary legal organization whose membership is limited to one third of one percent of lawyers in each state. Since 2012, she has been selected to the Super Lawyers list for North Carolina in the areas of mass torts and class actions, with repeated selection to the Top 50 Women North Carolina.

Before entering law school, Ms. Martin worked with the sales finance team of Digital Equipment Company in Munich, Germany developing sales forecasts and pricing models for the company's expansion into the Eastern European market after the fall of the Berlin wall. She also worked as a practice management consultant for a physician consulting group and as a marketing manager for an international candy manufacturer where her responsibilities included product development, brand licensing, market research, and sales analysis.

Ms. Martin has been a presenter on a variety of topics related to class actions including: *Fantasy Gaming Webinar: FanDuel and DraftKings Litigation*, AAJ (December 2015); *Thinking Outside the Black Box: Drug Cases in the Class Context*, Mass Torts Made Perfect (October 2019); *Mass Torts and MDLs*, Western Alliance Class Action Forum (March 2020); *Consumer Class Actions*, Western Alliance Class Action Forum (March 2022); *How to Maximize Efficiency in Document Production and Review*, Mass Torts Made Perfect (April 2022).

Ms. Martin is a member of the North Carolina bar, having been admitted in 1998. She is also admitted to practice before the United States Supreme Court, the United States Court of Federal Claims, the United States Court of Appeals for the Fourth Circuit, the Western, Middle, and Eastern Districts of North Carolina, and the United States District Court of Colorado.

**Marcio Valladares.** Mr. Valladares was born in Managua, Nicaragua and immigrated to the United States during Nicaragua's civil war. In 1990, Marcio obtained a Bachelor of Science degree in psychology from the University of Florida. In 1993, he obtained his Juris Doctor degree, *magna cum laude*, from Florida State University. He is pursuing a Masters in Law (LL.M.) degree from Columbia University, focusing on federal and comparative law.

Before joining Morgan & Morgan, Marcio worked in both the public and private sectors. He served as a judicial law clerk to the Honorable Steven D. Merryday, United States District Judge, Middle District of Florida, and then served as a judicial law clerk to the Honorable Susan

- 7 -

H. Black, United States Circuit Court Judge, Court of Appeals for the Eleventh Circuit. Marcio served as an Assistant United States Attorney for the Middle District of Florida. In the private sector, Marcio practiced commercial litigation and insurance defense at Holland & Knight LLP. Marcio also worked as in-house counsel for the Mayo Clinic. Marcio is fluent in English and Spanish.

*Marie Noel Appel.* Ms. Appel has dedicated her career to representing consumers, primarily in class action cases, involving claims under consumer protection laws and other statutory and common law claims.

For the first fifteen years of her career, Ms. Appel litigated class claims on behalf of consumers, including actively participating in the following cases: *Lussier v. The Lucas Dealership Group*, No. CGC-95-391224 (San Mateo Super. Ct.) (unfair business practices suit for automobile repair overcharges resulting in confidential settlement after three weeks of trial in 1998); *Pang v. Jani King of Calif., Inc.*, No. CGC-98-396258 (San Mateo Super. Ct.) (class action unfair business practice suit alleging improper franchise practices settled in 1999 on appeal); *Capers v. Pac. Bell Internet Serv.*, No. CGC-01-318733 (San Francisco Sup. Ct.) (unfair business practice suit for improper DSL billing practices resulting in refunds of more than $1.6 million to 20,000 class members and distribution of more than $40,000 to charitable organizations in 2004); *Clark v. Santa Barbara Bank & Trust*, No. CGC-04-427959 (San Francisco Super. Ct.) (unfair business practices for improper debt collection practices resulting in refunds of more than $2 million and distribution of more than $200,000 in cy pres relief in 2007); *Dubray v. City of Dublin*, No. 2002057128 (Alameda County Super. Ct.) (class action against the City of Dublin for illegal governmental cost collection practices); *Donovan v. RRL Corp.*, 26 Cal. 4th 261 (2001) (one of amicus counsel for National Association of Consumer Advocates regarding whether automobile price advertisement was a contract offer); *Buick v. World Sav. Bank*, No 2:07-CV-01447 (E.D. Cal.) (individual Truth in Lending action regarding home equity loan which settled in 2011); and *Briggs v United States*, No. CV-07-5760 WHA (N.D. Cal.) (statutory violations resulting in $7.4 million settlement in 2009 on behalf of a nationwide class of veterans whose tax refunds and benefits the government withheld to recover time-barred debts to the Army & Air Force Exchange Service).

From 2012 to 2019, Ms. Appel left private practice to become the Supervising Attorney of the Consumer Project and the Medical-Legal Project at the Justice & Diversity Center of the Bar Association of San Francisco which provides free legal services to low-income persons. In that position, Ms. Appel trained and supervised volunteer attorneys assisting clients facing debt collection lawsuits, and provided a range of direct legal services to clients, primarily patients at low-income medical clinics, as well as collaborating with, and training, medical interns, residents, nurses, and staff regarding legal issues impacting patient health outcomes. Ms. Appel also presented on topics relating to providing pro bono services to consumers, including, *Disaster-Related Consumer Issues Including Consumer Protection Laws and Debtors' Rights and Responsibilities, Providing Legal Assistance in Aftermath of Disaster*, Practising Law Institute (September 2015); *Successful Pro Bono Based Projects to Assist Self-Represented Litigants: Partnering with Bar Associations, Small & Solo Practitioners, New Attorneys, Law Schools, and Courts*, Self-Represented Litigation Network Conference (February 2017);

*Successful Pro-Bono Based Projects to Assist Self-Represented Litigants*, Self-Represented Litigation Network Conference (February 2018), and *Helping Clients Facing Collection Actions For Covid-19 Rental Debt*, Tenants Together, Tenant Lawyer Network (January 2022).

In April 2019, Ms. Appel returned to private practice as Counsel at Robins Kaplan, LLP, then joined Morgan & Morgan in August 2020 where she again focuses on class action consumer litigation including the following litigations:  *Gold v. Lumber Liquidators*, No. 14-cv-05373-RS (N.D. Cal.) (settlement approval and distribution of a certified multistate class action involving bamboo floors); *In Re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Prod. Litig.*, MDL No. 3014 (Medical Monitoring Working Group); and *Weston v. Subaru of America, Inc.*, No. 1:20-cv-05876-CPO-SAK  (D.N.J.) (informal Plaintiffs' Steering Committee).

In additional to her legal practice, Ms. Appel also has served as an Adjunct Professor at Golden Gate University School of Law in San Francisco where she has taught legal research and writing, and taught and supervised students at the Consumer Rights Clinic, in which students performed legal work at the Justice & Diversity Center's Consumer Debt Defense and Education Clinics.

Ms. Appel has a long history of pro bono involvement and currently is a regular volunteer at the Community Legal Assistance Saturday Program, a monthly free legal clinic sponsored by the Alameda County Bar Association.  From 1997 to 2012, Ms. Appel provided pro bono representation for numerous low-income consumers facing debt collection lawsuits, and volunteered regularly at free legal clinics through the Justice & Diversity Center  in San Francisco which, on multiple years, designated her as one of the Outstanding Volunteers in Public Service.

Ms. Appel earned a B.A. in French from San Francisco State University in 1992, and a Juris Doctor from University of San Francisco School of Law in 1996 where she was an Associate Literary Editor of the *USF Maritime Law Journal*.

Ms. Appel is admitted to the State Bar of California and to United States District Courts in the Central District of California, the Eastern District of California, the Northern District of California, the Southern District of California, the Northern District of Illinois, the Western District of Michigan, and the Ninth Circuit Court of Appeals.

***Kenya Reddy.*** Ms. Reddy represents consumers in class action litigation. She graduated from Duke University in 1997 with a degree in political science. In 2000, she received her law degree from the University of Virginia School of Law.  Prior to joining Morgan & Morgan, Ms. Reddy was a shareholder at Carlton Fields, P.A., where her primary areas of practice were antitrust, complex civil litigation, class action defense, and business litigation. She also has experience in including labor and employment, products litigation, ERISA and employee benefits law, insurance, healthcare, and securities litigation.

Ms. Reddy has served as a law clerk for the Honorable Charles R. Wilson, United States

Circuit Court Judge, Court of Appeals for the Eleventh Circuit, the Honorable Anne C. Conway, former Chief Judge of the United States District Court for the Middle District of Florida, the Honorable Mary S. Scriven, United States District Judge, Middle District of Florida, and the Honorable Karla R. Spaulding, United States Magistrate Judge, Middle District of Florida.

Ms. Reddy was a guest speaker in January 2019 at HarrisMartin's Marriott Data Breach Litigation Conference on the topic of standing in data breach cases. In October 2019, she presented on the topic of third-party litigation funding at the Mass Torts Made Perfect Conference.

Ms. Reddy is admitted to practice in the Northern, Middle, and Southern Districts of Florida.

***Ryan J. McGee***. Mr. McGee was born and raised in Tampa, Florida. He studied business economics and history at the University of Florida, where he was a teaching assistant for technology classes in the business school, and received his law degree from Stetson University College of Law, where he was an editor on the *Stetson Law Review*, a research assistant for antitrust and consumer protection laws, and a teaching assistant for Stetson's trial advocacy program.

Ryan began his legal career as a state-appointed prosecutor, where he tried over 50 jury trials to verdict, mostly felonies, as well as a special prosecutor appointed to investigate police officers' deadly use-of-force and corruption within various law enforcement agencies. Ryan also served as a law clerk for two years for the Honorable Elizabeth A. Kovachevich, the former Chief United States District Judge, Middle District of Florida. Before joining Morgan & Morgan, Ryan's practice involved complex business disputes, antitrust, trade secret, data security, and class action investigations and defense-side litigation in state and federal courts across the country.

Since shifting his focus entirely to consumer class action representation, Ryan has been selected as a Florida Super Lawyer Rising Star in 2018 and 2019 in the field of Class Actions, and has extensive privacy and consumer fraud class action experience, having actively participated in the following litigations: *Brown v. Google LLC*, No. 4:20-cv-03664-YGR (N.D. Cal.); *Rodriguez v. Google LLC*, No. 3:20-cv-4688-RS (N.D. Cal.); *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.); *In re: Capital One Consumer Data Security Breach Litigation,* No. 1:19-MD-2915-AJT (E.D. Va.); *Schmidt, et al., v. Facebook, Inc.,* No. 3:18-cv-05982 (N.D. Cal.); *In re Google Plus Profile Litigation*, No. 5:18-cv-06164 EJD (N.D. Cal.); *Kuss v. American HomePatient, Inc., et al.*, No. 8:18-cv-02348 (M.D. Fla.); *In re Equifax, Inc. Customer Data Sec. Breach Litigation*, No. 1:17-md-02800 (N.D. Ga.); *Morrow v. Quest Diagnostics, Inc.*, No. 2:17-cv-0948(CCC)(JBC) (D.N.J.); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK (N.D. Cal.); *In re: U.S. Office of Personnel Management Data Security Breach Litigation*, 1:15-mc-01394-ABJ (D.C.);

- 10

Ryan was admitted to the Florida Bar in 2009 and is also admitted to practice in the Northern, Middle, and Southern Districts of Florida.

**Patrick Barthle.**  Mr. Barthle was born and raised in Dade City, Florida. He attended the University of Florida where he was admitted to the Honors Program and graduated, *cum laude*, with a double major in History and Criminology in 2009. While at UF, Patrick was inducted into the Phi Beta Kappa Honor Society and served as President of the Catholic Student Center. Patrick attended Washington and Lee University School of Law, graduating *summa cum laude* in 2012; where he was a Lead Articles Editor for the Wash. & Lee Law Review, a member of the Order of the Coif and the Phi Delta Phi Legal Honor Society, and President of the W&L Law Families organization.

Before joining Morgan & Morgan in 2015, Patrick worked at one of the country's largest law firms, Greenberg Traurig, LLP, and then served as a judicial law clerk for two years to the Honorable Mary S. Scriven, United States District Judge, Middle District of Florida.  Patrick has extensive privacy and consumer fraud class action experiencing, having actively participated in the following litigations:  *In re: Capital One Consumer Data Security Breach Litigation,* No. 1:19-MD-2915-AJT (E.D. Va.); *In re: U.S. Office of Personnel Management Data Security Breach Litigation*, 1:15-mc-01394-ABJ (D.C.); *Torres v. Wendy's International, LLC*, No. 6:16-cv-210 (M.D. Fla.); *Morrow v. Quest Diagnostics, Inc.*, No. 2:17-cv-0948 (Dist. NJ); *In Re: Equifax, Inc. Customer Data Security Breach Litigation*, 1:17-md-2800-TWT (N.D. Ga.); *In re The Home Depot, Inc. Customer Data Security Data Breach Litigation*, No. 1:14-md-02583-TWT (N.D. Ga.); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-md-02752-LHK (N.D. Cal.); and *Finerman v. Marriott Ownership Resorts, Inc.*, Case No.: 3:14-cv-1154-J-32MCR (M.D. Fla.).

Patrick was selected as a Florida Super Lawyer Rising Star in 2019 in the field of Class Actions.  He is also active in speaking on privacy and class action topics, having spoken in June 2018, at the NetDiligence Cyber Risk Summit on the topic of Unauthorized Use of Personal Data; in November 2018 at the American Association for Justice's Advanced 30(b)(6) Seminar, on the topic of 30(b)(6) Depositions in in Data Breach Cases; and in January 2019 at HarrisMartin's Marriott Data Breach Litigation Conference on that topics of damage models and settlements in data breach cases; and Rule 23(c)(4) classes at the Mass Torts Made Perfect conference.

Mr. Barthle was admitted to the Florida Bar in 2012 and is also admitted to practice in the Middle District of Florida, the Southern District of Florida, and the District of Colorado.

**Francesca Kester.** Ms. Kester was born and raised in Scranton, Pennsylvania. She attended Marywood University, where she graduated with a major in English Literature, and The

Pennsylvania State University's Dickinson School of Law, where she received her Juris Doctor degree in 2017. While at Dickinson, Ms. Kester competed in the American Bar Association's National Appellate Advocacy Competition, where she was awarded the highest honor for her legal brief writing, and the Texas Young Lawyer's National Trial Competition, where she finished as a regional finalist. Ms. Kester also served as Executive Chair of the Dickinson Law Moot Court Board, Founder of the Dickinson Law partnership with Big Brothers Big Sisters, and Student Director of the Bethesda Mission Men's Shelter legal clinic. At graduation, she was honored with the D. Arthur Magaziner Human Services Award for outstanding academic achievement and service to others, the Joseph T. McDonald Memorial Scholarship for excellence in trial advocacy, and the peer-selected Lee Popp Award for her devotion to the legal field.

Ms. Kester interned as a judicial clerk to United States Magistrate Judge Martin C. Carlson while in law school. After graduation, she served for two years as a law clerk to the Honorable James M. Munley in the United States District Court for the Middle District of Pennsylvania. Ms. Kester is a member of the Lackawanna County Bar Association, the Pennsylvania Bar Association, the American Association for Justice, and Order of the Barristers. In 2018 and 2019, she served as the attorney advisor for her alma mater's high school mock trial team, coaching them to a first place finish in the state and ninth in the nation.

Ms. Kester is admitted to practice law in both Pennsylvania and Florida.

***Ra O. Amen.*** Mr. Amen was raised in both the California Bay Area and Massachusetts. In 2005, Ra graduated from Stanford University with a B.A. in Economics. After graduating, Ra worked as a Peace Corps volunteer in Morocco teaching English as a second language and business skills to local artisans. Before entering law school, Ra worked for several years in education and in business development for a mobile technology startup. In 2017, he obtained his Juris Doctor degree with Honors from Emory University School of Law. While at Emory Law, he was a Managing Editor of the Bankruptcy Developments Journal, interned at a consumer fraud law practice, and worked in-house with one of the globe's leading metals companies assisting in a diverse array of legal issues ranging from corporate restructuring to international tax and contract disputes. Before joining Morgan & Morgan in 2020, Mr. Amen worked at one of the nation's largest defense law firms in the nation where he specialized in representing clients in complex commercial, administrative, and ecclesiastical disputes.

Ra speaks both English and Spanish, and is an avid guitar player.

Ra was admitted to the Georgia Bar in 2017.

***David Reign.*** Mr. Reign is the former Assistant Special Agent in Charge of the Tampa FBI

- 12

Field office, with nearly 25 years of investigative experience. He has investigated and managed some of the FBI's most complex white-collar crime cases, with an emphasis on health care fraud, public corruption, and financial crimes. As Deputy Chief of the Enron Task Force, he led a team of investigators and analysts in the successful investigation and prosecution of several executives of the Enron Corporation. He received the Attorney General's Award for Exceptional Service for his work on the Enron matter.

Exhibit 2

Joint Declaration In Support of Plaintiffs' Unopposed Motion to Direct Class Notice
and Grant Preliminary Approval of Class Action Settlement

Turke & Strauss LLP

613 Williamson Street, Suite 201
Madison, Wisconsin 53703
P: 608.237.1775
F: 608.237.4423
www.turkestrauss.com

# Our Firm

Turke & Strauss is a law firm based in Madison, Wisconsin that focuses on complex civil and commercial litigation with an emphasis on consumer protection, data privacy, data breach, employment, wage and hour, business, and real estate matters. The attorneys of Turke & Strauss have extensive experience in complex litigation, including class actions. The attorneys of Turke & Strauss have prosecuted a variety of multi-million-dollar consumer fraud, product defect, privacy, and antitrust class actions and served as class counsel in cases at the federal level. The defendants in these cases have included companies such as Wells Fargo Bank, N.A., LG Electronics U.S.A., Inc., The Clorox Company, Best Buy, Monsanto Company, Kimpton Hotel & Restaurant Group, LLC, Stearns Lending, LLC, Fiat Chrysler Automobiles, and American Power & Gas.

# Our Cases

## CONSUMER PROTECTION

***Fowler, et al. v. Wells Fargo Bank, N.A.* (N.D. Cal.)**
Filed on behalf of consumers who were overcharged fees on FHA mortgages. The
case settled on a class-wide basis for $30,000,000 in 2018, and final approval was
granted in January 2019.

***Jones, et al. v. Monsanto Company* (W.D. Mo.)**
Filed on behalf of individuals who purchased mislabeled RoundUp® products. The
case settled on a class-wide basis in 2020 for $39,550,000. Final approval was
granted in May 2021 and the case is currently on appeal to the United States
Court of Appeals for the Eight Circuit.

***Crawford, et al. v. FCA US LLC* (E.D. Mich.)**
Filed on behalf of consumers who purchased or leased Dodge Ram 1500 and
1500 Classic vehicles equipped with 3.0L EcoDiesel engines between 2013 and
2019. Plaintiffs allege unfair, deceptive, and fraudulent practices in the
Defendants' marketing and sale of vehicles with allegedly defective EGR coolers.
This case is currently pending in the United States District Court for the Eastern
District of Michigan.

***In re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products
Liability Litigation* (N.D. Cal.)**
Filed on behalf of consumers against Fiat Chrysler and Bosch alleging unfair,
deceptive, and fraudulent practices in the Defendants' marketing and sale of
certain EcoDiesel vehicles. The class contained over 100,000 vehicles, including
2014-2016 model-year Jeep Grand Cherokees and Dodge Ram 1500 trucks that
were allegedly outfitted with devices that masked actual emission levels. The
case settled on a class-wide basis for $307,500,000, and final approval was
granted in May 2019.

***Rolland, et al. v. Spark Energy, LLC* (D.N.J.)**
Filed on behalf of consumers who were forced to pay considerably more for their
electricity than they should otherwise have paid due to Spark Energy's deceptive
pricing practices. Plaintiff alleges that Spark Energy engages in a bait-and-switch
deceptive marketing scheme luring consumers to switch utility companies by
offering lower than local utility rates. These lower rates are fixed for only a limited
number of months and then switch to a variable market rate that is significantly

higher than the rates local utilities charge. The case settled on a class-wide basis for $11,000,000 in 2022, and final approval was granted in December 2022.

### *Haines v. Washington Trust Bank* **(Wash. Sup. Ct., King Cty.)**

Turke & Strauss represents consumers who were charged $35 overdraft fees by Washington Trust Bank on accounts that were never actually overdrawn. Plaintiff filed suit against Washington Trust Bank for the unfair and unlawful assessment of these overdraft fees. This case settled on a class-wide basis in 2021, and is final approval was granted in November 2021.

### *Pryor v. Eastern Bank* **(Mass. Sup. Ct., Suffolk Cty.)**

Turke & Strauss represents consumers who were charged $35 overdraft fees by Eastern Bank on accounts that were never actually overdrawn. Plaintiff filed suit against Eastern Bank for the unfair and unlawful assessment of these overdraft fees. This case settled on a class-wide basis in 2021, and final approval was granted in March 2021.

### *Benanav, et al. v. Healthy Paws Pet Insurance LLC* **(W.D. Wash.)**

Turke & Strauss represents consumers who were deceived by Healthy Paws Pet Insurance, an insurance provider that markets and administers pet insurance policies, regarding the true cost of its pet insurance policies. Plaintiffs allege that purchasers of Healthy Paws Pet Insurance's policies found that their policy premiums increased drastically from year to year, at a rate far outpacing the general costs of veterinary medicine, despite Healthy Paws Pet Insurance's representations to the contrary. This case is currently pending in the United States District Court for the Western District of Washington.

## DATA BREACH

### *Walters v. Kimpton Hotel & Restaurant Group, LLP* **(N.D. Cal.)**

Filed on behalf of consumers whose private information and personal identifiable information, including credit and debit card numbers, names, mailing addresses, and other personal information, was compromised and stolen from Kimpton Hotel & Restaurant Group by hackers. The case settled on a class-wide basis in 2018, and final approval was granted in July 2019.

### *Reetz v. Advocate Aurora Health, Inc.* **(Wis. Cir. Ct., Milwaukee Cty.)**

Filed on behalf of employees of Aurora Advocate Health, the 10th largest not-for-profit integrated health care system in the United States, whose personally identifiable information was breached and stolen through an email phishing campaign beginning in January 2020. Many of these individuals have lost time

and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in the Circuit Court of Wisconsin for the County of Milwaukee.

***Goetz v. Benefit Recovery Specialists, Inc.*** **(Wis. Cir. Ct., Walworth Cty.)**
Turke & Strauss represented a class of consumers whose personal health information was compromised and stolen from Benefit Recovery Specialists, Inc., a Houston-based billing and collections services firm that provides billing and collection services to healthcare providers across the country. Many of these consumers have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case settled on a class-wide basis in 2022 and final approval was granted in July 2022.

***In re BJC Healthcare Data Breach Litigation*** **(Mo. Cir. Ct., St. Louis Cty.)**
Turke & Strauss represented a class of consumers whose personal health information was compromised and stolen from BJC Healthcare, a major regional health system. Many of these consumers lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case settled on a class-wide basis in 2021 and final approval was granted in September 2022.

***Daum, et al. v. K & B Surgical Center, LLC*** **(Cal. Sup. Ct., Los Angeles Cty.)**
Turke & Strauss represents a class of consumers whose personal health information and protected health information was compromised and stolen from K & B Surgical Center. Many of these consumers have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. The case settled on a class-wide basis in 2022 and preliminary approval is pending the Superior Court of California for the County of Los Angeles.

***In re: Netgain Technology, LLC, Consumer Data Breach Litigation*** **(D. Minn.)**
Filed on behalf of consumers whose personal identifiable information and protected health information was breached and stolen from Netgain Technology, LLC beginning in September 2020. Turke & Strauss partner, Raina Borrelli, serves as a member of the Executive Committee in this multidistrict litigation. Many of the individuals impacted by the breach have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in The United States District Court for the District of Minnesota.

***Dusterhoff, et al. v. OneTouchPoint Corp.* (E.D. Wisc.)**

Filed on behalf of 2.6 million consumers whose personal identifiable information and protected health information was breached and stolen from OneTouchPoint Corp., a mailing and printing services vendor, beginning in April 2022. Turke & Strauss partner, Raina Borrelli, serves as a member of the Plaintiffs' Steering Committee in this litigation. Many of the individuals impacted by the breach have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in The United States District Court for the Eastern District of Wisconsin.

***In re Lincare Holdings Inc. Data Breach Litigation* (M.D. Fla.)**

Filed on behalf of consumers whose personal identifiable information and protected health information was breached and stolen from Lincare Holdings Inc., a medical products and services provider, beginning in September 2021. Turke & Strauss partner, Raina Borrelli, serves as co-lead counsel for plaintiffs and the class in this multidistrict litigation. Many of the individuals impacted by the breach have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in The United States District Court for the Middle District of Florida.

***Forslund, et al. v. R.R. Donnelley & Sons Company* (N.D. Ill.)**

Filed on behalf of consumers whose personal identifiable information was breached and stolen from R.R. Donnelley & Sons Company, a Fortune 500 marketing, packaging, and printing company, beginning in November 2021. Turke & Strauss partner, Raina Borrelli, serves as co-lead counsel for plaintiffs and the class in this litigation. Many of the individuals impacted by the breach have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in The United States District Court for the Northern District of Illinois.

## DATA PRIVACY

***Patterson v. Respondus, Inc., et al.* (N.D. Ill.)**

Filed on behalf of all persons who took an exam using Respondus' online exam proctoring software, Respondus Monitor, in the state of Illinois. Plaintiffs allege that Respondus collects, uses, and discloses students' biometric identifiers and biometric information in violation of Illinois' Biometric Information Privacy Act. This case is currently pending in the United States District Court for the Northern District of Illinois.

### Powell v. DePaul University (N.D. Ill.)

Turke & Strauss represents a class of DePaul University students located in the state of Illinois who were required to take exams using Respondus Monitor, which collects, uses, and discloses students' biometric identifiers and biometric information in violation of Illinois' Biometric Information Privacy Act. Plaintiff alleges that DePaul University collects students' biometric identifiers and biometric information without written consent and without legally compliant written public policies. This case is currently on appeal before the United States Court of Appeals for the Seventh Circuit.

### Fee v. Illinois Institute of Technology (N.D. Ill.)

Turke & Strauss represents a class of DePaul University students located in the state of Illinois who were required to take exams using Respondus Monitor, which collects, uses, and discloses students' biometric identifiers and biometric information in violation of Illinois' Biometric Information Privacy Act. Plaintiff alleges that DePaul University collects students' biometric identifiers and biometric information without written consent and without legally compliant written public policies. This case is currently pending in the United States District Court for the Northern District of Illinois.

### Harvey v. Resurrection University (N.D. Ill.)

Turke & Strauss represents a class of Resurrection University students located in the state of Illinois who were required to take exams using Respondus Monitor, which collects, uses, and discloses students' biometric identifiers and biometric information in violation of Illinois' Biometric Information Privacy Act. Plaintiff alleges that Resurrection University collects students' biometric identifiers and biometric information without written consent and without legally compliant written public policies. This case is currently pending in the United States District Court for the Northern District of Illinois.

## RIGHT OF PUBLICITY

### Abraham, et al. v. PeopleConnect, Inc., et al. (N.D. California)

Filed on behalf of California residents against PeopleConnect alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that PeopleConnect violates these legal rights by using California residents' names and childhood photographs in advertisements promoting paid subscriptions to its website, classmates.com. The case is pending in the United States District Court for the Northern District of California.

***Boshears, et al. v. PeopleConnect, Inc., et al.*** **(W.D. Wash.)**
Filed on behalf of Indiana residents against PeopleConnect alleging violations of
Indiana's Right of Publicity Statute and Indiana's common law prohibiting
misappropriation of a name or likeness. Plaintiffs allege that PeopleConnect
violates these legal rights by using Indiana residents' personalities, including their
names and childhood photographs, in advertisements promoting paid
subscriptions to its website, classmates.com. The case is currently on appeal
before the United States Court of Appeals for the Ninth Circuit.

***Loendorf v. PeopleConnect, Inc., et al.*** **(N.D. Ill.)**
***Mackey v. PeopleConnect, Inc., et al.*** **(N.D. Ill.)**
Both actions were filed on behalf of Illinois residents against PeopleConnect
alleging violations of Illinois' Right of Publicity Act and Illinois common law
prohibiting unjust enrichment. Plaintiffs allege that PeopleConnect violates these
legal rights by using Illinois residents' names, personas, and personal information
in advertisements promoting paid subscriptions to its website, classmates.com,
and unlawfully profiting from it. The cases are pending in the United States District
Court for the Northern District of Illinois.

***Sessa, et al. v. Ancestry.com Operations Inc., et al.*** **(D. Nev.)**
Filed on behalf of Nevada residents against Ancestry.com alleging violations of
Nevada's right to publicity statute, Nevada law prohibiting deceptive trade
practice, Nevada common law protection against Intrusion upon Seclusion, and
Nevada Unjust Enrichment law. Plaintiffs allege that Ancestry.com violates these
legal rights by knowingly misappropriating the photographs, likenesses, names,
and identities of Nevada residents for the commercial purpose of selling access
to and advertising them in Ancestry.com products and services without their prior
consent. The case is pending in the United States District Court for the District of
Nevada.

***Braundmeier v. Ancestry.com Operations, Inc., et al.*** **(N.D. Ill.)**
Filed on behalf of Illinois residents against Ancestry.com alleging violations of
Illinois' Right of Publicity Act and Illinois common law prohibiting unjust enrichment.
Plaintiffs allege that Ancestry.com violates these legal rights by knowingly
misappropriating the photographs, likenesses, names, and identities of Illinois
residents for the commercial purpose of selling access to and advertising them in
Ancestry.com products and services without their prior consent. The case is
pending in the United States District Court for the Northern District of Illinois.

***Spindler v. Seamless Contacts Inc.*** **(N.D. Cal.)**

Filed on behalf of California residents against Seamless Contacts Inc. alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that Seamless Contacts violates these legal rights by using California residents' names, likenesses, photographs, and personas in advertisements promoting paid subscriptions to its website, seamless.ai. The case is pending in the United States District Court for the Northern District of California.

***Martinez v. ZoomInfo Technologies Inc.*** **(W.D. Wash.)**

Filed on behalf of California residents against ZoomInfo Technologies Inc. alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that ZoomInfo Technologies violates these legal rights by using California residents' names and person information in advertisements promoting paid subscriptions to its website, zoominfo.com, as well as selling access to their names and personal information as part of its products. The case is currently on appeal before the United States Court of Appeals for the Ninth Circuit.

***Gbeintor v. DemandBase, Inc., et al.*** **(N.D. Cal.)**

Filed on behalf of California residents against DemandBase, Inc. and InsideView Technologies, Inc. alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that DemandBase and InsideView Technologies violate these legal rights by using California residents' names, likenesses, photographs, and personas in advertisements promoting paid subscriptions to its website, insideview.com, without their consent. The case is currently on appeal before the United States Court of Appeals for the Ninth Circuit.

***Kellman, et al. v. Spokeo, Inc.*** **(N.D. Cal.)**

Filed on behalf of California residents against Spokeo, Inc. alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that Spokeo violates these legal rights by using California residents' names, likenesses, photographs, and personas in advertisements promoting paid subscriptions to its website without their consent. The case is pending in the United States District Court for the Northern District of California.

# TELEPHONE CONSUMER PROTECTION ACT

### *Evans v. American Power & Gas, LLC, et al.* (S.D. Ohio)

Filed on behalf of consumers who received automated solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* The case settled on a class-wide basis for $6,000,000, and final approval was granted in May 2019.

### *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh* (D. Mass.)

Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* The case settled on a class-wide basis for $14,000,000 in 2020. Final approval was granted in October 2021 and the case is currently on appeal to the United States Court of Appeals for the First Circuit.

### *Baldwin, et al. v. Miracle-Ear, Inc., et al.* (D. Minn.)

Filed on behalf of consumers who received automated or prerecorded telemarketing telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* The case settled on a class-wide basis fir $8,000,000 in 2021 and final approval was granted in October 2022.

### *Goodell, et al. v. Van Tuyl Group*, LLC (D. Az.)

Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* This case is currently pending in the United States District Court for the District of Arizona.

### *Doup v. Van Tuyl Group*, LLC (N.D. Tex.)

Filed on behalf of consumers who received solicitation telephone calls on their cellular and residential telephones that were listed on the National Do-Not-Call Registry, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* This case is currently pending in the United States District Court for the Northern District of Texas.

**Dickson v. Direct Energy, LP, et al. (N.D. Ohio)**

Filed on behalf of consumers who received automated or prerecorded telemarketing telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This case is currently on appeal to the United States Court of Appeals for the Sixth Circuit.

**Learned, et al. v. McClatchy Company, LLC (E.D. Cal.)**

Filed on behalf of consumers who received solicitation telephone calls on their cellular and residential telephones that were listed on the National Do-Not-Call Registry and/or who requested Defendant stop calling them, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This case is currently pending in the United States District Court for the Eastern District of California.

**Rogers, et al. v. Assurance IQ, LLC, et al. (W.D. Wash.)**

Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones, some that were listed on the National Do-Not-Call Registry, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This case is currently pending in the United States District Court for the Western District of Washington.

# Our Professionals

## SAMUEL J. STRAUSS

Samuel J. Strauss is a founding member of Turke & Strauss LLP. Mr. Strauss concentrates his practice in class action litigation with an emphasis on consumer protection and privacy issues. Mr. Strauss has a national practice and appears in federal courts across the country. Over the course of his career, Mr. Strauss has represented plaintiffs in cases which have resulted in the recovery of hundreds of millions of dollars for consumers.

Mr. Strauss received his J.D. with honors from the University of Washington School of Law in 2013. Prior to forming Turke & Strauss in 2016, Mr. Strauss was an associate at Terrell Marshall Law Group in Seattle, Washington, where he successfully prosecuted complex class actions in federal and state courts.

Mr. Strauss is a member of bars of the states of Washington, Wisconsin, and Illinios and has been admitted to practice in the United States District Court for the Western District of Washington, United States District Court for the Eastern District of Washington, United States District Court for the Western District of Wisconsin, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Northern District of Illinois, the United States District Court for the Eastern District of Michigan, and the United States Court of Appeals for the Ninth Circuit.

In recent years, Mr. Strauss has been actively involved in a number of complex class action matters in state and federal courts including:

- *Daum, et al. v. K & B Surgical Center, LLC*, No. 21STCV41347 (Cal. Sup. Ct., Los Angeles Cty.)
- *Reetz v. Advocate Aurora Health, Inc.*, No. 20CV2361 (Wis. Cir. Ct., Branch 22, Milwaukee Cty.)
- *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.)
- *Joyner v. Behavioral Health Network, Inc.*, No. 2079CV00629 (Mass. Sup. Ct., Hampden Cty.)
- *In re BJC Healthcare Data Breach Litigation*, No. 2022-CC09492 (Mo. Cir. Ct., St. Louis City)
- *Baldwin, et al. v. National Western Life Insurance Company*, No. 2:21-cv-04066 (W.D. Mo.)

- *Pryor v. Eastern Bank*, No. 1984CV03467-BLS1 (Mass. Sup. Ct., Suffolk Cty.)
- *Murray v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 19-cv-12608 (D. Mass.)
- *Baldwin v. Miracle-Ear, Inc.*, No. 20-cv-01502 (D. Minn.)
- *Goodell v. Van Tuyl Group, LLC*, No. 20-cv-01657 (D. Az.)
- *Weister v. Vantage Point AI, LLC*, No. 21-cv-01250 (M.D. Fla.).
- *Lang v. Colonial Penn Life Insurance Company*, No. 21-cv-00165 (N.D. Fla.)
- *Mackey v. PeopleConnect, Inc.*, No. 1:22-cv-00342 (N.D. Ill.)
- *Sessa v. Ancestry.com Operations Inc., et al.*, No. 2:20-cv-02292 (D. Nev.)
- *Boshears v. PeopleConnect, Inc.*, No. 21-cv-01222 (W.D. Wash.)
- *Braundmeier v. Ancestry.com Operations, Inc.*, No. 1:20-cv-07390 (N.D. Ill.)
- *Martinez v. ZoomInfo Technologies Inc.*, No. 21-cv-05725 (W.D. Wash.)
- *Uhhariet v. MyLife.com, Inc.*, No. 21-cv-08229 (N.D. Cal.)
- *Kellman v. Spokeo, Inc.*, No. 21-cv-08976 (N.D. Cal.)
- *Patterson v. Respondus, Inc.*, No. 20-cv-07692 (N.D. Ill.)
- *Bridges v. Respondus, Inc.*, No. 21-cv-01785 (N.D. Ill.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (D. Minn.)
- *Crawford v. FCA US LLC*, No. 20-cv-12341 (E.D. Mich.)
- *Klaehn, et al. v. Cali Bamboo, LLC*, No. 19-cv-01498 (S.D. Cal.)
- *Jones v. Monsanto Company*, No. 19-cv-00102 (W.D. Mo.)
- *Dickson v. Direct Energy, LP, et al.*, No. 18-cv-00182 (N.D. Ohio)
- *Rolland v. Spark Energy, LLC*, Case. No. 17-cv-02680 (D.N.J.)
- *Evans v. American Power & Gas, LLC*, No. 17-cv-00515 (S.D. Ohio)
- *Fowler v. Wells Fargo Bank, N.A.*, No. 17-cv-02092 (N.D. Cal.)
- *Wilkins v. HSBC Bank Nevada, N.A., et al.*, No. 14-cv-00190 (N.D. Ill.)
- *Ott v. Mortgage Investors Corporation*, No. 14-cv-00645 (D. Or)
- *Booth v. AppStack, et al.*, No. 13-cv-01533 (W.D. Wash.)
- *Melito v. American Eagle Outfitters, Inc.*, No. 14-cv-02440-VEC (S.D.N.Y.)
- *Spencer v. FedEx Ground Package System, Inc.*, No. 14-2-30110-3 SEA (Wa. Sup. Ct., King Cty.)

# MARY C. TURKE

Mary C. Turke is a founding member of Turke & Strauss. Ms. Turke concentrates her practice in civil and commercial litigation. Ms. Turke regularly prosecutes consumer class actions, including those involving violations of the Illinois Biometric Information Privacy Act and the Telephone Consumer Protection Act. Mr. Turke has extensive experience representing parties in multi-national disputes in both state and federal courts throughout the United States.

Ms. Turke received her J.D. *cum laude* from the University of Wisconsin Law School, Order of the Coif, in 1996. Prior to forming Turke & Strauss in May 2016, Ms. Turke was the managing partner of the Madison, Wisconsin, office of Michel Best & Friedrich LLP, where she practiced civil litigation. Ms. Turke is an active member of the Wisconsin State Bar. Ms. Turke has repeatedly been named to the annual Wisconsin Super Lawyers list (2011-2021) by SuperLawyers Magazine as well as The Best Lawyers in America® list (2013-2020) by Woodward/White, Inc. In 2017, shortly after forming Turke & Strauss, Ms. Turke received the Legal Innovator Award from the Wisconsin State Bar.

Ms. Turke is a member of the Wisconsin State Bar and has been admitted to practice in the United States District Court for the Western District of Wisconsin, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Northern District of Illinois, the United States District Court for the District of Colorado, and the United States Court of Appeals for the Seventh Circuit.

In recent years, Ms. Turke has been substantially involved in a number of complex class action matters in state and federal courts including:

- *Patterson v. Respondus, Inc.*, No. 1:20-cv-07692 (N.D. Ill.)
- *Reetz v. Advocate Aurora Health, Inc.*, No. 20CV2361 (Wis. Cir. Ct., Branch 22, Milwaukee Cty.)
- *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.)
- *Murray v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 1:19-cv-12608 (D. Mass.)
- *Goodell, et al. v. Van Tuyl Group*, LLC, No. 2:20-cv-01657 (D. Az.)
- *Doe v. Northwestern University*, No. 1:21-cv-01579 (N.D. Ill.)
- *Duerr v. Bradley University*, No. 1:21-cv-01096-SLD-JEH (C.D. Ill.)
- *Bridges v. Respondus, Inc.*, No. 1:21-cv-01785 (N.D. Ill.)

- *Powell v. DePaul University*, No. 1:21-cv-03001 (N.D. Ill.)
- *Doe v. Chamberlain University*, No. 2021CH01183 (Il. Cir. Ct., Cook Cty.)
- *Fee v. Illinois Institute of Technology*, No. 1:21-cv-02512 (N.D. Ill.)
- *Harvey v. Resurrection University*, No. 1:21-cv-03203 (N.D. Ill.)

# RAINA C. BORRELLI

Raina C. Borrelli is a partner at Turke & Strauss whose practice focuses on complex class action litigation, including data privacy, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country. Ms. Borrelli has served as lead, co-lead, and class counsel in numerous national class actions, including multi-district litigation. Additionally, Ms. Borrelli has substantial experience leading discovery teams in these complex class action matters, as well as in working with class damages experts and class damages models in consumer protection cases.

Ms. Borrelli received her J.D. *magna cum laude* from the University of Minnesota Law School in 2011. Prior to joining Turke & Strauss, Ms. Borrelli was a partner at Gustafson Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of *pro se* litigants though the *Pro Se* Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services.

Ms. Borrelli is a member of the Minnesota State Bar Association and has been admitted to practice in the United States District Court for the District of Minnesota, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Eastern District of Michigan, the United States District Court for the Northern District of Illinois, and the United States Court of Appeals for the Tenth Circuit.

In recent years, Ms. Borrelli has been appointed to leadership positions in a number of data privacy cases, including *In re Netgain Technology, LLC Consumer Data Breach Litigation*, No. 21-cv-01210 (D. Minn.) (Executive Committee member); *Dusterhoff, et al. v. OneTouchPoint Corp.*, No. 2:22-cv-00882 (E.D. Wisc.) (Plaintiffs' Steering Committee member); *In re Lincare Holdings Inc. Data Breach Litigation*, No. 8:22-cv-01472 (M.D. Fl.) (co-lead counsel); *Forslund v. R.R. Donnelley & Sons Company*, No. 1:22-cv-04260 (N.D. Ill.) (co-lead counsel); and *Medina v. PracticeMax Incorporated*, No. 2:22-cv-0126 (D. Az.) (Executive Leadership Committee member). Ms. Borrelli has been substantially involved in a number of

complex class action matters in state and federal courts including:

- *Daum, et al. v. K & B Surgical Center, LLC*, No. 21STCV41347 (Cal. Sup. Ct., Los Angeles Cty.)
- *Grogan v. McGrath RentCorp*, No. 3:22-cv-00490 (N.D. Cal.)
- *Benedetto, et al. v Southeastern Pennsylvania Transportation Authority*, No. 210201425 (C.C.P. Phila.)
- *Reetz v. Advocate Aurora Health, Inc.*, No. 20CV2361 (Wis. Cir. Ct., Branch 22, Milwaukee Cty.)
- *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.)
- *Reese v. Teen Challenge Training Center, Inc.*, No. 00093 (C.C.P. Phila.)
- *Lhota v. Michigan Avenue Immediate Care, S.C.*, No. 2022CH06616 (Ill. Cir. Ct., Cook Cty.)
- *Johnson, et al. v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Az.)
- *Baldwin v. Miracle-Ear, Inc.*, No. 20-cv-01502 (D. Minn.)
- *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 1:19-cv-12608 (D. Mass.)
- *Goodell v. Van Tuyl Group, LLC*, No. 20-cv-01657 (D. Az.)
- *Learned, et al. v. McClatchy Company LLC*, No. 2:21-cv-01960 (E.D. Cal.)
- *Lang v. Colonial Penn Life Insurance Company*, No. 21-cv-00165 (N.D. Fla.)
- *Martinez v. ZoomInfo Technologies Inc.*, No. 21-cv-05725 (W.D. Wash.)
- *Abraham, et al. v. PeopleConnect, Inc.*, No. 3:20-cv-09203 (N.D. Cal.)
- *Boshears v. PeopleConnect, Inc.*, No. 21-cv-01222 (W.D. Wash.)
- *Mackey v. PeopleConnect, Inc.*, No. 1:22-cv-00342 (N.D. Ill.)
- *Sessa v. Ancestry.com Operations Inc., et al.*, No. 2:20-cv-02292 (D. Nev.)
- *Braundmeier v. Ancestry.com Operations, Inc.*, No. 1:20-cv-07390 (N.D. Ill.)
- *DeBose v. Dun & Bradstreet Holdings, Inc.*, No. 2:22-cv-00209 (D.N.J.)
- *Gbeintor, et al. v. DemandBase, Inc., et al.*, No. 3:21-cv-09470 (N.D. Cal.)
- *Spindler v. Seamless Contacts Inc.*, No. 4:22-cv-00787 (N.D. Cal.)
- *Kellman, et al. v. Spokeo, Inc.*, No. 3:21-cv-08976 (N.D. Cal.)
- *Brown v. Coty, Inc.*, No. 1:22-cv-02696 (S.D.N.Y.)
- *Benanav v. Healthy Paws Pet Insurance LLC*, No. 2:20-cv-00421 (W.D. Wash.)
- *Spindler, et al. v. General Motors LLC*, No. 3:21-cv-09311 (N.D. Cal.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (JRT/KMM) (D. Minn.)
- *Patterson v. Respondus, Inc.*, No. 1:20-cv-07692 (N.D. Ill.)
- *Powell v. DePaul University*, No. 1:21-cv-03001 (N.D. Ill.)
- *Fee v. Illinois Institute of Technology*, No. 1:21-cv-02512 (N.D. Ill.)
- *Harvey v. Resurrection University*, No. 1:21-cv-03203 (N.D. Ill.)
- *In re FCA Monostable Gearshifts Litig.*, No. 16-md-02744 (E.D. Mich.)

- *Zeiger v. WellPet LLC*, No. 17-cv-04056 (N.D. Cal.)
- *Wyoming v. Procter & Gamble*, No. 15-cv-2101 (D. Minn.)
- *In re Big Heart Pet Brands Litig.*, No. 18-cv-00861 (N.D. Cal.)
- *Sullivan v. Fluidmaster*, No. 14-cv-05696 (N.D. Ill.)
- *Rice v. Electrolux Home Prod., Inc.*, No. 15-cv-00371 (M.D. Pa.)
- *Gorczynski v. Electrolux Home Products, Inc.*, No. 18-cv-10661 (D.N.J.)
- *Reitman v. Champion Petfoods*, No. 18-cv-1736 (C.D. Cal.)
- *Reynolds, et al., v. FCA US, LLC*, No. 19-cv-11745 (E.D. Mich.).

# BRITTANY RESCH

Brittany Resch is an associate at Turke & Strauss. Ms. Resch's practice focuses on complex class action litigation, including antitrust litigation, data-breach, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country. Ms. Resch has substantial experience managing discovery in these complex class action matters.

Ms. Resch received her J.D. from the University of Minnesota Law School in 2015. Prior to joining Turke & Strauss, Ms. Resch was an associate at Gustafson Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Resch also clerked for the Honorable Richard H. Kyle, Senior United States District Judge for the District of Minnesota. Ms. Resch is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of *pro se* litigants though the *Pro Se* Project.

Ms. Resch is a member of the Minnesota State Bar Association and has been admitted to practice in the United States District Court for the District of Minnesota and the United States District Court for the Northern District of Illinois.

In recent years, Ms. Resch has been substantially involved in a number of complex class action matters in state and federal courts including:

- *Benedetto v. Southeastern Pennsylvania Transportation Authority*, No. 210201425 (C.C.P. Phila.)
- *In re Netgain Technology, LLC Consumer Data Breach Litigation*, No. 21-cv-01210 (D. Minn.)
- *Perkins v. WelldyneRx, LLC*, No. 8:22-cv-02051 (M.D. Fla.)
- *Forslund v. R.R. Donnelley & Sons Company*, No. 1:22-cv-04260 (N.D. Ill.)
- *Corra, et al. v. ACTS Retirement Services, Inc.*, No. 2:22-cv-02917 (E.D. Pa.)
- *Lamie, et al. v. LendingTree, LLC*, No. 3:22-cv-00307 (W.D.N.C)
- *In re Lincare Holdings Inc. Data Breach Litigation*, No. 8:22-cv-01472 (M.D. Fl.)
- *Benanav, et al. v. Healthy Paws Pet Insurance, LLC*, No. 2:20-cv-00421-RSM (W.D. Wash.)
- *Martinez v. ZoomInfo Technologies Inc.*, No. 21-cv-05725 (W.D. Wash.)
- *Abraham, et al. v. PeopleConnect, Inc.*, No. 3:20-cv-09203 (N.D. Cal.)
- *Boshears v. PeopleConnect, Inc.*, No. 21-cv-01222 (W.D. Wash.)
- *Mackey v. PeopleConnect, Inc.*, No. 1:22-cv-00342 (N.D. Ill.)

- *Sessa v. Ancestry.com Operations Inc., et al.*, No. 2:20-cv-02292 (D. Nev.)
- *Braundmeier v. Ancestry.com Operations, Inc.*, No. 1:20-cv-07390 (N.D. Ill.)
- *DeBose v. Dun & Bradstreet Holdings, Inc.*, No. 2:22-cv-00209 (D.N.J.)
- *Gbeintor, et al. v. DemandBase, Inc., et al.*, No. 3:21-cv-09470 (N.D. Cal.)
- *Spindler v. Seamless Contacts Inc.*, No. 4:22-cv-00787 (N.D. Cal.)
- *Kellman, et al. v. Spokeo, Inc.*, No. 3:21-cv-08976 (N.D. Cal.)
- *Kis v. Cognism Inc.*, No. 4:22-cv-05322 (N.D. Cal.)
- *Uhhariet v. MyLife.com, Inc.*, No. 21-cv-08229 (N.D. Cal.)
- *Brown v. Coty, Inc.*, No. 1:22-cv-02696 (S.D.N.Y.)
- *Emmrich v. General Motors LLC*, No. 21-cv-05990 (N.D. Ill.)
- *Spindler v. General Motors LLC*, No. 21-cv-09311 (N.D. Cal.)
- *Goodell v. Van Tuyl Group, LLC*, No. 20-cv-01657 (D. Az.)
- *Learned, et al. v. McClatchy Company LLC*, No. 2:21-cv-01960 (E.D. Cal.)
- *Clemens v. O'Neil Insurance Company, Inc.*, No. 21-cv-00678 (E.D. Mo.)
- *Patterson v. Respondus University, et al.*, No. 1:20-cv-07692 (N.D. Ill.)
- *Bridges v. Respondus University, et al.*, No. 1:21-cv-01785 (N.D. Ill.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (JRT/KMM) (D. Minn.)
- *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-08637 (N.D. Ill.)
- *In re Disposable Contact Lens Antitrust Litigation*, No. 15-md-02626 (M.D. Fla.)
- *In re Pork Antitrust Litigation*, No. 21-md-02998 (D. Minn.)
- *In re DPP Beef Litigation*,
- *In re Asacol Antitrust Litigation*, No. 15-cv-12730 (D. Mass.)
- *In re Automotive Parts Antitrust Litigation*, No. 12-md-02311 (E.D. Mich.)

## ALEX S. PHILLIPS

Alex Phillips is an associate at Turke & Strauss. Mr. Phillips concentrates his practice in complex class action litigation and commercial litigation. He has represented both plaintiffs and defendants in high stakes litigation. Mr. Phillips has successfully obtained trial verdicts on behalf of his clients as well as negotiated numerous high-value settlements.

Mr. Phillips received his J.D. from the University of Wisconsin School of Law in 2017 and has been an active member of the Wisconsin State Bar as well as the Dane, Jefferson, and Dodge County Bar Associations.

In recent years, Mr. Phillips has been involved in a number of complex class action matters in state and federal courts including:

- *Benedetto v. Southeastern Pennsylvania Transportation Authority*, No. 210201425 (C.C.P. Phila.)
- *Grogan v. McGrath RentCorp*, No. 3:22-cv-00490 (N.D. Cal.)
- *Koeller, et al. v. Numrich Gun Parts Corporation*, No. 1:22-cv-00675 (S.D.N.Y.)
- *Mayhood v. Wilkins Recreational Vehicles, Inc.*, No. E2022-0701 (N.Y. Sup. Ct., Steuben Cty.)
- *Perkins v. WelldyneRx, LLC*, No. 8:22-cv-02051 (M.D. Fla.)
- *Batis v. Dun & Bradstreet Holdings, Inc.*, No. 3:22-cv-09124 (N.D. Cal.)
- *Sessa v. Ancestry.com Operations Inc., et al.*, No. 2:20-cv-02292 (D. Nev.)
- *Ambramson v. First American Home Warranty Corporation*, No. 2:22-cv-01003 (W.D. Pa.)
- *DeVivo v. Sovereign Lending Group Incorporated*, No. 3:22-cv-05254 (W.D. Wash.)
- *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 1:19-cv-12608 (D. Mass.)
- *Spindler v. General Motors LLC*, No. 21-cv-09311 (N.D. Cal.)
- *Kellman v. Spokeo, Inc.*, No. 21-cv-08976 (N.D. Cal.)
- *Reetz v. Advocate Aurora Health, Inc.*, No. 20CV2361 (Wis. Cir. Ct., Branch 22, Milwaukee Cty.)
- *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (D. Minn.)
- *Dickson v. Direct Energy, LP, et al.*, No. 18-cv-00182 (N.D. Ohio)
- *Benanav. v. Healthy Paws Pet Insurance, LLC*, No. 20-cv-00421 (W.D. Wash.)
- *Klaehn, et al. v. Cali Bamboo, LLC, et al.*, No. 19-cv-01498 (S.D. Cal.)

## ZOG BEGOLLI

Zog Begolli is an associate at Turke & Strauss. Mr. Begolli concentrates his practice in complex class action litigation, with an emphasis on cases involving data privacy, the Telephone Consumer Protection Act, the Illinois Biometric Information Privacy Act, various states' consumer protection acts, and financial industry regulations.

Mr. Begolli received his J.D. from the University of Wisconsin School of Law in 2017 and is an active member of the Wisconsin State Bar. During law school, Mr. Begolli was a member of the University of Wisconsin Law and Entrepreneurship Clinic, which provides legal services to nascent entrepreneurs and early stage companies.

In recent years, Mr. Begolli has been actively involved in a number of complex class action matters in state and federal courts including:

- *Baldwin v. Miracle-Ear, Inc.*, No. 20-cv-01502 (JRT/HB) (D. Minn.)
- *Murray v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 19-cv-12608 (D. Mass.)
- *Learned, et al. v. McClatchy Company LLC*, No. 2:21-cv-01960 (E.D. Cal.)
- *Patterson v. Respondus, Inc.*, No. 1:20-cv-07692 (N.D. Ill.)
- *Grogan v. McGrath RentCorp*, No. 3:22-cv-00490 (N.D. Cal.)
- *In re Netgain Technology, LLC Consumer Data Breach Litigation*, No. 21-cv-01210 (D. Minn.)
- *Reetz v. Advocate Aurora Health, Inc.*, No. 20CV2361 (Wis. Cir. Ct., Branch 22, Milwaukee Cty.)
- *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.)
- *Reese v. Teen Challenge Training Center, Inc.*, No. 00093 (Philadelphia Ct. Common Pleas)
- *Abraham, et al. v. PeopleConnect, Inc.*, No. 3:20-cv-09203 (N.D. Cal.)
- *Loendorf v. PeopleConnect, Inc.*, No. 1:22-cv-00051 (N.D. Ill.)
- *Braundmeier v. Ancestry.com Operations, Inc.*, No. 1:20-cv-07390 (N.D. Ill.)
- *Crawford, et al. v. FCA US LLC*, No. 20-cv-12341 (E.D. Mich.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (D. Minn.)
- *Klaehn, et al. v. Cali Bamboo, LLC, et al.*, No. 19-cv-01498 (S.D. Cal.)
- *Fowler, et al. v. Wells Fargo Bank, N.A.*, No. 17-cv-02092 (N.D. Cal.)

Exhibit 3

Joint Declaration In Support of Plaintiffs' Unopposed Motion to Direct Class Notice
and Grant Preliminary Approval of Class Action Settlement



PROVIDING EXEMPLARY LEGAL SERVICES SINCE 1888

FIRM RESUME

Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm specializing in complex litigation in federal and state courts nationwide. The firm's practice includes litigation, both hourly and contingent, in securities, antitrust, wage & hour, consumer fraud, false marketing, ERISA, and general and commercial matters, whistleblower, false claim, trust & estate, corporate investigation, and white collar matters, and FINRA arbitration. The Firm has a particular specialty in complex class action and other representative litigation – including investor, shareholder, antitrust, ERISA, consumer, employee, and biotechnology matters – under both federal and state law.

Wolf Haldenstein's total practice approach distinguishes it from other firms. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

270 MADISON AVENUE
NEW YORK, NY 10016
Telephone: 212-545-4600
Telecopier: 212-686-0114
WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET, SUITE 1820
SAN DIEGO, CA 92101
Telephone: 619-239-4599
Telecopier: 619-234-4599

111 West Jackson
SUITE 1700
CHICAGO, IL 60604
Telephone: 312-984-0000
Telecopier: 312-214-3110



THE FIRM

Wolf Haldenstein has been recognized by state and federal courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, FLSA and state overtime and expense deductions, and antitrust class actions and shareholder rights litigation.

Among its colleagues in the plaintiffs' bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, and the exceptionally high quality of its written and oral advocacy.

The nature of the Firm's activities in both individual and representative litigation is extremely broad.  In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn and rice farmers in connection with the devaluation of their crops; canned tuna consumers for tuna companies' violations of antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, in particular public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations is particularly extensive.  The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

Its pioneering efforts in difficult or unusual areas of securities or investor protection laws include: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of adverse information regarding their fund's primary stockholdings; the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions; the early application of the fraud-on-the-market theory to claims against public accounting firms in connection with their audits of publicly traded corporations; and the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.



## Judicial Commendations

Wolf Haldenstein has repeatedly received favorable judicial recognition.  The following representative judicial comments over the past decade indicate the high regard in which the Firm is held:

- *In re Empire State Realty Trust, Inc. Investor Litig.*, No. 650607/2012  (Sup. Ct. N.Y. Co.) – On May 2, 2013, Justice O. Peter Sherwood praised the Firm in its role as chair of the committee of co-lead counsel as follows: "It is apparent to me, having presided over this case, that class counsel has performed in an excellent manner, and you have represented your clients quite well.  You should  be  complimented  for  that."    In  awarding  attorneys'  fees, the Court stated that the fee was "intended to reward class counsel handsomely for the very good result achieved for the Class, assumption of the high risk of Plaintiffs prevailing and the efficiency of effort that resulted in the settlement of the case at an early stage without protracted motion practice." May 17, 2013 slip. op. at 5 (citations omitted).

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) – On April 9, 2013, Justice Richard B. Lowe III praised the Firm's efforts as follows: "[W]hen you have challenging  cases,  the  one  thing  you  like  to  ask  for  is  that  the  legal representation on both sides rise to that level.  Because when you have lawyers who are professionals, who are confident, who are experienced, each of you know that each side has a job to do [. . . .]  I want to tell you that I am very satisfied with your performance and with your, quite frankly, tenacity on both sides.  And it took six years, but look at the history of the litigation. There were two appeals all of the way to the Court of Appeals [. . . .]  And then look at the results.  I mean, there are dissents in the Court of Appeals, so that shows you the complexity of the issues that were presented in this litigation [. . . .]  [I]t shows  you  effort  that  went  into  this  and  the  professionalism  that  was exhibited [. . . .]  So let me just again express my appreciation to both sides."

- *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.) – where the Firm was Lead Counsel, Judge Rosen, at the June 7, 2010 final approval  hearing,  praised  the  Firm  for  doing  "an  outstanding  job  of representing [its] clients," and further commented that "the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."



- *Klein, et al. v. Ryan Beck Holdings, Inc., et al.,* 06-cv-3460 (DAB) (S.D.N.Y. 2010) – where the Firm was Lead Counsel, Judge Deborah A. Batts described the Firm's successful establishment of a settlement fund as follows: "[a] miracle that there is a settlement fund at all."  Judge Batts continued*:* "As I said earlier, there is no question that the litigation is complex and of a large and, if you will, *pioneering magnitude ...*" (Emphasis added).

- *Parker Friedland v. Iridium World Communications, Ltd.,* 99-1002 (D.D.C.) – where the Firm was co-lead counsel, Judge Laughrey said (on October 16, 2008), "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work that we had in our chambers as a result of this case."

- *In re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.) – where the Firm was co-lead counsel, Judge Hamilton said (on August 15, 2007), "I think I can conclude on the basis with my five years with you all, watching this litigation progress and seeing it wind to a conclusion, that the results are exceptional.  The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action.  I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention.  You did an exceptionally good job at organizing and managing the case, assisting me in management of the case.  There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides."

- *In re Comdisco Sec. Litigation*, 01 C 2110 (N.D. Ill. July 14, 2005) – Judge Milton Shadur observed: "It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary.  And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize. . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation."

- *Good Morning to You Productions Corp. v. Warner/Chappell Music, Inc.*, No. CV 13-04460-GHK (MRWx) (C.D. Cal., Aug. 16, 2016) – Judge George H. King



stated: "Not all, or perhaps even most, plaintiffs' class counsel could have litigated this case as successfully as did class counsel against such a fierce and exceptionally accomplished opponent."

- *Bokelman et al. v. FCH Enterprises, Inc.*, (Case No. 1:18-cv-209, D. Haw., May 3, 2019): Judge Robert J. Bryan said, "I've been impressed by the quality of the work you've done throughout here, and that is reflected, I think, in the fact that no one has objected to the settlement."

## Recent Noteworthy Results

Wolf Haldenstein's performance in representative litigation has repeatedly resulted in favorable results for its clients. The Firm has helped recover **_billions of_** **_dollars_** on behalf of its clients in the cases listed below. Recent examples include the following:

- On May 13, 2019, in *Apple Inc. v. Pepper*, No. 17-204, the Supreme Court affirmed a decision by the Ninth Circuit Court of Appeals holding that iPhone purchasers have standing to sue Apple for monopolizing the market for iPhone apps in this longstanding antitrust class action. Wolf Haldenstein has been Lead Counsel for the plaintiffs since 2007. The case was commenced in federal district court in Oakland. The Supreme Court's decision clears the way for the plaintiffs to proceed on the merits of their claim.

- On June 11, 2018, the United States Supreme Court issued a highly anticipated decision in *China Agritech, Inc. v. Michael H. Resh, et al.* Wolf Haldenstein represented the plaintiffs/respondents, having commenced the action on behalf of aggrieved shareholders of *China Agritech* after two prior cases had failed at the class certification stage.

- *In re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.) - Wolf Haldenstein represented U.S. rice farmers in this landmark action against Bayer A.G. and its global affiliates, achieving a global recovery of $750 million. The case arose from the contamination of the nation's long grain rice crop by Bayer's experimental and unapproved genetically modified Liberty Link rice.

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) - a class action brought on behalf of over 27,500 current and former tenants of New York City's iconic Stuyvesant Town and Peter Cooper Village housing complexes. On April 9, 2013, Justice Richard B. Lowe III of the New York Supreme Court finally



approved settlement of the action, which totals over $173 million, sets aside $68.75 million in damages, re-regulates the apartments at issue, and sets preferential rents for the units that will save tenants significant monies in the future.  The settlement also enables the tenants to retain an estimated $105 million in rent savings they enjoyed between 2009 and 2012.  **The settlement is by many magnitudes the largest tenant settlement in United States history.**

- *In re Empire State Realty Trust, Inc. Investor Litig.,* Index No. 650607/2012 – The firm served as Chair of the Executive Committee of Co-Lead Counsel for the Plaintiffs in a class action settlement finally approved on May 2, 2013 that provides for the establishment of a $55 million settlement fund for investors, in addition to substantial tax deferral benefits estimated to be in excess of $100 million.

- *American International Group Consolidated Derivative Litigation,* Civil Action No. 769-VCS (Del. Ch.) The Firm acted as co-lead counsel and the settlement addressed claims alleging that the D&O Defendants breached their fiduciary duties to the Company and otherwise committed wrongdoing to the detriment of AIG in connection with various allegedly fraudulent schemes during the 1999-2005 time period.

- *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation,* Master File No. 09 MD 2058 (S.D.N.Y.) (firm was co-lead counsel in parallel derivative action pending in Delaware (*In Re Bank of America Stockholder Derivative Litigation,* C.A. No. 4307-CS (Del. Ch.)) (increase of settlement cash recovery from $20 million to $62.5 million).

- *The Investment Committee of the Manhattan and Bronx Service Transit Operating Authority Pension Plan v. JPMorgan Chase Bank,* N.A., 1:09-cv-04408-SAS (S.D.N.Y.) (class recovered $150 million).

- *In re Tremont Sec. Law, State Law and Insurance Litig.,* No. 08-civ-11117 (TPG) (SDNY) (class recovered $100 million).  The firm was court-appointed co-lead counsel in the Insurance Action, 08 Civ. 557, and represented a class of persons who purchased or otherwise acquired Variable Universal Life ("VUL") insurance policies or Deferred Variable Annuity ("DVA") policies issued by Tremont International Insurance Limited or Argus International Life Bermuda Limited from May 10, 1994 - December 11, 2008 to the extent the investment



accounts of those policies were exposed to the massive Ponzi scheme orchestrated by Bernard L. Madoff through one or more Rye funds.

- *In re Initial Public Offering Securities Litigation*, 21 MC 92 (SAS) (S.D.N.Y.) (class recovered $586 million). Wolf Haldenstein served as Co-Lead Counsel of one of the largest securities fraud cases in history. Despite the United States Court of Appeals for the Second Circuit's decision to vacate the district court's class certification decision, on remand, counsel for plaintiffs were able to press on to a settlement on April 1, 2009, ultimately recovering in excess of a half-billion dollars.



### FIRM PRACTICE AREAS

### CLASS ACTION LITIGATION

Wolf Haldenstein is a leader in class and derivative action litigation and is currently or has been the court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action and derivative action lawsuits in the United States.  For example, the class action *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) was recently described by a sitting member of the U.S. House of Representatives as the greatest legal victory for tenants in her lifetime.  In *Roberts*, the Firm obtained a victory in the New York Court of Appeals requiring the reregulation of thousands of apartment units in the Stuyvesant Town complex in Manhattan, New York.  Many of the firm's other successful results are summarized within.

### PRIVATE ACTIONS FOR INSTITUTIONAL INVESTORS

In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships, and qualified institutional buyers in private actions.  The Firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management.

The Firm has also acted as special counsel to investors' committees in efforts to assert and advance the investors' interests without resorting to litigation.  For example, the Firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

### ANTITRUST LITIGATION

Wolf Haldenstein is a leader in antitrust and competition litigation.  The Firm actively seeks to enforce the federal and state antitrust laws to protect and strengthen the rights and claims of businesses, organizations, Taft-Hartley funds, and consumers throughout the United States.  To that end, Wolf Haldenstein commences large, often complex, antitrust and trade regulation class actions and other cases that target some of the most powerful and well-funded corporate interests in the world.  Many of these interests exert strong influence over enforcement policy that is in the hands of elected officials, so that private enforcement provides the only true assurance that unfair and



anticompetitive conduct will be duly scrutinized for compliance with the law. These cases frequently bring to light concealed, unlawful behavior such as price fixing, monopolization, market allocation, monopoly leveraging, essential facilities, tying arrangements, vertical restraints, exclusive dealing, and refusals to deal. Wolf Haldenstein's Antitrust Practice Group has successfully prosecuted numerous antitrust cases and aggressively advocates remedies and restitution for businesses and investors wronged by violations of the antitrust laws. For example, in *In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) the firm successfully prosecuted an antitrust case resulting in a $315 million recovery. Many of the firm's successful results are summarized within.

Wolf Haldenstein attorneys currently serve as lead counsel, co-lead counsel, or as executive committee members in some of the largest and most significant antitrust class action lawsuits. The firm was most recently appointed lead counsel in the Salmon Antitrust Indirect Litigation pending in the U.S. District Court for the Southern District of Florida.

## Overtime and Compensation Class Actions

Wolf Haldenstein is a leader class action litigation on behalf of employees who have not been paid overtime or other compensation they are entitled to receive, or have had improper deductions taken from their compensation. These claims under the federal Fair Labor Standards Act and state labor laws allege improper failure to pay overtime and other wages, and improper deductions from compensation for various company expenses. Wolf Haldenstein has served as lead or co-lead counsel, or other similar lead role, in some of the most significant overtime class actions pending in the United States, and has recovered hundreds of millions of dollars in recovered wages for its clients. For example, in *LaVoice v. Citigroup Global Markets, Inc.*, Case No. C 07-801 (CW) (N.D. Cal.)) a $108 million settlement was secured for the class. Many of the firm's other successful wage and hour results are summarized within.

### Substantial Recoveries in Class Action and Derivative Cases in Which Wolf Haldenstein Was Lead Counsel or Had Another Significant Role

- *In re Beacon Associates Litigation*, Master File No. 09 Civ. 0777 (LBS) (S.D.N.Y.) (**$219 million** settlement in this and related action).

- *Roberts v. Tishman Speyer*, No. 100956/2007 (Sup. Ct. N.Y. Cty.) (**$173 Million** settlement).



- *In re Mutual Fund Investment Litigation,* MDL No. 1586 (D. Md.) (derivative counsel in consolidated cases against numerous mutual fund companies involved in market timing resulting in class/derivative settlements totaling more than **$300 million**).

- *Inland Western Securities Litigation,* Case No. 07 C 6174 (N.D. Ill.) (settlement value of shares valued between **$61.5 million** and **$90 million**).

- *In re Direxion Shares ETF Trust,* No. 09-Civ-8011 (KBF) (S.D.N.Y.) (class recovered **$8 million**).

- *In re BankAmerica Corp. Securities Litigation,* MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered **$490 million**).

- *In re Dynamic Random Access Memory Antitrust Litigation,* (MD-02 1486 (N.D. Cal.) (class recovered **$325 million**).

- *In re MicroStrategy, Inc. Securities Litigation,* Civ. No. 00-473-A (E.D. Va.) (class recovered **$160 million** in cash and securities).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ 2373, 94 Civ 2546 (S.D.N.Y.) (securities fraud) (class recovered **$116.5 million** in cash).

- *In re Starlink Corn Products Liability Litigation,* (N.D. Ill.) (class recovered **$110 million**).

- *In Computer Associates 2002 Class Action Sec. Litigation,* 2:02-CV-1226 (E.D.N.Y.) (**$130 million** settlement in this and two related actions).

- *In re Sepracor Inc. Securities Litigation,* Civ. No. 02-12338 (MEL) (D. Mass.) (classes recovered **$52.5 million**).

- *In re Transkaryotic Therapies, Inc., Securities Litigation,* C.A. No. 03-10165-RWZ (D. Mass) (class recovered **$50 million**).

- *In re Iridium Securities Litigation,* C.A. No. 99-1002 (D.D.C.) (class recovered **$43 million**).



- *In re J.P. Morgan Chase Securities Litigation,* MDL No. 1783 (N.D. Ill.) (settlement providing for adoption of corporate governance principles relating to potential corporate transactions requiring shareholder approval).

- *LaVoice v. Citigroup Global Markets, Inc.,* Case No. C 07-801 (CW) (N.D. Cal.)) (**$108 million** settlement).

- *Steinberg v. Morgan Stanley & Co., Inc.,* Case No. 06-cv-2628 (BEN) (S.D. Cal.) (**$50 million** settlement).

- *Poole v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* Case No. CV-06-1657 (D. Or.) (**$43.5 million** settlement).

- *In re Wachovia Securities, LLC Wage and Hour Litigation,* MDL No. 07-1807 DOC (C.D. Cal.) (**$39 million** settlement).

- *In re Wachovia Securities, LLC Wage and Hour Litigation (Prudential),* MDL No. 07-1807 DOC (C.D. Cal.) (**$11 million** settlement).

- *Basile v. A.G. Edwards, Inc.,* 08-CV-00338-JAH-RBB (S.D. Cal.) (**$12 million** settlement).

- *Miguel Garcia, et al. v. Lowe's Home Center, Inc. et al.* – Case No. GIC 841120 (Barton) (Cal. Sup. Ct, San Diego) (co-lead, **$1.65 million** settlement w/ average class member recovery of $5,500, attorney fees and cost awarded separately).

- *Neil Weinstein, et al. v. MetLife, Inc., et al.* – Case No. 3:06-cv-04444-SI (N.D.Cal) (co-lead, **$7.4 million** settlement).

- *Creighton v. Oppenheimer,* Index No. 1:06 - cv - 04607 - BSJ - DCF (S.D.N.Y.) (**$2.3 million** settlement).

- *Klein v. Ryan Beck,* 06-CV-3460 (DAB)(S.D.N.Y.) (**$1.3 million** settlement).

- *In re American Pharmaceutical Partners, Inc. Shareholder Litigation,* Consolidated C.A. No. 1823-N (Del. Ch. Ct.) (**$14.3 million** settlement).

- *Egleston v. Collins and Aikman Corp.,* 06-cv-13555 (E.D. Mich.) (class recovered **$12 million**).



- *In re Merrill Lynch & Co., Inc. Global Technology Fund Securities Litigation,* 02 CV 7854 (JFK) (SDNY); and *In re Merrill Lynch & Co., Inc. Focus Twenty Fund Securities Litigation*, 02 CV 10221 (JFK) (SDNY) (class recovered **$39 million** in combined cases).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* No. 6:04-cv-1231 (Orl-31) (class recovered **$35 million**, and lawsuit also instrumental in **$225 million** benefit to corporation).

- *In re Cablevision Systems Corp. Shareholder Derivative Litigation*, Master File No. 06-CV-4130-DGT-AKT (**$34.4 million** recovery).

- *In re Monster Worldwide, Inc. Stock Option Derivative Litigation,* Master File No. 06cv4622 (S.D.N.Y.) (**$32 million** recovery and corporate governance reforms).

- *Berger v. Compaq Computer Corp.,* Docket No. 98-1148 (S.D. Tex.) (class recovered **$29 million**).

- *In re Arakis Energy Corporation Securities Litigation,* 95 CV 3431 (E.D.N.Y.) (class recovered **$24 million**).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation*, Civ. No. 01-258 (D. Minn.) (class recovered **$20 million**).

- *In re Globalstar Securities Litigation,* Case No. 01-CV-1748 (SHS) (S.D.N.Y.) (class recovered **$20 million**).

- *In re Luxottica Group S.p.A. Securities Litigation,* No. CV 01-3285 (E.D.N.Y) (class recovered **$18.25 million**).

- *In re Musicmaker.com Securities Litigation,* CV-00-2018 (C.D. Cal.) (class recovered **$13.75 million**).

- *In re Comdisco Securities Litigation,* No. 01 C 2110 (MIS) (N.D. Ill.) (class recovered **$13.75 million**).

- *In re Acclaim Entertainment, Inc., Securities Litigation,* C.A. No. 03-CV-1270 (E.D.N.Y.) (class recovered **$13.65 million**).



- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2097 (MA) (W.D. Tenn) (class recovered **$13.25 million**).

- *In re Bausch & Lomb, Inc. Securities Litigation,* 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered **$12.5 million**).

- *In re Allaire Corp. Securities Litigation,* 00-11972 (D. Mass.) (class recovered **$12 million**).

- *Bamboo Partners LLC v. Robert Mondavi Corp.,* No. 26-27170 (Cal. Sup. Ct.) (class recovered **$10.8 million**).

- *Curative Health Services Securities Litigation,* 99-2074 (E.D.N.Y.) (class recovered **$10.5 million**).

- *City Partnership Co. v. Jones Intercable*, 99 WM-1051 (D. Colo.) (class recovered **$10.5 million**).

- *In re Aquila, Inc.,* (ERISA Litigation), 04-865 (W.D. Mo.) (**$10.5 million** recovery for the class).

- *In re Tenfold Corporation Securities Litigation,* 2:00-CV-652 (D. Utah) (class recovered **$5.9 million**).

- *In re Industrial Gas Antitrust Litigation*, 80 C 3479 and related cases (N.D. Ill.) (class recovered **$50 million**).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation*, 86-5428 and related cases (E.D. Pa.) (class recovered **$55 million**).

- *In re Infant Formula Antitrust Litigation,* MDL No. 878 (N.D. Fla.) (class recovered **$126 million**).

- *In re Brand Name Prescription Drugs Antitrust Litigation,* No. 1:94-cv-00897, M.D.L. 997 (N.D. Ill.) (class recovered **$715 million**).

- *Landon v. Freel,* M.D.L. No. 592 (S.D. Tex.) (class recovered **$12 million**).

- *Holloway v. Peat, Marwick, Mitchell & Co.,* No. 84 C 814 EU (N.D. Okla.) (class recovered **$38 million**).



- *In re The Chubb Corp.* Drought Insurance Litigation, C-1-88-644 (S.D. Ohio) (class recovered **$100 million**).

- *Wong v. Megafoods,* Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered **$12.25 million**).

- *In re Del Val Financial Corp. Securities Litigation,* 92 Civ 4854 (S.D.N.Y.) (class recovered **$11.5 million**).

- *In re Home Shopping Network Shareholders Litigation,* Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered **$13 million**).

- *In re Paine Webber Limited Partnerships Litigation,* 94 Civ 8547 (S.D.N.Y.) (class recovered **$200 million**).

- *In re Bristol-Meyers Squibb Co. Securities Litigation,* 92 Civ 4007 (S.D.N.Y.) (class recovered **$19 million**).

- *In re Spectrum Information Technologies Securities Litigation,* CV 93-2245 (E.D.N.Y.) (class recovered **$13 million**).

- *In re Chase Manhattan Securities Litigation,* 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered **$17.5 million**).

- *Prostic v. Xerox Corp.,* No. B-90-113 (EBB) (D. Conn.) (class recovered **$9 million**).

- *Steiner v. Hercules,* Civil Action No. 90-442-RRM (D. Del.) (class recovered **$18 million**).

- *In re Ambase Securities Litigation,* 90 Civ 2011 (S.D.N.Y.) (class recovered **$14.6 million**).

- *In re Southmark Securities Litigation,* CA No. 3-89-1402-D (N.D. Tex.) (class recovered **$70 million**).

- *Steiner v. Ideal Basic Industries, Inc.,* No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered **$18 million**).

- *Tucson Electric Power Derivative Litigation,* 2:89 Civ. 01274 TUC. ACM (corporation recovered **$30 million**).



- *Alleco Stockholders Litigation,* (Md. Cir. Ct. Pr. Georges County) (class recovered **$16 million**).

- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered **$30 million**).

- *In re Taft Broadcasting Company Shareholders Litigation,* No. 8897 (Del. Ch.) (class recovered **$20 million**).

- *In re Southland Corp. Securities Litigation,* No. 87-8834-K (N.D.Tex.) (class recovered **$20 million**).

- *In re Crocker Bank Securities Litigation*, CA No. 7405 (Del. Ch.) (class recovered **$30 million**).

- *In re Warner Communications Securities Litigation,* No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered **$17.5 million**).

- *Joseph v. Shell Oil,* CA No. 7450 (Del. Ch.) (securities fraud) (class recovered **$200 million**).

- *In re Flight Transportation Corp. Securities Litigation,* Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (recovery of over **$50 million**).

- *In re Whittaker Corporation Securities Litigation,* CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered **$18 million**).

- *Naevus International, Inc. v. AT&T Corp.,* C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered **$40 million**).

- *Sewell v. Sprint PCS Limited Partnership*, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered **$45.2 million**).

- *In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation,* 2:08-cv-285 (D.N.J.) (class recovered **$41.5 million**).

- *Egleston v. Verizon*, No. 104784/2011 (N.Y. Sup. Ct.) – Wolf Haldenstein represented a class of New York Verizon Centrex customers in an action against Verizon stemming from overbilling of certain charges. The Firm secured a settlement with a total value to the Class of over **$5 million**, which



provided, among other things, each class member with full refunds of certain disputed charges, plus interest.

- *Zelouf Int'l Corp. v. Nahal Zelouf*, Index No. 653652/2014 (Sup. Ct. N.Y. Co. 2015). In an important trial decision following an appraisal proceeding triggered by the freeze-out merger of a closely-held corporation, which also included shareholder derivative claims, Justice Kornreich of the New York Supreme Court refused to apply a discount for lack of marketability to the minority interest in the former corporation and found that the insiders stole more than $14 million dollars; the minority shareholder recovered over **$9 million**.

- *Zelouf Int'l Corp. v. Zelouf*, 45 Misc.3d 1205(A) (Sup. Ct. N.Y. Co., 2014). The Court rejected application of a discount for lack of marketability and awarded a **$10,031,438.28** judgment following an eleven day bench trial in the Commercial Division of the Supreme Court of the State of New York (New York County) on the value of a minority interest in a closely held corporation.

- *Thompson et al. v. Bethpage Federal Credit Union et al.*, No. 2:17-cv-00921-GRB (E.D.N.Y.) (**$3.6 million** settlement)



REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

FEDERAL APPELLATE AND DISTRICT COURT OPINIONS

- *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019)

- *Hymes v. Bank of America*, 408 F. Supp. 3d 171 (E.D.N.Y. 2019)

- *In re Packaged Seafood Prods. Antitrust Litig.*, 332 F.R.D. 308 (S.D. Cal. 2019)

- *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018)

- *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033 (S.D. Cal. 2017)

- *DeFrees v. Kirkland*, 2012 U.S. Dist. LEXIS 52780 (C.D. Cal. Apr. 11, 2012).

- *In re Beacon Associates Litig.*, 282 F.R.D. 315 (S.D.N.Y. 2012).

- *Messner v. Northshore University HealthSystem*, 669 F.3d 802, No. 10-2514 (7th Cir. Jan. 13, 2012).

- *In re Text Message Antitrust Litigation*, 630 F.3d, 622 (7th Cir. 2010).

- *In re Apple & ATTM Antitrust Litig.*, 2010 U.S. Dist. LEXIS 98270 (N.D. Cal. July 8, 2010).

- *In re Beacon Associates Litig.*, 745 F. Supp. 2d 386 (S.D.N.Y. 2010)

- *Freeland v. Iridium World Communications Ltd.*, 545 F. Supp. 2d 59 (D.D.C. 2008).

- *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288 (N.D. Cal. 2008).

- *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007).

- *In re JP Morgan Chase & Co. Securities Litigation*, No. 06 C 4674, 2007 U.S. Dist. LEXIS 93877 (N.D. Ill. Dec. 18, 2007).

- *Schoenbaum v. E.I. Dupont De Nemours and Co.*, 2007 WL 2768383 (E.D. Mo. Sept. 20, 2007).



- *Jeffries v. Pension Trust Fund,* 99 Civ. 4174 (LMM), 2007 U.S. Dist. LEXIS 61454 (S.D.N.Y. Aug. 20, 2007).

- *Klein v. Ryan Beck,* 06-Civ. 3460 (WCC), 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13, 2007).

- *Cannon v. MBNA Corp.* No. 05-429 GMS, 2007 U.S. Dist. LEXIS 48901 (D. Del. 2007).

- *In re Aquila ERISA Litig.,* 237 F.R.D. 202 (W.D. Mo. 2006).

- *Smith v.* Aon Corp., 238 F.R.D. 609 (N.D. Ill. 2006).

- *In re Sepracor Inc. Securities Litigation,* 233 F.R.D. 52 (D. Mass. 2005).

- *In re Transkaryotic Therapies, Inc. Securities Litigation,* No. 03-10165, 2005 U.S. Dist. LEXIS 29656 (D. Mass. Nov. 28, 2005).

- *In re Luxottica Group, S.p.A. Securities Litigation,* 2005 U.S. Dist. LEXIS 9071 (E.D.N.Y. May 12, 2005).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* 2005 U.S. Dist. LEXIS 38876, No. 6:04-cv-1231-Orl-31KRS (M.D. Fla. May 9, 2005).

- *Johnson v. Aegon USA, Inc.,* 355 F. Supp. 2d 1337 (N.D. Ga. 2004).

- *Freeland v. Iridium World Communications, Ltd.,* 99-1002, 2004 U.S. Dist. LEXIS 33018 (D.D.C. Aug. 31, 2004).

- *In re Acclaim Entertainment, Inc. Securities Litigation,* 03-CV-1270 (E.D.N.Y. June 22, 2004).

- *In re Sepracor Inc. Securities Litigation,* 308 F. Supp. 2d 20 (D. Mass. 2004).

- *In re Concord EFS, Inc. Securities Litigation,* No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- *In re Pharmatrak, Inc. Privacy Litig.,* 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *In re PerkinElmer, Inc. Securities Litigation,* 286 F. Supp. 2d 46 (D. Mass. 2003).



- *In re Initial Public Offering Securities Litigation,* 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- *In re Comdisco Securities Litigation,* No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- *Berger v. Compaq Computer Corp.,* 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- *City Partnership Co. v. Cable TV Fund 14-B,* 213 F.R.D. 576 (D. Colo. 2002).

- *In re Allaire Corporation Securities Litigation,* Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- *In re StarLink Corn Products Liability Litigation,* 212 F.Supp.2d 828 (N.D. Ill. 2002).

- *In re Bankamerica Corp. Securities Litigation,* 263 F.3d 795 (8th Cir. 2001).

- *In re Comdisco Securities Litigation,* 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation,* Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill,* No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 148 F. Supp. 2d 654 (E.D. Va. 2001).

- *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry,* 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- *Carney v. Cambridge Technology Partners, Inc.,* 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee,* 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.,* 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).



- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- *Goldberger v. Bear, Stearns & Co.*, 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation*, Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- *Stanley v. Safeskin Corp.*, Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- *In re MicroStrategy, Inc. Securities Litigation*, 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation*, 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation*, 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- *In re BankAmerica Corp. Securities Litigation*, 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- *In re Carnegie International Corp. Securities Litigation*, 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation*, CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D. Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- *In re Health Management Systems Securities Litigation*, 82 F. Supp. 2d 227 (S.D.N.Y. 2000).



- *Dumont v. Charles Schwab & Co., Inc.,* Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- *In re MicroStrategy, Inc. Securities Litigation,* 110 F. Supp. 2d 427 (E.D. Va. 2000).

- *In re BankAmerica Corp. Securities Litigation,* 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- *In re Nanophase Technologies Corp. Litigation,* 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation,* File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.,* 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation,* No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D. Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.,* 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.,* 186 F.R.D. 331 (M.D.N.C. 1999).

- *Wright v. Ernst & Young LLP,* 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.,* 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998).

- *Walsingham v. Biocontrol Technology, Inc.,* 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- *Sturm v. Marriott Marquis Corp.,* 26 F. Supp. 2d 1358 (N.D. Ga. 1998).



- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- *In re MobileMedia Securities Litigation,* 28 F.Supp.2d 901 (D.N.J. 1998).

- *Weikel v. Tower Semiconductor, Ltd.,* 183 F.R.D. 377 (D.N.J. 1998).

- *In re Health Management Systems Securities Litigation,* 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- *In re Painewebber Ltd. Partnership Litigation,* 999 F. Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- *Brown v. Radica Games (In re Radica Games Securities Litigation),* No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties,* 116 F.3d 1441 (11th Cir. 1997).

- *In re TCW/DW North American Government Income Trust Securities Litigation,* 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP,* 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas,* No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas,* No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 964 F. Supp. 147 (S.D.N.Y. 1997).

- *Kurzweil v. Philip Morris Companies,* 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.,* Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).



- *Kalodner v. Michaels Stores, Inc.*, 172 F.R.D. 200 (N.D.Tex. 1997).

- *In re Painewebber Ltd. Partnerships Litigation,* 171 F.R.D. 104 (S.D.N.Y. 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- *In re Painewebber Inc. Limited Partnerships Litigation,* 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.,* 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.,* 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.,* 82 F.3d 1194 (1st Cir. 1996).

- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.,* 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).

- *Simon v. American Power Conversion Corp.,* 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.,* 96 Civ. 4412 (SAS), 1996 U.S. Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- *In re TCW/DW North American Government Income Trust Securities Litigation,* 941 F. Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc., Securities Litigation,* Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- *In re Painewebber Limited Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Riley v. Simmons*, 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison*, 20 F.3d 398 (11th Cir. 1994).

- *Zitin v. Turley*, [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).



- *In re Southeast Hotel Properties Limited Partnership Investor Litigation*, 151 F.R.D. 597 (W.D.N.C. 1993).

- *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295 (2d Cir. 1990).

## Notable State Court Opinions

- *William Hughes, Jr. v. Xiaoming Hu, et al.* [*In re Kandi Technologies Group*], C.A. No. 2019-0112-JTL (Del. Ch. April 27, 2020).

- *Eshaghian v. Roshanzamir*, 179 A.D.3d 596 (N.Y. App. Div. 1st Dep't 2020).

- *Cohen v. Saks, Inc.*, 169 A.D.3d 515 (N.Y. App. Div. 1st Dep't 2019).

- *Bartis v. Harbor Tech, LLC*, 147 A.D.3d 52 (N.Y. App. Div. 2d Dep't 2016).

- *Zelouf Int'l Corp. v. Zelouf*, 47 Misc. 3d 346 (N.Y. Sup. Ct. 2014).

- *McWilliams v. City of Long Beach*, 56 Cal. 4th 613 (2013).

- *Roberts v. Tishman Speyer*, 89 A.D.3d 444 (N.Y. App. Div. 1st Dep't 2011).

- *Ardon v. City of Los Angeles*, 52 Cal. 4th 241 (2011).

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009).

- *In re Tyson Foods, Inc., Consolidated Shareholder Litigation*, 919 A.2d 563 (Del. Ch. 2007).

- *Naevus Int'l v. AT&T Corp.*, 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

- *In re Western National Corp. Shareholders Litigation*, Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).



- *In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company,* 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), *aff'd,* 351 N.C. 349, 524 S.E.2d 804 (N.C. 2000).

- *Wallace v. Wood,* 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson,* C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette,* Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *Seinfeld v. Robinson,* 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander,* 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).#

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

- *In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- *In re Cheyenne Software Shareholders Litigation,* Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- *Paramount Communications, Inc. v. QVC Network, Inc.,* 637 A.2d 34 (Del. Super. Ct. 1994).



ATTORNEY BIOGRAPHIES

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.

PARTNERS

**MARK C. RIFKIN:** *admitted:* New York; Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education:* Princeton University (A.B. 1982); Villanova University School of Law (J.D. 1985). Contributor, Packel & Poulin, *Pennsylvania Evidence* (1987).

A highly experienced securities class action and shareholder rights litigator, Mr. Rifkin has recovered hundreds of millions of dollars for victims of corporate fraud and abuse in federal and state litigation across the country. Since 1990, Mr. Rifkin has served as lead counsel, co-lead counsel, or trial counsel in many class and derivative actions in securities, intellectual property, antitrust, insurance, consumer and mass tort litigation throughout the country.

Unique among his peers in the class action practice, Mr. Rifkin has extensive trial experience. Over the past thirty years, Mr. Rifkin has tried many complex commercial actions in federal and state courts across the country in class and derivative actions, including *In re National Media Corp. Derivative Litig.*, C.A. 90-7574 (E.D. Pa.), *Upp v. Mellon Bank, N.A.*, C.A. No. 91-5229 (E.D. Pa.), where the verdict awarded more than $60 million in damages to the Class (later reversed on appeal, 997 F.2d 1039 (3d Cir. 1993)), and *In re AST Research Securities Litigation*, No. 94-1370 SVW (C.D. Cal.), as well as a number of commercial matters for individual clients, including *Zelouf Int'l Corp. v. Zelouf*, Index No. 653652/2013 (N.Y. Sup. Ct. 2015), in which he obtained a $10 million judgment for his client.

Mr. Rifkin also has extensive appellate experience. Over thirty years, Mr. Rifkin has argued dozens of appeals on behalf of appellants and appellees in several federal appellate courts, and in the highest appellate courts in New York, Pennsylvania, New Jersey, and Delaware.



Mr. Rifkin has earned the AV®-Preeminent rating by Martindale-Hubbell® for more than 20 years, and has been selected for inclusion in the New York Metro SuperLawyers® listing since 2010. In 2014, Mr. Rifkin was named a "Titan of the Plaintiff's Bar" by Law360®.

In 2015, Mr. Rifkin received worldwide acclaim for his role as lead counsel for the class in *Good Morning To You Productions Corp. v. Warner/Chappell Music, Inc.*, No. CV 13-04460-GHK (MRWx), in federal court in Los Angeles, successfully challenging the copyright to "Happy Birthday to You," the world's most famous song. In recognition of his historic victory, Mr. Rifkin was named a Trailblazer in Intellectual Property by the National Law Journal in 2016. In 2018, Mr. Rifkin led a team of lawyers from Wolf Haldenstein who represented the plaintiffs in *We Shall Overcome Foundation, et al. v. The Richmond Organization, Inc., et al.*, No. 16-cv-02725-DLC (S.D.N.Y.), which successfully challenged the copyright to "We Shall Overcome," called the "most powerful song of the 20th century" by the Librarian of Congress.

Mr. Rifkin lectures frequently to business and professional organizations on a variety of securities, shareholder, intellectual property, and corporate governance matters. Mr. Rifkin is a guest lecturer to graduate and undergraduate economics and finance students on corporate governance and financial disclosure topics. He also serves as a moot court judge for the A.B.A. and New York University Law School. Mr. Rifkin appears frequently in print and broadcast media on diverse law-related topics in corporate, securities, intellectual property, antitrust, regulatory, and enforcement matters.

**BETSY C. MANIFOLD**: *admitted*: Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

Ms. Manifold served as co-lead counsel in the following cases to recovery on behalf of employees: *Miguel Garcia, et al. v. Lowe's Home Center, Inc. et al.* – Case No. GIC 841120 (Barton) (Cal. Sup. Ct, San Diego) ($1.65 million settlement w/ average class member recovery of $5,500, attorney fees and cost awarded separately) and *Neil Weinstein, et al.*



*v. MetLife, Inc., et al.* – Case No. 3:06-cv-04444-SI (N.D. Cal) ($7.4 million settlement). Ms. Manifold also served as co-lead counsel in the following derivative actions: *In re Atmel Corporation Derivative Litigation*, Master File No. CV 06-4592-JF (N.D. Cal.) ($9.65 million payment to Atmel) and *In re Silicon Storage Technology Inc. Derivative Litig.*, Case No. C 06-04310 JF (N.D. Cal.) (cash payment and re-pricing of options with a total value of $5.45 million). Ms. Manifold also worked as lead counsel on the following class action: *Lewis v. American Spectrum Realty,* Case No. 01 CC 00394, Cal. Sup. Ct (Orange County) ($6.5 million settlement).

**BENJAMIN Y. KAUFMAN**: *admitted*: New York, United States Supreme Court, United States Court of Appeals for the Fourth Circuit, Southern, Northern and Eastern Districts of New York, District of New Jersey; and District of Colorado. *Education*: Yeshiva University, B.A.; Benjamin N. Cardozo School of Law, Yeshiva University, J.D; New York University, Stern School of Business, M.B.A. Mr. Kaufman focuses on class actions on behalf of defrauded shareholders, investors, and consumers. Mr. Kaufman has extensive experience in complex class actions representing clients including institutional investors such as public and labor pension funds, labor health and welfare benefit funds, as well as private individuals and funds who suffered losses due to corporate fraud. Mr. Kaufman also has extensive experience litigating complex commercial cases in state and federal court.

Mr. Kaufman's successful securities litigations include *In re Deutsche Telekom AG Securities Litigation*, No. 00-9475 (S.D.N.Y.), a complex international securities litigation requiring evidentiary discovery in both the United States and Europe, which settled for $120 million. Mr. Kaufman was also part of the team that recovered $46 million for investors in *In re Asia Pulp & Paper Securities Litigation*, No. 01-7351 (S.D.N.Y.); and $43.1 million in *Freeland v. Iridium World Communications, Ltd*., No. 99-1002 (D.D.C.).

Mr. Kaufman's outstanding representative results in derivative and transactional litigations include: *In re Trump Hotels Shareholder Derivative Litigation*, No. 96-cv-7820 (S.D.N.Y.) (in settlement Trump personally contributed some of his holdings and the company adopted corporate reforms); *Southwest Airlines Derivative Litigation (Carbon County Employee Retirement System v. Kelly*) (Dist. Ct. Dallas Cnty., Tex.) (derivative matter that resulted in significant reforms to the air carrier's corporate governance and safety and maintenance practices and procedures for the benefit of the company and its shareholders); *Lynn v. Tennessee Commerce Bancorp, Inc., et al.*, No. 3:12-cv-01137 (M.D. Tenn.) ($2.6 million settlement); *In re ClubCorp Holdings Shareholder Litigation*, No. A-17-758912-B (D. Nev.) ($5 million settlement and corporate therapeutics). Mr. Kaufman



also argued the appeal in *In re Comverse Technology, Inc. Derivative Litig.*, 56 A.D.3d 49 (1st Dep't 2008) which led to the seminal New York Appellate Division opinion clarifying the standards of demand futility in New York and *In re Topps Company, Inc. Shareholders Litigation* which resulted in a 2007 decision vindicating the rights of shareholders to pursue claims in the most relevant forum notwithstanding the state of incorporation. Mr. Kaufman has also lectured and taught in the subjects of corporate governance as well as transactional and derivative litigation.

In addition, Mr. Kaufman has represented many corporate clients in complex commercial matters, including complex copyright royalty class actions against music companies. *Puckett v. Sony Music Entertainment*, No. 108802/98 (Sup. Ct. N.Y. Cnty. ); *Shropshire v. Sony Music Entertainment*, No. 06-3252 (S.D.N.Y.), and *The Youngbloods v. BMG Music*, No. 07-2394 (S.D.N.Y.). In *Mich II Holdings LLC v. Schron*, No. 600736/10 (Sup. Ct. N.Y. Cnty.), Mr. Kaufman represented certain prominent real estate investors and successfully moved to dismiss all claims against those defendants. Mr. Kaufman has also represented clients in arbitrations and litigations involving oppressed minority shareholders in closely held corporations.

Currently, Mr. Kaufman represents clients in a wide array of matters, including shareholders of a large cooperative complex alleging breach of fiduciary duty by the board of directors and property manager; purchasers of New York City taxi medallions in a class action pending in New York Supreme Court, Queens County; a New York art gallery in an action against several European insurers over insurance coverage for paintings seized while on exhibit; and shareholders of Saks, Inc. alleging that the board of directors and its investment advisor sold the company for inadequate consideration. *Cohen v. Saks*, 169 A.D.3d 51 (1st Dep't 2019).

Prior to joining Wolf Haldenstein, and prior to joining Milberg LLP in 1998, Mr. Kaufman was a Court Attorney for the New York State Supreme Court, New York County (1988-1990) and Principal Law Clerk to Justice Herman Cahn of the Commercial Division of the New York State Supreme Court, New York County (1990-1998).

Mr. Kaufman is an active member of the Commercial and Federal Litigation Section of the New York State Bar Association, the International Association of Jewish Lawyers and Jurists and the Jewish Lawyers Guild in which he serves as a Vice President. Mr. Kaufman was the Dinner Chair at the Jewish Lawyers Guild Annual Dinner in 2017, 2018, and 2019. Mr. Kaufman is a member of the Board of Trustees of Congregation



Beth Sholom in Lawrence, NY and was a member of the Board of Trustees of the
Hebrew Academy of the Five Towns and Rockaways from 2015-2019.

Mr. Kaufman has been recognized by SuperLawyers® each year since 2012.

**THOMAS H. BURT**: *admitted*: New York; U.S. District Courts for the Southern and
Eastern Districts of New York, Eastern District of Michigan.  *Education*: American
University (B.A. 1993); New York University (J.D. 1997).  Articles Editor with New York
University Review of Law and Social Change.  Mr. Burt is a litigator with a practice
concentrated in securities class actions and complex commercial litigation. After
practicing criminal defense with noted defense lawyer Jack T. Litman for three years, he
joined Wolf Haldenstein, where he has worked on such notable cases as *In re Initial
Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y.) (a novel and sweeping
amalgamation of over 300 class actions  which resulted in a recovery of $586 million); *In
re MicroStrategy Securities Litigation*, No. 00-473-A (E.D. Va.) (recovery of $192 million);
*In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) (antitrust case
resulting in $315 million recovery); *In re Computer Associates 2002 Class Action Securities
Litigation*, No. 02-cv-1226 (TCP) (E.D.N.Y.)(settled, together with a related fraud case,
for over $133 million); *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555
(E.D. Mich.) (recovery included personal assets from former Reagan Administration
budget director David A. Stockman); and *Parker Friedland v. Iridium World
Communications, Ltd.*, 99-1002 (D.D.C.)(recovery of $43.1 million).  Mr. Burt has spoken
on several occasions to investor and activist groups regarding the intersection of
litigation and corporate social responsibility.  Mr. Burt writes and speaks on both
securities and antitrust litigation topics.  He has served as a board member and officer
of the St. Andrew's Society of the State of New York, New York's oldest charity.

**RACHELE R. BYRD**: *admitted*: California; U.S. District Courts for the Southern,
Northern, Central and Eastern Districts of California, the Northern District of Illinois,
and the Eastern District of Michigan; U.S. Court of Appeals for the Ninth Circuit; U.S.
Supreme Court.  *Education*:  Point Loma Nazarene College (B.A., 1994); University of
California, Hastings College of the Law (J.D. 1997).  Member: State Bar of California.
Ms. Byrd is located in the firm's San Diego office and practices corporate derivative and
class action litigation including securities, consumer, privacy and security, antitrust,
employment and general corporate and business litigation.  Ms. Byrd has played a
significant role in litigating numerous class and derivative actions, including *Engquist v.
City of Los Angeles*, No. BC591331 (Los Angeles Super. Ct.) (gas tax refund action that
recently settled for $32.5 million and injunctive relief, valued at a minimum of $24.5



million over 3 years and $81.8 million over 10 years, following certification of the class and on the eve of a hearing on the parties' cross-motions for summary judgment); *Ardon v. City of Los Angeles*, 52 Cal.4th 241 (2011) (telephone tax refund action against the City of Los Angeles that settled for $92.5 million after a successful appeal and a groundbreaking opinion from the California Supreme Court); *McWilliams v. City of Long Beach*, Cal. Supreme Ct. No. S202037, 2013 Cal. LEXIS 3510 (April 25, 2013) (telephone tax refund action that settled for $16.6 million after a successful appeal and another groundbreaking opinion from the California Supreme Court); *Granados v. County of Los Angeles*, BC361470 (Los Angeles Super. Ct.) (telephone tax refund action that settled for $16.9 million following class certification and a successful appeal); *In re: Zoom Video Communications, Inc. Privacy Litigation*, No. 5:20-cv-0291 (N.D. Cal.) (member of Plaintiffs' Steering Committee; settled for $85 million); *In re Robinhood Outage Litigation*, No. 20-cv-01626-JD (N.D. Cal.) (member of Plaintiffs' Executive Committee); *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal.) (ongoing antitrust class action on behalf of consumers against Apple over its monopolization of the iOS applications aftermarket that secured a favorable opinion in the U.S. Supreme Court: *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019)); *Defrees v. Kirkland, et al.*, 11-04272 (JLS) (C.D. Cal.) ($12.2 million settlement reached in derivative action on the eve of trial); *Bokelman et al. v. FCH Enterprises, Inc.*, No. 18-00209-RJB-RLP (D. Haw.) (settled data breach class action; final approval granted May 3, 2019); *Carrera Aguallo, et al. v. Kemper Corp., et al.*, No. 1:21-cv-01883 (N.D. Ill.) (settled data breach class action where Ms. Byrd was Interim Co-Lead Counsel; final approval granted March 18, 2022); *In re: Scripps Health Data Incident Litigation*, San Diego Super. Ct. No. 37-2021-00024103-CU-BT-CTL (ongoing data breach class action where Wolf Haldenstein is co-lead counsel); *Hinds v. Community Medical Centers, Inc.*, No. STK-CV-UNPI-2021-10404 (San Joaquin Super. Ct.) (ongoing data breach class action where Wolf Haldenstein is co-lead counsel); *Christofferson v. Creation Entertainment, Inc.*, No. 19STCV11000 (Los Angeles Super. Ct.) (settled data breach class action; final approval granted on June 29, 2021); *In re: Hanna Andersson and salesforce.com Data Breach Litig.*, No. 3:20-cv-00812-EMC (N.D. Cal.) (settled data breach class action; final approval granted on June 25, 2021); *Gaston v. FabFitFun, Inc.*, No. 2:20-cv-09534-RGK-E (C.D. Cal.) (settled data breach class action; final approval granted on December 6, 2021); *Rossi v. Claire's Stores*, No. 1:20-cv-05090 (N.D. Ill) (settled data breach class action; preliminary approval granted March 28, 2022); *Riggs v. Kroto, Inc., D/B/A/ iCanvas*, No. 1:20-cv-5822 (N.D. Ill.) (settled data breach class action; final approval granted on October 29, 2021); *Thomas v. San Diego Family Care*, San Diego Super. Ct. No. 37-2021-00026758-CU-BT-CTL (settled data breach class action; preliminary approval granted April 13, 2022); *Miller v. CSI Financial, LLC*, No. 37-



2021-00030263-CU-BT-CT (San Diego Super. Ct.) (recently settled data breach class action); *Fields v. The Regents of the University of California*, Alameda Superior Court No. RG21107152 (ongoing data breach class action); *In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.) (ongoing); *In re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.) (settled data breach class action; preliminary approval granted March 3, 2022).

**MATTHEW M. GUINEY**:  *admitted:* New York State; United States Supreme Court; United States Courts of Appeals for the Second, Third and Ninth Circuits; U.S. District Courts for the Southern and Eastern District of New York and numerous others. **Education:** The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002). Mr. Guiney's primary areas of practice are securities class actions under the Securities Act of 1933 and the Exchange Act of 1934, complex commercial litigation, Employee Retirement Income Security Act (ERISA) actions on behalf of plan participants, Fair Labor Standards Act of 1938 actions concerning overtime payment, and fiduciary duty actions under various state laws. Mr. Guiney has helped recover hundreds of millions of dollars for victims of corporate fraud and abuse in federal and state litigation across the country.  Mr. Guiney was on the merits briefs at the United States Supreme Court on behalf of the plaintiffs/respondents in *Apple Inc. v. Pepper*, No. 17-204, 587 U.S. ___ (2019) where the Court affirmed plaintiffs' antitrust standing under *Illinois Brick*.  Mr. Guiney also represented plaintiffs/respondents at the United States Supreme Court in *China Agritech v. Resh*, 584 U.S. __ (2018), where the Court addressed tolling in the class action context. Mr. Guiney also initially served as counsel of record and briefed opposition to petition for writ of certiorari, and argued and achieved a precedential reversal of motion to dismiss in a published opinion at the United States Court of Appeals for the Ninth Circuit in *Resh v. China Agritech*, No. 15-5543, 2017 U.S. App. LEXIS 9029 (9th Cir. May 24, 2017).

Some of Mr. Guiney's notable results on behalf of investors include: *Mallozzi v. Industrial Enterprises of America, Inc., et al.*, 1:07-cv-10321-DLC (S.D.N.Y.) ($3.4 million settlement on behalf of shareholders); *In re Luxottica Group S.p.A. Securities Litigation*, No. CV 01-3285 (JBW) (MDG) (E.D.N.Y.) ($18.5 million settlement on behalf of shareholders); *In re MBNA Corp. ERISA Litigation*, Master Docket No. 05-429 (GMS), (D. Del) ($4.5 million settlement on behalf of plan participants).

**MALCOLM T. BROWN**: *admitted:* United States District Courts for the Eastern, Northern, and Southern Districts of New York; District of New Jersey; and Eastern



District of Pennsylvania; United States Court of Appeals for the Second Circuit. *Education:* University of Pennsylvania (B.A., Political Science 1988) and Rutgers University School of Law (J.D. 1994). Mr. Brown's primary areas of practice are securities, derivative, M&A litigation and consumer class actions. Recent notable decisions include: *Siegmund v. Bian,* 2019 U.S. Dist. LEXIS 19349 (S.D. Fla. Feb. 6, 2019); *Siegmund v. Bian,* 2018 U.S. Dist. LEXIS 55724, 2018 U.S. Dist. LEXIS 55725 (April 2, 2018); *Johnson v. Ford Motor Co.,* 309 F.R.D. 226 (S.D. W. Va. 2015); *Thomas v. Ford Motor Co.,* 2014 U.S. Dist. LEXIS 43268 (D.S.C. Mar. 31, 2014); *In re Merkin Sec. Litig.,* 2015 U.S. Dist. LEXIS 178084 (S.D.N.Y. Aug. 24, 2015). Prior to joining Wolf Haldenstein, Mr. Brown was a business litigation attorney who represented financial institutions, corporations and partnerships and advised clients on business disputes, reorganizations, dissolutions and insurance coverage matters.

Mr. Brown is a member of the National Association of Pension Plan Attorneys and the National Black Lawyers, and a Fellow of the American Bar Foundation.

SPECIAL COUNSEL

**JUSTICE HERMAN CAHN: *admitted:*** New York. ***Education***: Harvard Law School and a B.A. from City College of the City University of New York. Justice Herman Cahn was first elected as Judge of the Civil Court of the City of New York in 1976. He subsequently served as an Acting Justice of the Supreme Court from 1980 until 1992, when he was elected to the Supreme Court. Throughout his decades on the bench, he principally handled civil cases, with the exception of 1981 until 1987, when he presided over criminal matters. Justice Cahn was instrumental in the creation of, and a founding Justice in, the Commercial Division within the New York State Supreme Court. He served as a Justice of the Commercial Division from its inception in 1993.

Among his most notable recent cases are the consolidated cases stemming from the Bear Stearns merger with JP Morgan (*In re Bear Stearns Litigation*); litigation regarding the America's Cup Yacht Race (*Golden Gate Yacht Club v. Société Nautique de Genève*); litigation stemming from the attempt to enjoin the construction of the new Yankee Stadium (*Save Our Parks v. City of New York*); and the consolidated state cases regarding the rebuilding of the World Trade Center site (*World Trade Center Properties v. Alliance Insurance; Port Authority v. Alliance Insurance*).

Justice Cahn is a member of the Council on Judicial Administration of the Association of the Bar of the City of New York. He has also recently been appointed to the



Character and Fitness Committee of the Appellate Division, First Department.  He is on the Register of Mediators for the United States Bankruptcy Court, Southern and Eastern Districts of New York.

Before ascending the bench, Justice Cahn practiced law in Manhattan.  He was first admitted to the New York bar in 1956.  He is admitted to practice in numerous courts, including the New York State courts, the Southern District of New York and the United States Supreme Court.

Of Counsel

**Daniel W. Krasner**:  *admitted:*  New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan.  *Education:* Yale Law School (LL.B., 1965); Yeshiva College (B.A., 1962).  Mr. Krasner is of counsel at Wolf Haldenstein.  He began practicing law with Abraham L. Pomerantz, generally credited as the "Dean of the Class Action Bar."  He founded the Class Litigation Group at Wolf Haldenstein in 1976.

Mr. Krasner received judicial praise for his class action acumen as early as 1978.  *See, e.g.*, *Shapiro v. Consolidated Edison Co.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 96,364 at 93,252 (S.D.N.Y. 1978) ("in the Court's opinion the reputation, skill and expertise of . . .  [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained"); *Steiner v. BOC Financial Corp.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner").  The New York Law Journal referred to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields.  In connection with a failed 1989 management buyout of United Airlines, Mr. Krasner testified before Congress.

More recently, Mr. Krasner has been one of the lead attorneys for plaintiffs in some of the leading Federal multidistrict cases in the United States, including the IPO Litigation in the Southern District of New York, the Mutual Fund Market Timing Litigation in the District of Maryland, and several Madoff-related litigations pending in the Southern District of New York.  Mr. Krasner has also been lead attorney in several precedent-setting shareholder actions in Delaware Chancery Court and the New York Court of Appeals, including *American International Group, Inc. v. Greenberg*, 965 A.2d 763 (Del. Ch. 2009) and the companion certified appeal, *Kirschner v. KPMG LLP*, Nos. 151, 152, 2010



N.Y. LEXIS 2959 (N.Y. Oct. 21, 2010); *Teachers' Retirement System of Louisiana and City of New Orleans Employees' Retirement System, derivatively on behalf of nominal defendant American International Group, Inc., v. PricewaterhouseCoopers LLP*, No. 152 (New York, October 21, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 119 (Del. Ch., May 25, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 139, (Del. Ch. July 5, 2010), appeal refused, 2010 Del. LEXIS 324, 2010 WL 2690402 (Del. 2010).

Mr. Krasner has lectured at the Practicing Law Institute; Rutgers Graduate School of Business; Federal Bar Council; Association of the Bar of the City of New York; Rockland County, New York State, and American Bar Associations; Federal Bar Council, and before numerous other bar, industry, and investor groups.

**PETER C. HARRAR**:   *admitted*; **New York;** United States Court of Appeals for the Fourth Circuit and the United States District Courts for the Southern and Eastern Districts of New York.   *Education*: Columbia Law School (J.D. 1984); Princeton University, Phi Beta Kappa, *magna cum laude*.  Mr. Harrar is of counsel at the firm and has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

He has represented investment funds, hedge funds, insurance companies and other institutional investors in a variety of individual actions, class actions and disputes involving mortgage-backed securities and derivative instruments. Examples include *In re EMAC Securities Litigation*, a fraud case concerning private placements of securitized loan pools, and *Steed Finance LDC v. LASER Advisors, Inc.*, a hybrid individual and class action concerning the mispricing of swaptions.

Over the years, Mr. Harrar has also served as lead or co-lead counsel in numerous securities class and derivative actions throughout the country, recovering hundreds of millions of dollars on behalf of aggrieved investors and corporations. Recent examples are some of the largest recoveries achieved in resolution of derivative actions, including *American International Group Consolidated Derivative Litigation*) ($90 million), and *Bank of America/Merrill Derivative Litigation* ($62.5 million).

**JEFFREY G. SMITH**:   *admitted:*   New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern, Central and Northern Districts of California and the Districts of Colorado and Nebraska.  *Education*: Woodrow Wilson School of



Public and International Affairs, Princeton University (M.P.A., 1977); Yale Law School
(J.D., 1978); Vassar College (A.B., *cum laude generali*, 1974).  At Yale Law School, Mr.
Smith was a teaching assistant for the Trial Practice course and a student supervisor in
the Legal Services Organization, a clinical program.  Member: The Association of the
Bar of the City of New York; New York State and American (Section on Litigation) Bar
Associations; State Bar of California (Member: Litigation Section); American Association
for Justice.  Mr. Smith has frequently lectured on corporate governance issues to
professional groups of Fund trustees and investment advisors as well as to graduate
and undergraduate business student groups, and has regularly served as a moot court
judge for the A.B.A. and at New York University Law School.  Mr. Smith has substantial
experience in complex civil litigation, including class and derivative actions, tender
offer, merger, and takeover litigation.  Mr. Smith is rated "AV" by Martindale Hubble
and, since its inception in 2006, has been selected as among the top 5% of attorneys in
the New York City metropolitan area chosen to be included in the Super Lawyers
Magazine.

ROBERT ALTCHILER: *Education*: State University of New York at Albany (B.S.,
Finance/Marketing,1985); The George Washington University (JD, 1988).

Robert's practice focuses primarily in the areas of White Collar criminal investigations,
corporate investigations, entertainment, litigation, and general corporate counseling.
Robert's diverse practice had developed as a result of his extensive international
business contacts and relationships in the entertainment world, in the United States and
the United Kingdom. Robert had successfully defended cases and resolved matters
spanning the most complex entertainment controversies, to virtually any imaginable
complex criminal or corporate matter.

Robert has successfully defended individuals and corporations in a wide array of
multifaceted investigations in areas such as mortgage fraud, securities fraud, tax fraud,
prevailing wage, money laundering, Bank Secrecy Act, embezzlement, bank and wire
fraud, theft of trade secrets, criminal copyright infringement, criminal anti-
counterfeiting, Foreign Corrupt Practices Act (FCPA), International Traffic In Arms
Regulations (ITAR), racketeering, continuing criminal enterprises, and circumvention of
trade restrictions, among many others. Robert also specializes in non-criminal
investigations relating to various topics, including finding money allegedly being
hidden by individuals, ascertaining the identities of individuals actually involved in
corporate matters (when a client believes those identities are being concealed), and



running undercover "sting" operations as part of civil and commercial litigation support.

Because of Robert's significant business contacts in the United Kingdom, and the United States, he is frequently called upon to assist clients in various forms of complex business matters, both domestic and international.  Robert's clients look to him as a trusted, experienced, creative, fearless hand who has demonstrated an ability to navigate even the most difficult and desperate situations.  Robert prides himself on his ability to develop aggressive creative winning strategies for his clients even when the clients believe their circumstances are hopeless.

In 1988, Robert started his legal career as a prosecutor in New York City, where he prosecuted a wide array of cases and headed up a variety of different investigations. As a prosecutor, he presented hundreds of cases to grand juries, and ran numerous investigations. In addition to trying several dozen serious cases, ranging from murder to fraud to narcotics violations, he also ran wiretap and grand jury investigations involving money laundering and other financial crimes, as well as a wiretap and investigation concerning a plot to assassinate a prominent NYC judge. Upon leaving the government, Robert began focusing on defending individuals and entities under government investigation and/or indictment. Early in private practice he defended numerous law enforcement officers under administrative and criminal scrutiny, in courts and administrative proceedings. His particular area of practice permitted Robert to further develop and strengthen his already close ties to law enforcement.

In addition to his practice, Robert has been an adjunct law professor at Pace University Law School since 1998, where he teaches trial advocacy, a course designed to teach law students how to be trial lawyers via a curriculum including the mock trial of a murder case. Robert is also a faculty member of the EATS Program run by Stetson Law School, an acclaimed program designed to teach law school trial advocacy professors creative and innovative pedagogical methods. Robert has also been a featured participant and lecturer at Cardozo Law School's acclaimed Intensive Trial Advocacy Program in New York City, and has also taught at Yale Law School. Robert's trial advocacy teaching requires him to constantly integrate new developments in communication theory and trial techniques into his teaching methods. Given the changing way students (and prospective jurors) communicate and digest information (via Twitter, Instagram and Snapchat, for example) Robert is a recognized leader at integrating neuroscientific principles into his teaching.  By actively participating in the weekly trials his students



conduct in class, and by frequently demonstrating methods, he is able to continually adapt his own communication skills and integrate cutting-edge developments into his own practice.

Robert is Special Advisor to the Dean of the Mt. Sinai School of Nursing, an adjunct professor at the school, a member of the Board of Trustees and the Chair of the Board of Trustees Nominations Committee. In his role as Special Advisor, Robert is tasked with counselling the Dean on innovative pedagogical methods designed to facilitate teaching Narrative Care and other topics. Robert instructs faculty on various topics, and will be teaching courses at the school in the immediate future.

Robert graduated from the George Washington University Law School (formerly, The National Law Center), where he began his career as an advocate by conducting administrative hearings and trials during his second and third year. Prior to GW, Robert graduated with honors from the Business School at the State University of New York at Albany in 1985. He is also a 1996 graduate of the National Criminal Defense College and a 1997 graduate of the National Institute for Trial Advocacy's Harvard Teacher Training Program.  Robert has also made dozens of television appearances on Fox, Court TV, and Tru TV, providing legal commentary on televised trials, and participating in discussions related to pertinent issues.

JENNY YOUNG DU PONT: *admitted*: New York; Massachusetts; District of Columbia; U.S. Supreme Court. *Education*: Princeton University (A.B. *cum laude*); Georgetown University Law Center/School of Foreign Service (J.D./M.S.F.S. *magna cum laude*); Order of the Coif; *Georgetown Law Journal*, Notes and Comments Editor.

Ms. du Pont has extensive experience representing domestic and international companies ranging in size from small privately-held firms to large public companies in a variety of corporate, investment, banking, insurance, finance, and employment matters.  Ms. du Pont began her legal career at two AmLaw 100 firms in Washington, D.C. and London, U.K. and a decade later moved into in-house counsel roles, first with Plymouth Rock Assurance Corporation in Boston, MA, and later with Millennium Management, LLC in New York.  Ms. du Pont also advises and presents on issues related to family businesses, family offices, and managing wealth transfer across generations.

In addition to her legal experience, Ms. du Pont has significant experience in the non-profit sector.  Ms. du Pont was President and CEO of The Garden Conservancy in Cold



Spring, New York and Executive Director of Miracle House of New York, Inc., and has acted a legal and strategic advisor to a variety of for profit and non-profit entities in New York.  For more than 20 years, Ms. du Pont also has been a director, trustee, and officer for a broad range of educational, cultural, scientific, and service non-profit entities.  Ms. du Pont served for a number of years as a Trustee of Phillips Exeter Academy, in Exeter, NH, and as a member and Vice Chair of the Warrant Committee for the Town of Dover in Massachusetts. She is currently a Director of the American Friends of the British Museum and of the American Patrons of the National Galleries and Library of Scotland, serves as an Advisory Council member for the Untermyer Gardens Conservancy in Yonkers, NY and the Sing Sing Prison Museum Master Narrative Project, in Ossining, NY, and is chair of the Advisory Council for the Conservation Law Foundation in Boston, MA.

**KATE MCGUIRE**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal*.

Ms. McGuire has extensive experience prosecuting complex litigation.  Her work encompasses consumer and data protection class actions, securities class and derivative shareholder cases and nationwide antitrust suits.

She is a member of the Firm's Consumer Protection practice group and, in that context, has worked intensively to protect classes of consumers under a range of state and federal laws. Recently, she served as a member of the co-lead counsel team in *Simerlein et al. v. Toyota Motor Corporation et al.*, 3:17-CV-01021-VAB (D. Conn.), representing more than a million owners of Sienna minivans in litigation that settled for class-wide benefits valued at between $30 and $40 million.  Presently, she serves on a team representing plaintiffs in multi-district litigation against Fisher-Price and Mattel, relating to Rock 'n Play infant sleepers which are alleged to be dangerous and misleadingly marketed. She has also served as a member of the firm's lead or co-counsel teams in other consumer protection cases, including litigation based upon allegations of misrepresentations and omissions concerning the purported safety of electronic cigarettes.

Ms. McGuire has also represented plaintiffs with respect to the protection of their civil rights.  For example, she represented a blind plaintiff in a suit under the Americans with Disability Act against a major trading online trading company, and represented a



group of minority business owners in federal civil rights litigation concerning disparate treatment which settled for significant governance therapeutics.

**CARL MALMSTROM:** *admitted:* Illinois; Minnesota; United States Court of Appeals for the Seventh Circuit; Northern and Southern Districts of Illinois; Northern District of Indiana; District of Minnesota; Eastern District of Missouri; Western District of New York. *Education:* University of Chicago (A.B., Biological Sciences, 1999; A.M., Social Sciences, 2001); The University of Hawai'i at Manoa (M.A., Anthropology, 2004); Loyola University Chicago School of Law (J.D., 2007). Prior to joining the firm, Mr. Malmstrom worked for the City of Chicago Department of Law in the Municipal Prosecutions Division; he is a member of the Chicago Bar Association. Mr. Malmstrom has substantial experience litigating complex class actions in several practice areas, including antitrust, consumer fraud, and data security. Representative cases in which he has represented plaintiffs include *Bokelman et al. v. FCH Enterprises, Inc.*, Case No. 1:18-cv-209 (D. Haw.), involving customers of Zippy's Restaurants in Hawaii whose personal data was stolen by hackers, *In re: Experian Data Breach Litigation*, Case No. 8:15-cv-1592 (C.D. Cal.); *Freeman-Hargis v. Taxi Affiliation Services, LLC*, Case No. 2016-CH-02519 (Cir. Ct. Cook Cty.), involving customers of several taxi services in Chicago who were unlawfully charged fees for using credit cards in taxis.

### ASSOCIATES

**PATRICK DONOVAN:** *admitted:* New York; U.S. District Courts for the Southern and Eastern Districts of New York; United States Court of Appeals for the Second and Fourth Circuits. *Education:* Iona College (B.A., Business Management, 2007); St. John's University School of Law (J.D. 2011). Mr. Donovan's primary areas of focus are securities, derivative and M&A litigation.

**LILLIAN GRINNELL:** *admitted*: New York; United States District Courts for the Southern and Eastern Districts of New York; United States Court of Appeals for the Federal Circuit. *Education*: Bryn Mawr College (A.B., Philosophy and Political Science, 2016); New York University Law School (J.D. 2019). Prior to joining Wolf Haldenstein, Ms. Grinnell served as an Excelsior Service Fellow with the Consumer Protection and Financial Enforcement Division of the NYS Department of Financial Services.

**ROURKE DONAHUE:** *admitted*: New York. *Education:* University of North Carolina at Chapel Hill (B.A., Philosophy, 2017), Honors Program; Georgetown University Law Center (J.D. 2020). Prior to joining the firm, Mr. Donahue clerked for the Hon. Timothy P. Lydon, Presiding Judge of Equity, at the New Jersey Superior Court in Trenton, New



Jersey. In law school, Mr. Donahue interned at the Department of Justice's Civil Division, Christie's Auction House, and Manhattan Legal Services and served as the Administrative Editor of the *Georgetown Environmental Law Review*.

**ALEX J. TRAMONTANO:** *admitted:* California; U.S. District Courts for the Southern, Central and Eastern Districts of California; United States Court of Appeals for the Ninth Circuit. *Education:* University of Massachusetts, Amherst (B.A., Political Science and Legal Studies, *cum laude*, 2008); California Western School of Law (J.D., 2011). Mr. Tramontano's primary areas of focus are securities, anti-trust, unfair and deceptive practices, civil rights and data breach related class actions. Prior to joining Wolf Haldenstein, Mr. Tramontano worked as an associate at an AmLaw 100 firm, as well as other regional law firms in southern California. Mr. Tramontano has over a decade of litigation experience defending and prosecuting complex actions on behalf of individuals and businesses in both Federal and State courts. Mr. Tramontano began his legal career as a Police Cadet at the University of Massachusetts Amherst. He went on to law school and joined the San Diego District Attorney's Office as a Certified Legal Intern before transitioning to private practice.

**FERDEZA ZEKIRI:** *admitted:* California; U.S. District Court for the Central District of California. *Education:* Gonzaga University (B.A., Criminal Justice and Psychology, 2017); University of California, Los Angeles School of Law (J.D. 2020). In law school, Ms. Zekiri served as a Managing Editor of the UCLA School of *Law's Journal of Environmental Law & Policy,* and worked as a research assistant for the UCLA Law Library. Prior to joining Wolf Haldenstein, Ms. Zekiri was an associate attorney at Talkov Law where she primarily focused on real estate litigation.

## PARAPROFESSIONALS

**GREGORY STONE:** *Education:* University of Pennsylvania (B.S., Economics, 1979); University of California, Los Angeles (MBA, 1983). Mr. Stone is the Firm's Director of Case and Financial Analysis. He assists partners and associates in identifying and researching potential federal class action securities, derivative litigation and merger & acquisition (M&A) litigation. Mr. Stone has worked with leading securities class action firms in an analytical and investigative role for over 18 year throughout the United States, and has an extensive professional background in the accounting and investment professions. He plays a key role in new case development, including performing investigations into potential securities fraud class actions, derivative and other



corporate governance related actions. By using a broad spectrum of financial news and legal industry research tools, Mr. Stone analyzes information that helps identify and support the theories behind the firm's litigation efforts.

## Non-Discrimination Policies

Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination.  The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960s by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

270 MADISON AVENUE
NEW YORK, NY 10016
Telephone: 212-545-4600
Telecopier: 212-545-4653
www.whafh.com

SYMPHONY TOWERS
750 B STREET, SUITE 1820
SAN DIEGO, CA 92101
Telephone:  619-239-4599
Telecopier: 619-234-4599

111 West Jackson
SUITE 1700
CHICAGO, IL 60604
Telephone: 312-984-0000
Telecopier: 312-214-3110



Exhibit 4

Joint Declaration In Support of Plaintiffs' Unopposed Motion to Direct Class Notice
and Grant Preliminary Approval of Class Action Settlement

  

# BARRACK | RODOS | BACINE

**FIRM BIOGRAPHY**

**www.barrack.com**

3300 TWO COMMERCE SQUARE
2001 MARKET STREET
PHILADELPHIA, PA 19103
215.963.0600  F: 215.963.0838

ONE AMERICA PLAZA
600 WEST BROADWAY, SUITE 900
SAN DIEGO, CA 92101 619.230.0800
F: 619.230.1874

ELEVEN TIMES SQUARE
640 8TH AVENUE, 10TH FLOOR
NEW YORK, NY 10036
212.688.0782  F: 212.688.0783

Barrack, Rodos & Bacine ("BR&B") has been extensively involved for more than forty years in complex class action and derivative litigation, participating in hundreds of such cases and recovering over **$15 billion** dollars for class members, including several such actions that alone have secured recoveries in excess of **$1 billion**. The Firm has concentrated this complex practice in securities, shareholder rights, antitrust, and consumer class actions. The Firm has had significant leadership positions in these litigations, having been appointed by courts as lead counsel in numerous class actions throughout the United States.

## Significant Consumer Cases

The Firm has achieved significant recoveries on behalf of class members in consumer cases, including the following:

➢ "Senior Annuity" cases in which BR&B served as a co-lead counsel or participated in the prosecution group, which achieved settlements valued in the aggregate **between $552 million and $1.273 billion**, after asserting claims against insurance companies under consumer protection and elder abuse statutes arising from sales and marketing practices and the Racketeer Influenced and Corrupt Organizations Act, including the following:

- *Negrete. et al. v. Allianz Life Insurance Company of North* America, Case No. 05-cv-06838-CAS-MAN (C.D. Cal.), resulted in a claims-made settlement valued between $251 million and **$971 million**;

- *In re American Equity Annuity Practices and Sales Litigation*, Case No. 2:05-cv-06735-CAS-MAN (C.D. Cal.), resulted in a settlement valued at approximately **$129 million**;

- *Rand v. American National Insurance Co.*, Case No. 3:09-cv-0639-WDB (N.D. Cal.), resulted in a settlement valued at more than **$9 million**;

- *Negrete, et al. v. Fidelity and Guaranty Life Insurance* Company, Case No. 2:05-cv-06837-CAS-MAN (C.D. Cal), resulted in a settlement valued at approximately **$52.7 million**;

- *Meadows v. Jackson National Life Insurance Co.*, Case No. 4:12-cv-1380-CW (N.D. Cal), resulted in a settlement valued at more than **$11.2 million**;

- *Midland National Life Insurance Co Annuity Sales Practices Litigation*, Case No. 2:07-ml-01825-CAS-MAN (C.D. Cal.), resulted in a settlement valued at **$79.5 million**; and

- *In re National Western Life Insurance Deferred Annuities Litigation*, Case No. 05-cv-1018-AJB (WVG), resulted in a settlement valued at more than **$21 million**.

➢ *Rieff v. Evans* (Allied Mutual Insurance Company Demutualization Litigation), Civil Action No. CE 35780 (Polk Cty., Iowa, District Ct.). BR&B, as co-lead counsel for a class of individual mutual insurance company policyholders (as owners of the mutual, similar to shareholder-owners of a stock company), brought an action against management for, inter alia, conversion of the value of their ownership interests in the mutual under a theory of de facto demutualization. The Iowa Supreme Court upheld the plaintiffs' theory in *Rieff v. Evans*¸ 630 N.W.2d 278 (Iowa 2001), and the case was subsequently resolved for **approximately $130 million**.

> *Gutierrez v. Charles J. Givens Organization, et al.*, Case No. 667169 (San Diego Cty., California, Superior Court).  BR&B, on behalf of the plaintiff and similarly situated class members, achieved a jury verdict in **excess of $14 million** for the benefit if the plaintiff consumer class.

> In *Feller, et al. v. Transamerica Life Insurance Company*, Case No. 16-cv-01378 CAS (AJWx), in the Central District of California, which was ultimately **settled for $200 million**, BR&B served as interim executive committee counsel.

> BR&B is currently serving in a leadership position in consumer class actions, including *In re: Lincoln National COI Litigation,* Case No. 16-cv-06605-GJP (E.D. Pa.) (Chair of Plaintiffs' Steering Committee), and *In re: Lincoln National 2017 COI Rate Litigation,* Case No. 2:17-cv-04150-GJP (E.D. Pa.) (Co-Chair of Plaintiffs' Steering Committee).

> In 2017, the Attorney General of the State of New Mexico appointed Stephen R. Basser, Jeffrey A. Barrack, and Samuel M. Ward of Barrack, Rodos & Bacine as Special Assistant Attorneys General for the purpose of prosecuting an action on behalf of New Mexico consumers against Vivint Solar, Inc., and other defendants for violations of New Mexico Consumer law. The action, *State of New Mexico, ex. Rel., Hector H. Balderas, Attorney General of New Mexico v. Vivint Solar Developer, LLC,* Case No. D-202-CV-2018-01936, was settled in 2020 in exchange for a substantial cash payment and changes to Vivint's marketing and training policies.

> Serving via Barrack partner Stephen R. Basser as interim Executive Committee chair in *In re Forefront Data Breach Litigation*, Master File No. 1:21-cv-00887-LA, in the Eastern District of Wisconsin.

> Serving via Barrack partner Stephen R. Basser as interim Executive Committee member in *In re Lincare Holdings Data Breach Litig.*, Case No. 8:22-cv-01472 (M.D. Fla.).

> Serving via Barrack partner Stephen R. Basser as interim Executive Committee member in *In re Shields Health Group Data Breach Litig.*, Case No. 1:22-cv-10901 (D. Mass.).

> Serving via Barrack partner Stephen R. Basser as a member of Plaintiffs' Steering Committee in *In re East Palestine Derailment Litig.*, Case No. 4:23-cv-00242 (N.D. Ohio).

> Served via Barrack partner Stephen R. Basser as Interim Executive Committee Counsel in *In re Toyota Hybrid Brake Litigation*, Case No. 4:20-CV-00127-ALM, in the Eastern District of Texas.

> Served via Barrack partner Stephen R. Basser as Interim Executive Committee Counsel in *Lane, et al. v. Nissan of Norther America, Inc.*, (*In re Nissan CVT* Litigation) CV-00150, in the Middle District of Tennessee, which settled in 2020 for a valuation of benefits conferred on class members exceeding **$300 million**.

> Served as Interim Executive Counsel via Barrack partner Stephen R. Basser in *In re General Mills Glyphosate Litigation*, Case No. 0:16:-CV-2869, in the District of Minnesota.

> Currently serving as Interim Executive Committee Counsel in *In re Evenflo Co., Inc. Marketing, Sales Practices and Products Liability Litigation*, Civil Action No. 1:20md-02938-DJC in the District of Massachusetts.

➢ *Hernandez, et al. v. Google, Inc., et al.,* Case No. 1-15-CV-280601 (Santa Clara Cty., California, Superior Ct.), before the Honorable Brian C. Walsh.  BR&B, on behalf of the plaintiffs and similarly situated purchasers of gift cards issued by Google, Inc. for use in its Google Play Store, prosecuted this action to require defendants to abide by California law with regard to gift cards with less than a $10.00 balance on them.  Pursuant to the settlement reached in the case, which is pending final approval, Google agreed to comply with California law, which requires sellers to refund gift card balances of less than $10.00 upon request.  In addition, Google agreed to (1) provide refunds to all Google Play users who had previously requested, but were denied, such refunds; (2) provide additional training regarding the refund requirements to its customer service representatives; and (3) provide notice of the availability of refunds on its website.  Notably, after the filing of the lawsuit, Google revised its payment system, allowing gift card users to combine their gift cards with other forms of payment.  The changes adopted by Google pursuant to the settlement are ongoing, providing benefit to millions of Google Play gift card users.

## Significant Antitrust Cases

The firm has been appointed lead counsel or to the leadership group in many antitrust class action cases, including:

*In re Lithium Ion Batteries Antitrust Litigation,* MDL Docket No. 2420, the Honorable Yvonne Gonzalez Rogers in the Northern District of California;

*In re Fasteners Antitrust Litigation*, MDL Docket No. 1912, the Honorable R. Barclay Surrick in the Eastern District of Pennsylvania;

*In re Publication Paper Antitrust Litigation*, Docket No. 3:04 MDL 1631 (SRU), the Honorable Stefan R. Underhill in the District of Connecticut;

*In re Automotive Paint Refinishing Antitrust Litigation*, MDL No. 1426, the Honorable R. Barclay Surrick in the Eastern District of Pennsylvania;

*Brookshire Brothers, Ltd., et al. v. Chiquita Brands International, Inc., et al.*, Lead Case No. 05-21962-Cooke/Brown, the Honorable Marcia G. Cooke in the Southern District of Florida, Miami Division;

*Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc., et al.* (Carbon Fiber Antitrust Litigation), No. CV-99-07796-GHK(Ctx), the Honorable Florence Marie Cooper in the Central District of California, Western Division;

*In re Graphite Electrodes Antitrust Litigation*, Master File No. 97-CV-4182(CRW), the Honorable Charles R. Weiner in the Eastern District of Pennsylvania;

*In re Flat Glass Antitrust Litigation,* Master Docket Misc. No. 970550, MDL No. 1200, the Honorable Donald E. Ziegler in the Western District of Pennsylvania;

*In re New Jersey Title Insurance Litigation*, No. 2:08-cv-01425-GEB, the Honorable Garrett E. Brown in the District of New Jersey;

*In re Bath and Kitchen Fixtures Antitrust Litigation,* Docket No. 05-cv-00510-MAM, the Honorable Mary A. McLaughlin in the Eastern District of Pennsylvania;

*In re Sorbates Antitrust Litigation*, Master File No. C 98-4886 MCC, the Honorable William H. Orrick, Jr. in the Northern District of California;

*In re Sodium Gluconate Antitrust Litigation*, No. C-97-4142CW, the Honorable Claudia Wilken in the Northern District of California;

*In re Vitamins Antitrust Litigation*, MDL No. 1285, the Honorable Thomas F. Hogan in the District of Columbia;

*In re: Metal Building Insulation Antitrust Litigation*, Master File No. H-96-3490, the Honorable Nancy F. Atlas in the Southern District of Texas;

*In re Carpet Antitrust Litigation*, MDL No. 1075, the Honorable Harold L. Murphy in the Northern District of Georgia, Rome Division;

*In re Citric Acid Antitrust Litigation*, Master File No. 95-2963, the Honorable Charles A. Legge in the Northern District of California; and

*Capital Sign Company, Inc. v. Alliance Metals, Inc.*, et al., Civil Action No. 95-CV-6557 (LHP), the Honorable Louis H. Pollak in the Eastern District of Pennsylvania;

*Plastic Cutlery Antitrust Litigation*, Master File No. 96-728, the Honorable Joseph L. McGlynn in the Eastern District of Pennsylvania.

## Recoveries Achieved in Antitrust Cases

The Firm has achieved significant recoveries on behalf of class members in antitrust cases, including the following:

➢ *In re Urethane Antitrust Litigation*, 2:04-md-01616-JWL (D. Kan.).  After nearly nine years of litigation and four weeks of trial, the Jury reached a verdict for plaintiffs in excess of **$400 million** (before trebling) against defendant Dow Chemical Company, and the District Court entered a Judgment of **$1.06 billion**, which was upheld on appeal by the Tenth Circuit Court of Appeals.  While on appeal to the U.S. Supreme Court, the case against Dow settled for **$835 million**, which was in addition to earlier settlements reached with other defendants.  BR&B served as a member of the trial team for the case.

➢ *In re Vitamins Antitrust Litigation*, MDL No. 1285 (D.D.C.).  In this highly complex litigation, plaintiffs achieved settlements **in excess of $1 billion**.  BR&B served as a member of the executive committee.

➢ *In re Citric Acid Antitrust Litigation*, Master File No. 95-2963 (N.D. Cal.).  After five years of litigation, plaintiffs achieved settlements totaling **over $80 million**.  BR&B served as co-lead counsel.

➢ *In re Graphite Electrodes Antitrust Litigation*, Master File No. 97-CV-4182 (CRW) (E.D. Pa.).  After six years of litigation, plaintiffs achieved settlements totaling **over $133 million**.  BR&B served as co-lead counsel.

➢ *In re Automotive Refinishing Paint Antitrust Litigation*, MDL No. 1426 (E.D. Pa.).  After five years of litigation, plaintiffs achieved settlements totaling **over $105 million**.  See 617 F. Supp.2d 336 (E.D. Pa. 2007).  BR&B served as co-lead counsel.

➢ *In re Sorbates Antitrust Litigation,* No. C 98-4886 (N.D. Cal.).  After four years of litigation, plaintiffs achieved settlements in the total amount of **$96.5 million**.  BR&B served as co-lead counsel.

➢ *Thomas & Thomas Rodmakers, Inc., et al. v. Newport Adhesives and Composites, et al.*, No. CV-99-07796 FMC (RNBx) (C.D. Cal.) (Carbon Fiber Antitrust Litigation).  Plaintiffs achieved settlements totaling **$67.5 million**.  BR&B served as co-lead counsel.

➢ *In re Polypropylene Carpet Antitrust Litigation*, MDL No. 1075 (N.D. Ga.).  After five years of litigation, plaintiffs achieved a recovery of **nearly $50 million**.  See 93 F. Supp. 2d 1348 (N.D. Ga. 2000).  BR&B served as co-lead counsel.

➢ *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (E.D. Pa.).  After more than seven years of litigation, plaintiffs were successful in maintaining the case on appeal, see 385 F.3d 350 (3d Cir. 2004), and achieved total recoveries of **more than $120 million**.  BR&B served as co-lead counsel.

## Significant Securities and Shareholder Cases

Among the many securities law, derivative and fiduciary duty cases where the Firm has been appointed lead counsel in recent years are the following:

*In re Grand Canyon Education, Inc. Securities Litigation,* No. 20-639-MN-CJB, before the Honorable Maryellen Noreika in the District of Delaware;

*Allegheny County Employees' Retirement System v. Energy Transfer LP, et al.,* Case No. 2:20-cv-00200-GAM, before the Honorable Gerald A. McHugh in the Eastern District of Pennsylvania;

*In re Dentsply Sirona, Inc. Securities Litigation,* No. 18-cv-7253 (NG) (PK), before the Honorable Nina Gershon in the Southern District of New York;

*In re WageWorks, Inc. Securities Litigation*, Case No. 4:18-cv-01523-JSW, before the Honorable Jeffrey S. White in the Northern District of California;

*Shenk v. Mallinckrodt PLC, et al.,* No. 1:17-00145-DLF, before the Honorable Dabney L. Friedrich in the District of Columbia;

*In re Roadrunner Transportation Systems, Inc. Securities Litigation,* Case No. 17-cv-144-PP, before the Honorable Pamela Pepper in the Eastern District of Wisconsin;

*In re DFC Global Corp. Securities Litigation,* Civil Action No. 2:13-cv-06731-BMS, before the Honorable Berle M. Schiller in the Eastern District of Pennsylvania;

*Pennsylvania Public School Employees' Retirement System v. Bank of America Corp., et al.,* Civil Action No. 1:11-cv-733-WHP, before the Honorable William H. Pauley, III, in the Southern District of New York;

*In re Omnivision Technologies, Inc. Securities Litigation,* Case No. 5:11-cv-05235, before the Honorable Ronald M. Whyte in the Northern District of California;

*Louisiana Municipal Police Employees Retirement System v. Green Mountain Coffee Roasters et al.,* Case No. 11-cv-00289, before the Honorable William K. Sessions, III, in the District of Vermont;

*In re American International Group Inc. 2008 Securities Litigation*, Master File No. 08-CV-4772-LTS, before the Honorable Laura Taylor Swain in the Southern District of New York;

*In re McKesson HBOC, Inc. Securities Litigation,* No. C-99-20743-RMW, before the Honorable Ronald M. Whyte in the Northern District of California;

*In re WorldCom, Inc. Securities Litigation*, Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote in the Southern District of New York;

*In re Cendant Corporation Litigation*, Master File No. 98-1664 (WHW), before the Honorable William H. Walls in the District of New Jersey;

*In re Apollo Group, Inc. Securities Litigation*, Master File No. CV 04-2147-PHX-JAT, before the Honorable James A. Teilborg in the District of Arizona;

*In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*, Master File No. 07-cv-9633 (LBS)(AJP)(DFE), before the Honorable Jed S. Rakoff in the Southern District of New York;

*In re The Mills Corporation Securities Litigation*, Civil Action No. 1:06-77 (GBL), before the Honorable Liam O'Grady in the Eastern District of Virginia;

*In re R & G Financial Corp. Securities Litigation*, No. 05 cv 4186, before the Honorable John E. Sprizzo in the Southern District of New York;

*In re Bridgestone Securities Litigation*, Master File No. 3:01-0017, before the Honorable Robert L. Echols in the Middle District of Tennessee;

*In re DaimlerChrysler Securities Litigation*, No. 00-0993, before the Honorable Joseph J. Farnan, Jr. in the District of Delaware;

*In re Schering-Plough Securities Litigation*, Master File No. 01-CV-0829 (KSH/RJH), before the Honorable Katherine Hayden in the District of New Jersey;

*In re Pepsi Bottling Group Shareholder Litigation,* C.A. No. 4526-VCS, before the Honorable Leo E. Strine, Jr. in the Delaware Court of Chancery;

*In re Nationwide Financial Services Litigation*, Case No. 2:08-CV-00249, before the Honorable H. Michael Watson, in the Southern District of Ohio;

*In re Chiron Shareholder Deal Litigation*, Case No. RG 05-230567, before the Honorable Robert B. Freedman in the California Superior Court for Alameda County; and

*Dennis Rice v. Lafarge North America, Inc., et al.*, Civil No. 268974-V, before the Honorable Michael D. Mason in the Circuit Court for Montgomery County, Maryland.

## Recoveries Achieved in Securities and Shareholder Cases

The Firm has achieved significant recoveries on behalf of class members, including institutional clients, in more than 50 cases since passage of the PSLRA, including the following:

➢  *In re WorldCom, Inc. Securities Litigation*, Master File No. 02 Civ. 3288 (DLC) (S.D.N.Y.).  BR&B, as co-lead counsel for lead plaintiff the Comptroller of the State of New York, the sole Trustee for the New York State Common Retirement Fund ("NYSCRF"), negotiated **$6.19 billion** in settlements with defendants, including a settlement with the company's outside auditor, Arthur Andersen LLP, after nearly five weeks of trial.  The recovery is the largest ever achieved in the Southern District of New York and in the Second Circuit.

➢  *In re Cendant Corporation Litigation*, Civil Action No. 98-1664 (WHW) (D.N.J.).  BR&B, as co-lead counsel, represented co-lead plaintiffs NYSCRF and the California Public Employees' Retirement System.  This litigation was settled for $3.18 billion – which, at the time, was by far the largest recovery ever achieved in a class action under the securities laws – plus a contingency that brought the total recovery to **$3.32 billion**.  The $335 million settlement with Ernst & Young, the outside auditor for one of the Cendant predecessor companies, continues to stand as the largest recovery from an accounting firm in a securities class action.  The recovery is the largest ever achieved in the District of New Jersey and in the Third Circuit.

➢  *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. CV-99-20743 RMW (N.D. Cal.).  BR&B, as co-lead counsel, represented the NYSCRF as sole lead plaintiff.  BR&B vigorously prosecuted the case against the company, its management, HBOC, Inc.'s former auditor, Arthur Andersen LLP, and Bear Stearns & Co., Inc., which had issued a fairness opinion in connection with the merger between McKesson and HBOC.  After contentious motion practice and during discovery, BR&B participated with the NYSCRF in negotiating settlements totaling **$1.052 billion**.  The recovery is the largest ever achieved in the Northern District of California and in the Ninth Circuit.

➢  *In re American International Group, Inc. 2008 Securities Litigation*, Case No. 08-cv-4772-LTS-DCF (S.D.N.Y.).  BR&B served as a co-lead counsel representing the State of Michigan Retirement Systems.  After more than six years of intensive litigation, including the completion of all fact discovery and full briefing, its management, an evidentiary hearing, and oral argument on lead plaintiff's motion for class certification, the parties reached settlements totaling **$970.5 million**, which the court approved on March 20, 2015, finding that it was an "outstanding result obtained on behalf of the settlement class."  The recovery is among the largest achieved in a securities fraud class action stemming from the 2008 financial crisis, and appears to be the largest securities class action settlement in the absence of a criminal indictment, an SEC enforcement action or a restatement of a company's financial statements.

➢ *In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*, Master File No. 07-cv-9633 (LBS)(AJP)(DFE), pending before the Honorable Jed S. Rakoff in the Southern District of New York.   BR&B, as co-lead counsel for sole lead plaintiff the State Teachers Retirement System of Ohio, negotiated a **$475 million** settlement with defendants in January 2009.

➢ *Pennsylvania Public School Employees' Retirement System v. Bank of America Corp., et al.,* Civil Action No. 1:11-cv-733-WHP, pending before the Honorable William H. Pauley, III, in the Southern District of New York.  After nearly six years of litigation, BR&B, as the sole lead counsel for sole lead plaintiff the Pennsylvania Public School Employees' Retirement System, negotiated a **$335 million** settlement with defendants that the court approved in December 2016.

➢ *In re DaimlerChrysler AG Securities Litigation*, Master File No. 00-993 (JJF) (D. Del.).  BR&B, as co-lead counsel for institutional investors the Denver Employees Retirement Plan, the Policemen's Annuity and Benefit Fund of Chicago, and the Municipal Employees Annuity and Benefit Fund of Chicago, negotiated in October 2003, a **$300 million** settlement of this case involving the purported "merger of equals" between Daimler Benz and Chrysler Corporation.  Notably, in a related opt out case, the court granted summary judgment in defendants' favor, leaving the opt out plaintiff with no recovery.

➢ *In re The Mills Corporation Securities Litigation*, Civil Action No. 1:06-cv-00077 (LO/TRJ) (E.D. Va.).  BR&B, as co-lead counsel and counsel for co-lead plaintiff the Iowa Public Employees Retirement System ("IPERS"), negotiated settlements totaling **$202.75 million** with the defendant real estate investment trust corporation, with Mills' former auditor, Ernst & Young, and with a foreign real estate development company.  When it was approved in December 2009, the global settlement of the case was the largest securities fraud class action recovery in the Eastern District of Virginia.

➢ *In re Schering-Plough Securities Litigation*, Master File No. 01-CV-0829 (KSH/RJH), before the Honorable Katherine Hayden in the District of New Jersey.  BR&B, as lead counsel for sole lead plaintiff the Florida State Board of Administration, negotiated a **$165 million** settlement after 8 years of hard-fought litigation.  The settlement, approved in December 2009, was described by the Court as the product of "hard work and good judgment in ultimately achieving a negotiated resolution of substantial value to the class."

➢ *In re Apollo Group, Inc. Securities Litigation*, Master File No. CV 04-2147-PHX-JAT, before the Honorable James A. Teilborg in the District of Arizona.  BR&B, as lead counsel for sole lead plaintiff the Policemen's Annuity and Benefit Fund of Chicago ("PABF"), conducted a two month trial which resulted in a **unanimous jury verdict in January 2008 for the lead plaintiff and investor class for the full amount of price inflation per share that the lead plaintiff had requested**.  Although the district court judge entered a judgment for defendants notwithstanding the verdict on loss causation grounds, on June 23, 2010, the Ninth Circuit overturned the judgment and reinstated the jury verdict in favor of plaintiffs and the investor class.  The decision of the Court of Appeals to reinstate the plaintiffs' jury verdict appears to be the only time such an appellate decision has been made since passage of the PSLRA.  On March 7, 2011, the U.S. Supreme Court denied defendants' petition for certiorari, thereby allowing the Ninth Circuit's decision to stand and for the district court to enter judgment in favor of the plaintiff class.  Later in 2011, the case was resolved by the payment by defendants of **$145 million** for the benefit of the injured investors.  On April 20, 2012, the court granted final approval of the case resolution.

➢ *Michael Rubin v. M.F. Global Ltd.*, Case No. 08cv2233 (VM), before the Honorable Victor Marrero in the Southern District of New York.  BR&B, as co-lead counsel and counsel for co-lead plaintiffs IPERS and the PABF, negotiated a **$90 million** settlement after the Second Circuit Court of Appeals reversed the trial court's dismissal of the complaint.

➢ *In re R&G Financial Corporation, et al.*, Civil Action No. 1:05cv04186 (JES), before the Honorable John E. Sprizzo in the Southern District of New York.  BR&B, as co-lead counsel for co-lead plaintiff the City of Philadelphia Board of Pensions and Retirement, negotiated a **$51 million** settlement with defendants.

➢ *In re Pepsi Bottling Group Shareholder Litigation,* C.A. No. 4526-VCS, before the Honorable Leo E. Strine, Jr. in the Delaware Court of Chancery.  BR&B, as co-lead counsel for co-lead plaintiff IBEW Local 98, challenged the proposed takeover of Pepsi Bottling Group (PBG), by PepsiCo, and in related actions, shareholders of PepsiCo's other primary bottling company, PepsiAmericas, Inc. (PAS), challenged the proposed takeover of PAS by PepsiCo. After significant litigation of the PBG and PAS actions, and through negotiations of special committees of both bottling companies' boards, PepsiCo agreed to: (a) significantly higher acquisition prices that provided PBG shareholders as a group with **$1.022 billion** more in value; (b) delete the cross-conditionality provision for the two deals; (c) reductions in the merger agreements' termination fees and termination tail periods; and (d) additional disclosures in the final proxy statements for the two deals. On June 1, 2010, then-Vice Chancellor Strine granted final approval of the settlements of the related cases, crediting the litigation brought by the plaintiffs and their counsel as a causal factor in prompting PepsiCo to make fuller offers for the bottling companies.

➢ *In re Nationwide Financial Services Litigation*, Case No. 2:08-CV-00249, before the Honorable H. Michael Watson, in the U.S. District Court for the Southern District of Ohio.  BR&B, as co-lead counsel, represented lead plaintiff the International Brotherhood of Electrical Workers Local 98 Pension Fund in this class action litigation contesting the buy-out of Nationwide Financial Services, Inc. by its majority owner Nationwide Mutual Insurance Company and certain affiliates in 2008.  After extensive negotiations, Nationwide Mutual agreed to increase its tender offer price from its initial offer of $47.20 per share to the final price of $52.25 per share, a benefit to the class of approximately **$232.8 million** (a 10.7% increase), and further agreed to additional disclosures in the final proxy statement.  In assessing the settlement, the Court agreed with lead plaintiffs that it represented an "excellent result for the Class."

➢ *Dennis Rice v. Lafarge North America, Inc., et al.*, Civil No. 268974-V, before the Honorable Michael D. Mason in the Circuit Court for Montgomery County, Maryland.  BR&B, as co-lead counsel, represented lead plaintiff the City of Philadelphia Board of Pensions and Retirement in this class action litigation contesting the buy-out of Lafarge North America by majority owner Lafarge S.A in 2006.  After extensive discovery and injunction practice, Lafarge SA agreed to increase its tender offer price from its initial offer of $75 per share to the final price of $85.50, a benefit to the class of approximately **$388 million**.

➢ *In re Chiron Shareholder Deal Litigation*, Case No. RG 05-230567, before the Honorable Robert B. Freedman in the California Superior Court for Alameda County.  BR&B, as lead counsel, represented an individual investor and the class in this class action litigation contesting the proposed acquisition of Chiron Corp. by Novartis AG in 2005.  After extensive discovery and injunction practice, Novartis agreed to increase the offering price from its initial offer of $40 per share to the final price of $48, a benefit to the class of approximately **$880 million**.

➢ *In re Applied Micro Circuits Corp. Securities Litigation*, Civil Action No. 01-cv-0649-K (AJB) (S.D.Cal.).  BR&B, as sole lead counsel for lead plaintiff the Florida State Board of Administration, negotiated a **$60 million** settlement in 2005.

➢ *In re Sunbeam Securities Litigation*, Case No. 98-8258-Civ-Middlebrooks (S.D. Fla.).  BR&B represented a lead plaintiff group that included the CWA/ITU Negotiated Pension Plan in this litigation, which could not be prosecuted against Sunbeam itself due to its bankruptcy filing.  This case resulted in settlements in 2002 totaling **more than $140 million** from Arthur Andersen LLP, Albert J. Dunlap, Russell Kersh and one of the Company's insurers.  The settlement included a record breaking $110 million settlement with Arthur Andersen and one of the largest individual securities settlements ($15 million) from the company's former chief executive officer, "Chainsaw" Al Dunlap.

➢ *In re 3Com Securities Litigation*, Master File No. C 97-21083-EAI (N.D. Cal.).  This case, in which BR&B represented a lead plaintiff group of individual investors, involved discovery taken throughout the United States and in Europe with respect to 3Com and its outside auditing firm.  A settlement in the amount of **$259 million** was reached at the end of the discovery process.

➢ *In Re Barnes & Noble Stockholder Derivative Litigation*, C.A. No. 4813-CS, before the Honorable Leo E. Strine, Jr. in the Delaware Court of Chancery.  BRB served as co-lead counsel in this derivative action challenging the corporation's overpayment for an asset owned by its controlling stockholder.  After extensive litigation, an eve-of-trial settlement providing a reduction in the purchase price of the asset of **$29 million** was achieved.  The settlement was approved on September 4, 2012.

➢ *In re Cheniere Energy, Inc. Stockholders Litigation*, C.A. No. 9710-VCL, in the Delaware Chancery Court. BR&B achieved a settlement of lawsuits filed on behalf of investors against Cheniere's CEO, certain other senior executives, and the members of Cheniere's board of directors alleging that Cheniere's management team and board breached the terms of the company's bylaws as well as their fiduciary duties to the company and its shareholders with respect to stock awards made in 2013.  Upon the filing of the initial complaint by BR&B, Cheniere postponed the Annual Stockholder Meeting for three months, and thereafter took off the agenda for the Meeting the proposal to add another 30 million shares to the stock incentive plan's share reserve.  The settlement negotiated with defendants, among other things: (a) invalidated the board's ability to issue to company insiders 7.845 million shares of stock that the company claimed had been validly set aside for compensation purposes based on a prior stockholder vote, which shares had a market price-based value at the time of the settlement of approximately **$565 million**; (b) provided that the 7.845 million shares could be used for compensation purposes only if the company scheduled a new vote and obtained stockholder authorization pursuant to a voting standard in line with the default provision of Delaware law, a so-called "present and entitled to vote" standard under which abstentions are counted as "no" votes; and (c) prohibited the company from granting to company insiders or seeking stockholder approval for any further stock-based compensation to company insiders until January 1, 2017.  The Court approved the settlement in March 2015.

➢ *Public Employees' Retirement System of Mississippi v. Leonard S. Schleifer, et al.* (Regeneron Pharmaceuticals, Inc. Derivative Case), No. 656813/2017, Part 39 (N.Y. Supreme Ct.).  BR&B, on behalf of the MPERS, filed a shareholder derivative complaint in the New York Supreme Court in November 2017, alleging that Regeneron Pharmaceuticals, Inc.'s then-current and certain former directors breached their fiduciary duties and were unjustly enriched

when they approved and/or received allegedly excessive compensation in 2013, 2014, 2015, and 2016, and that they breached their fiduciary duties in 2014 when they approved a long-term incentive plan and in 2017 when they approved the amended and restated plan, both of which authorized the award of equity compensation to directors and others.  After certain Court-ordered document discovery took place, BR&B negotiated a settlement on behalf of MPERS (subsequently joined by plaintiffs in a related action) in which: (1) Regeneron agreed to a significant reduction of the compensation that will be provided to its non-employee directors and the chairman of its board for the next five years, providing a financial benefit to the Company of **$44.5 million**; (2) defendants agreed that after 2021, only a vote of non-affiliated shareholders can increase the compensation caps agreed to in the settlement, meaning the Company insiders as well as potentially interested shareholders will not be able to vote on this issue; (3) Regeneron agreed to provide increased disclosures concerning director compensation for the next five years, in excess of what would otherwise be required by SEC regulations; and (4) Regeneron agreed to institute certain governance reforms concerning director compensation. The Court approved the settlement in December 2018.

## Extensive Class Action Trial Experience

The Firm has extensive experience in trying class action cases in federal and state court, including the following:

*In re Apollo Group, Inc. Securities Litigation*, Master File No. CV-04-2147-PHX-JAT (District of Arizona) (jury verdict in 2008 for the full amount of per share damages requested, and later settled after the jury verdict was upheld on appeal for **$145 million**);

*In re WorldCom, Inc. Securities Litigation*, Master File No. 02-Civ-3288(DLC) (Southern District of New York) (2005 securities class action jury trial against accounting firm, which was settled just before closing arguments for **$65 million** and a contingency claim later settled for **$38 million**);

*Becker v. The Bank of New York Mellon Trust Co., N.A., et al.*, No. 2:11-cv-06460 (JRS) (Eastern District of Pennsylvania) (case sought $15 million in damages, plus interest, settling for **$13.5 million**.  The Court approved the settlement in December 2018.

*Equity Asset Investment Trust, et al. v. John G. Daugman, et al.*, No. 20395 (Delaware Court of Chancery) (non-jury trial in 2003 in which BR&B represented Iridian Technologies, Inc., the world leader at the time in iris recognition technologies, and its common shareholder-elected directors);

*Uniondale Beer Co., Inc. v. Anheuser-Busch, Inc., et al.*, Civil Action No. CV 86-2400(TCP) (Eastern District of New York) (antitrust class action trial);

*Gutierrez v. Charles J. Givens Organization, et al.*, Case No. 667169 (Superior Court of California, County of San Diego) (jury verdict in excess of **$14 million** for plaintiff consumer class);

*In re Control Data Corporation Securities Litigation*, 933 F.2d 616 (8th Cir. 1991) (securities class action that BR&B took to trial, got directed verdict overturned on appeal, and thereafter favorably settled for the certified class);

*Gould v. Marlon*, CV-86-968-LDG (D. Nev.) (jury verdict for plaintiff class);

*Betanzos v. Huntsinger*, CV-82-5383 RMT (C.D. Cal.) (jury verdict for plaintiff class).

*Leonard Barrack*, senior partner at Barrack, Rodos & Bacine, is a graduate of Temple University Law School (J.D. 1968) where he was Editor in Chief of the Temple Law Reporter. Mr. Barrack has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for more than 40 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1969, and is also a member of the bars of the United States Supreme Court, the United States Courts of Appeals for the First, Third, Eighth and Tenth Circuits, and the United States District Court for the Eastern District of Pennsylvania. Mr. Barrack can be reached at the Firm's Philadelphia, PA office.

Since enactment of the PSLRA, Mr. Barrack has been appointed lead or co-lead counsel in dozens of securities cases throughout the United States, including three of the largest case settlements in securities class action history. In In re WorldCom, Inc. Securities Litigation, before the Honorable Denise L. Cote in the Southern District of New York, Mr. Barrack was responsible for guiding both the vigorously prosecuted litigation – including the five-week trial against Arthur Andersen – as well as negotiating on behalf of the NYSCRF the ground-breaking settlements totaling more than $6.19 billion with WorldCom's underwriters, its outside directors, and Arthur Andersen, in the midst of trial. He was also co-lead counsel in In re Cendant Corporation Litigation, before the Honorable William H. Walls in the District of New Jersey, which, at $3.3 billion, was the previously highest recovery ever achieved in a securities fraud class case; In re McKesson HBOC, Inc. Securities Litigation, before the Honorable Ronald M. Whyte in the Northern District of California, which settled for $1.052 billion. Mr. Barrack was also appointed co-lead counsel in In re Merrill Lynch & Co. Securities, Derivative and ERISA Litigation, before the Honorable Jed S. Rakoff in the Southern District of New York (settlement of $475 million approved in August 2009) and co-lead counsel in In re American International Group, Inc. Securities Litigation, before the Honorable Laura Taylor Swain in the Southern District of New York, which settled for $970.5 million.

Mr. Barrack has had extensive trial and deposition experience in complex actions including the successful trial of derivative lawsuits under Section 14(a) of the Securities Exchange Act of 1934; Gladwin v. Medfield, CCH Fed. Sec. L. Rep. ¶95,012 (M.D. Fla. 1975), aff'd, 540 F.2d 1266 (5th Cir. 1976); Rafal v. Geneen, CCH Fed. Sec. L. Rep. ¶93,505 (E.D. Pa. 1972). In addition, Mr. Barrack has lectured on class actions to sections of the American and Pennsylvania Bar Association and is the author of Developments in Class Actions, The Review of Securities Regulations, Volume 10, No. 1 (January 6, 1977); Securities Litigation, Public Interest Practice and Fee Awards, Practicing Law Institute (March, 1980).

*Gerald J. Rodos*, a partner at Barrack, Rodos & Bacine, is a graduate of Boston University (B.A. 1967) and an honor graduate of the University of Michigan Law School (J.D. cum laude 1970). Mr. Rodos has been practicing in the area of securities class and derivative actions, antitrust litigation and corporate litigation generally, for more than 40 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1971, and is also a member of the bars of the Supreme Court of the United States, the United States Court of Appeals for the Third Circuit, and the United States District Court for the Eastern District of Pennsylvania. Mr. Rodos can be reached at the Firm's Philadelphia, PA office.

Mr. Rodos has been appointed lead counsel, inter alia, in Payne, et al. v. MicroWarehouse, Inc., et al., before the Honorable Dominic J. Squatrito in the District of Connecticut; In re Sunbeam Securities Litigation, pending before the Honorable Donald M. Middlebrooks in the Southern District of Florida; In re Regal Communications Securities

Litigation, before the Honorable James T. Giles in the Eastern District of Pennsylvania; In re Midlantic Corp. Shareholders Securities Litigation, before the Honorable Dickinson R. Debevoise in the District of New Jersey; In re Craftmatic Securities Litigation, before the Honorable Joseph L. McGlynn, Jr. in the Eastern District of Pennsylvania; In re New Jersey Title Insurance Litigation, Case No. 2:08-cv-01425-PGS-ES, before the Honorable Peter G. Sheridan in the District of New Jersey; In re Automotive Refinishing Paint Antitrust Litigation, Case No. 2:01-cv-02830-RBS, before the Honorable R. Barclay Surrick in the Eastern District of Pennsylvania; and In re Publication Paper Antitrust Litigation, Docket No. 3:04 MD 1631 (SRU), before the Honorable Stefan R. Underhill in the District of Connecticut, among many others. Mr. Rodos also represented lead plaintiff in the WorldCom litigation.

Mr. Rodos is the co-author of Standing To Sue Of Subsequent Purchasers For Antitrust Violations -- The Pass-On Issue Re-Evaluated, 20 S.D.L. Rev. 107 (1975), and Judicial Implication of Private Causes of Action; Reappraisal and Retrenchment, 80 Dick. L. Rev. 167 (1976).

*Daniel E. Bacine*, a partner at Barrack, Rodos & Bacine, is a graduate of Temple University (B.S. 1967) and of Villanova University School of Law (J.D. 1971), where he was an Associate Editor of the Law Review and a member of the Order of the Coif. Mr. Bacine has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for more than 40 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1971, and is also a member of the bars of the United States Courts of Appeals for the Third and Seventh Circuits and the United States District Court for the Eastern District of Pennsylvania. Mr. Bacine can be reached at the Firm's Philadelphia, PA office.

Mr. Bacine is an experienced civil litigator in both the federal and state courts, having tried jury and non-jury securities and other commercial cases, including cases involving disputes between securities brokerage firms and their customers. He has been lead or co-lead counsel in various class actions, including, inter alia, In re American Travelers Corp. Securities Litigation, in the Eastern District of Pennsylvania; In re IGI Securities Litigation, in the District of New Jersey; Kirschner v. CableTel Corp., in the Eastern District of Pennsylvania; Lewis v. Goldsmith, in the District of New Jersey; Rieff v. Evens (Allied Mutual Demutualization Litigation), in the District Court for Polk County, Iowa; Crandall v. Alderfer (Old Guard Demutualization Litigation), in the Eastern District of Pennsylvania; and In re Harleysville Mutual, in the Court of Common Pleas of Philadelphia.

Mr. Bacine served as senior plaintiff's counsel in Becker v. BNY Mellon Trust Co., N.A., in the Eastern District of Pennsylvania, a class action case that resulted in several important decisions delineating the duties of indenture trustees to bondholders: 172 F. Supp. 3d 777 (E.D. Pa. 2016) (denying motion for summary judgment); 2016 WL 6397415 (E.D. Pa. October 28, 2016) (reconsideration denied); 2016 WL5816075 (E.D. Pa. October 5, 2016) (granting class certification). He was senior counsel at the trial of the Becker matter, which settled just before closing arguments.

Mr. Bacine is an adjunct professor of law at Drexel University's Thomas R. Kline School of Law and an adjunct lecturer in law at Villanova University School of Law, teaching courses in class actions and complex litigation. He also sits as an arbitrator for the Financial Industry Regulatory Authority, hearing disputes involving the securities industry, and has chaired numerous FINRA arbitration panels since 2000.

*E. Teresa Akonhai*, an associate at Barrack, Rodos & Bacine, is a graduate of Georgetown University School of Foreign Service (1997, B.S. International Politics & Spanish) and Temple University Beasley School of Law (J.D. 2002). Before joining Barrack, Ms. Ahonkhai represented plaintiffs and defendants in a variety of matters, including: complex securities class action litigation, multi-district product liability litigation and mass tort litigation in diverse industries (such as pharmaceutical products, devices and chemicals in regulated and non-regulated industries). Ms. Akonhai can be reached at the Firm's Philadelphia, PA office.

At BR&B, Ms. Ahonkhai represents investors in class and derivative actions, including cases involving securities fraud, shareholder rights and corporate governance. Ms. Ahonkhai was a member of the litigation team that prosecuted In re American International Group, Inc. 2008 Securities Litigation, which resulted in a $970.5 million settlement for defrauded investors, among the largest recoveries ever achieved in a securities fraud class action arising from the 2008 financial crisis.

Ms. Ahonkhai serves as a volunteer for Big Brothers Big Sisters, a mentoring organization that pairs at-risk youth with positive role models with the goal of overcoming otherwise significant barriers to success and for Metropolitan Area Neighborhood Nutrition Alliance (MANNA), a non-profit that prepares and delivers nutritional meals and nutrition services at no cost to individuals in need. A former college and professional basketball player, Ms. Ahonkhai is a frequent lecturer for high-school and collegiate student-athletes and coaches.

*William J. Ban*, a partner at Barrack, Rodos & Bacine, is a graduate of Brooklyn Law School (J.D. 1982) and Lehman College of the City University of New York (A.B. 1977). Mr. Ban was admitted to practice in New York in 1983 and in Pennsylvania in 2005. He is a member of the bars of United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Pennsylvania and is a member of the New York City Bar Association. Mr. Ban can be reached at the Firm's New York, NY office.

For more than thirty-five years, Mr. Ban's practice of law has focused on securities, antitrust and consumer class action litigation on behalf of plaintiffs and he has participated as lead or co-lead counsel, on executive committees and in significant defined roles in scores of major class action litigations in federal and state courts throughout the country. Since Mr. Ban came to the Firm in 2004, he has been an important member of the firm's litigation teams for: In re WorldCom, Inc. Securities Litigation, Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote in the Southern District of New York; IPERS v. MF Global, Ltd., 08-Civ-2233 (VM), before the Honorable Victor Marrero in the Southern District of New York; PPSERS v. Bank of America, Corp., 11-Civ-00733(WHP), before the Honorable William H. Pauley in the Southern District of New York; In re Automotive Refinishing Paint Antitrust Litigation, MDL Docket No. 1426, before the Honorable R. Barclay Surrick in the Eastern District of Pennsylvania; In re: OSB Antitrust Litigation, 06-CV-00826 (PSD), before the Honorable Paul S. Diamond in the Eastern District of Pennsylvania; and the recently concluded In re: Lithium Ion Batteries Antitrust Litigation, MDL Docket No. 2420, before the Honorable Yvonne G. Rogers in the Northern District of California, among others.

*Jeffrey A. Barrack*, a partner at Barrack, Rodos & Bacine, is a graduate of Clark University (B.A. 1990), Boston College (M.A. 1992) and Temple University School of Law (J.D. 1996). He was admitted to practice in Pennsylvania in 1996 and in New York in 2009, is a member of the bars of the United States Court of Appeals for the Third Circuit and the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Pennsylvania, and has been admitted pro hac vice in district courts throughout the United

States. Mr. Barrack has represented plaintiffs in securities fraud, antitrust and other class actions since joining the Firm in 1996. He also has represented both plaintiff and defendant individual and corporate clients in environmental, consumer, business tort and commercial litigation in state and federal courts. Before joining the Firm, Mr. Barrack served under the United States Attorney assisting in the prosecution of complex white-collar crime in the Eastern District of Pennsylvania and the Philadelphia District Attorney assisting in the prosecution of crime in Philadelphia. He has been honored repeatedly by the First Judicial District of Pennsylvania as an attorney whose "work has been recognized by the judiciary as exemplary." Mr. Barrack can be reached at the Firm's Philadelphia, PA office.

Mr. Barrack served as a principal member of the litigation team and as a trial attorney in *In re Apollo Group Inc. Securities Litigation*, Master File No. CV-04-2147 PHX-JAT, before the Honorable James A. Teilborg of the United States District Court for the District of Arizona, which resulted in a **$145 million** recovery for the class. With the firm representing the Policemen's Annuity and Benefit Fund of Chicago, the Apollo Group federal jury trial began in November 2007 and ended in a unanimous verdict for investors in January 2008 for the full amount requested per damaged share. After the District Court entered a judgment notwithstanding the verdict on loss causation grounds, Mr. Barrack participated on the briefing team before the Ninth Circuit Court of Appeals, which led to the Court of Appeals vacating the JNOV and reinstating the jury verdict. Mr. Barrack also participated on the briefing team before the U.S. Supreme Court, which denied defendants' petition for certiorari.

Mr. Barrack was also a principal member of the litigation team in In re WorldCom, Inc. Securities Litigation, Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote of the United States District Court for the Southern District of New York, in which the Firm represented the New York State Common Retirement Fund. He served as the lead attorney on auditing and accounting issues through the case and actively participated in the five-week trial of the only non-settling defendant, WorldCom's former auditor Arthur Andersen LLP. The 2005 jury trial against Arthur Andersen resulted in an additional $103 million for the benefit of the class of WorldCom investors, prompting Judge Cote to commend in an opinion and order that in the "trial against Andersen, the quality of Lead Counsel's representation remained first-rate."

Mr. Barrack was a principal member of the litigation team in *Pennsylvania Public School Employees' Retirement System v. Bank of America Corp., et al.*, Civil Action No. 1:11-cv-733-WHP, before the Honorable William H. Pauley, III, in the United States District Court for the Southern District of New York. With the firm serving as counsel on behalf of the lead plaintiff and class representative, the Pennsylvania Public School Employees' Retirement System, Mr. Barrack has served as a key member in the litigation and resolution of the case, which settled for $335 million.

Mr. Barrack has also served as an important member of many successful litigation teams for the Firm. He participated in the prosecution of *In re McKesson HBOC, Inc. Securities Litigation*, No. C-99-20743-RMW, before the Honorable Ronald M. Whyte in the Northern District of California, which resulted in more than $1.052 billion for investors from defendants, including Bear Stearns, the investment bank that issued a fairness opinion on the merger that was the subject of the action; *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, Master File No.: 1:07-cv-9633-JSR-DFE, before the Honorable Judge Jed S. Rakoff, in the Southern District of New York, which settled for $475 million; *In re The Mills Corporation Securities Litigation*, Civil Action No. 1:06-cv-00077 (LO/TRJ), before the Honorable Liam O'Grady, in the Eastern District of Virginia, which settled for $202.75 million; *In re DaimlerChrysler AG Securities Litigation*, Master Docket No. 00-0993 (JJF), before the

Honorable Joseph J. Farnan, Jr. in the District of Delaware ($300 million settlement); *In re Sunbeam Securities Litigation*, No. 98-8258-CIV-MIDDLEBROOKS, before the Honorable Donald M. Middlebrooks in the Southern District of Florida ($140 million settlement recovered from corporate defendants and the company's independent public accounting firm); *In re R&G Financial Corporation Securities Litigation*, Master File No. 05 Civ. 4186 (JES), before the Honorable John E. Sprizzo, in the Southern District of New York ($51 million settlement from corporate defendants and the company's independent public accounting firm); and *In re Bridgestone Securities Litigation*, Master File No. 3:01-cv-0017, before the Honorable Robert L. Echols in the Middle District of Tennessee ($30 million settlement from Japanese corporation).

Mr. Barrack has successfully advocated corporate governance and excessive executive compensation reforms through shareholder rights claims asserted in direct and derivative cases alleging corporate directors' breaches of fiduciary and other legal duties. For example, Mr. Barrack was a principal member of the litigation team in *Resnick v. Occidental Petroleum, et al.*, Case No. 10-cv-00390, before the Honorable Robert F. Kelly, presiding by special designation in the District of Delaware, which resulted in benefits described by the Court as "meaningful change" to the company's executive compensation and reporting policies and practices that "affords valuable consideration to Occidental and its shareholders." And in *Gralnick v Apple, Inc.*, No. 13 Civ. 900 (RJS), 13 Civ. 0976 (RJS) (S.D.N.Y.), Mr. Barrack was a principal member of the litigation team that successfully challenged an improper proxy statement issued by Apple, Inc., seeking to preserve shareholders' right to a fair and informed shareholder vote and to enjoin the vote on the offending proposal. The Court issue the injunction ruling that plaintiff shareholder was "likely to succeed on the merits and [would] face irreparable harm if the vote ... [was] permitted to proceed. Further, the Court finds that the balance of hardships tips in [plaintiff's] favor, and that a preliminary injunction would be in the public interest."

Mr. Barrack has participated in public pension board educational programs and conferences designed for the education of public pension fiduciaries. For example, Mr. Barrack participated at a board educational program hosted by the Pennsylvania Public School Employees' Retirement System, and presented on trial practice in securities fraud litigation. In addition, Mr. Barrack has presented to the members of the National Association of Public Pension Attorneys ("NAPPA") during its annual summer seminar, and has published work in its periodical, The NAPPA Report. Mr. Barrack currently serves on NAPPA's Securities Litigation Working Group. Mr. Barrack has lectured on private securities litigation at the Beasley School of Law at Temple University, has been a featured columnist on securities litigation for The Legal Intelligencer, the oldest law journal in the United States, and has written on trial practice for the American Journal of Trial Advocacy.

*Stephen R. Basser*, partner in Barrack, Rodos & Bacine, is a graduate of the American University, Washington D.C. (B.A., with Honors, 1973) and Temple University School of Law, Philadelphia, Pennsylvania (J.D. *cum laude* 1976), where he was awarded the honor of "Highest Grade and Distinguished Class Performance" by its nationally renowned clinical trial litigation program and was selected to serve as a student prosecutor under the supervision of the United States Attorney's Office for the Eastern District of Pennsylvania.  Mr. Basser has been practicing in the area of securities class and derivative actions, corporate litigation, and consumer protection litigation generally, for over 35 years.  He was admitted to the bars of the Supreme Court of Pennsylvania in 1976, and the Supreme Court of California in 1985.  He is also a member of the bars of the United States Circuit Courts of Appeals for the Sixth and Ninth Circuits, and the United States District Courts for the Southern, Central and Northern Districts of California, the District of Colorado, Eastern District of Pennsylvania, the Northern District of Texas, the Eastern District of Wisconsin, and the Eastern District of Michigan.  Mr. Basser is the

managing partner of the Firm's San Diego, CA office and the chair of the Firm's Consumer Class Action Division.

Mr. Basser is an experienced civil litigator in federal and state courts and has successfully tried numerous civil jury and non-jury cases to verdict.  In addition to litigating product liability, medical malpractice, catastrophic injury, mass toxic tort and complex business disputes, Mr. Basser has extensive experience prosecuting securities class actions, including actions against Pfizer, Inc., Procyte Corp., Wall Data Corp., Louisiana-Pacific Corp., Samsonite Corp., TriTeal Corp., Sybase, Inc., Silicon Graphics, Inc., Orthologic Corp., Adobe, PeopleSoft, Inc., Safeskin Corp., Bridgestone Corp., Harmonic, Inc., 3Com Corp., Dignity Partners, Inc., Daou, Vivus, Inc., FPA Medical, Inc., Union Banc of California, Merix Corporation, Simulation Sciences, Inc., Informix Corporation, OmniVision Technologies, Inc., Roadrunner Transportation Corp., WageWorks, Inc., and Hewlett Packard Company.  Mr. Basser served as lead counsel representing lead plaintiff the Florida State Board of Administration in *In re Applied Micro Circuits Corp. Securities Litigation*, Lead Case No. 01-cv-0649-K (AJB), which settled for **$60 million**, one of the largest recoveries in a securities class action in the Southern District of California since passage of the PSLRA.  He also acted as co-lead counsel for lead plaintiff the NYSCRF in *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. CV-99-20743 RMW, which settled for a total of **$1.052 billion** from all defendants and is the largest securities fraud class action recovery in the Northern District of California.  Mr. Basser was the lead attorney in *In re Chiron Shareholder Deal Litigation*, Case No. RG 05-230567, (Superior Court in and for the County of Alameda, California), resulting in a settlement for the shareholder class valued at approximately **$880 million**, constituting one of the largest securities ever achieved in a merger related class action alleging breach of fiduciary duties by corporate officers and directors.  He was the lead and first chair trial attorney in *In re Apollo Group Inc. Securities Litigation*, Master File No. CV-04-2147 PHX-JAT (District of Arizona), before the Honorable James A. Teilborg, which was tried to a federal jury from November 2007 until the jury returned a unanimous verdict for investors in January 2008, ultimately recovering **$145 million** for the shareholder class.

Mr. Basser has prosecuted derivative shareholder actions on behalf of and for the benefit of nominal corporate entities such as Pfizer, Apple, Nvidia and Quest, achieving significant corporate governance therapeutics on behalf of those entities.  Mr. Basser has also vigorously pursued the rights of the elderly, and consumers serving as a co-lead counsel and as part of a group of firms prosecuting class actions ("*Senior Annuity Litigation*") alleging California consumer protection and federal RICO claims against companies that target senior citizens in the sale of deferred annuity products, ultimately securing benefits collectively valued at over **$1 billion**.

Mr. Basser was the firm's primary attorney assisting in the development of expert witnesses in aid of the prosecution of the *In re Anthem, Inc. Data Breach Litigation* which secured a **$115 million** settlement.  He served as Interim Executive Committee Counsel in the *Feller v. Transamerica Life Insurance Litigation* that settled for **$200 million**.  He has served as Interim Executive Committee Counsel in the *Toyota Hybrid Brake* (EDTX) and in the *Nissan CVT*  (MDTN) litigation cases (settlement valued at over **$300** million) and as Chair of the Executive Committee in *In re Forefront Data Breach Litigation* (EDWI).  He also serves as an interim executive committee member in *In re Shields Health Care Group, Inc., Data Breach* Litigation, Civil Action No. 1:22-cv-10901-PBJ (D. Mass), *In re Lincare Holdings, Inc., Data Breach* Litigation, Case No. 8:22-cv-1472-TPB-AAS (M.D. Fla.) and *Smith, et al. v. Apria Healthcare, LLC*, (Data Breach Litigation), Case No. 1:23-cv-01003-JPH-KMB (S.D. Ind.). He currently serves as a member of the Science and Expert Subcommittee in *In re Philips CPAP, Bi-Level PAP Mechanical Ventilator Products Liability Litigation* (WDPA) and is also as a member of Plaintiffs' Steering Committee in *In re East Palestine Derailment Litig.* (N.D. Ohio).

Mr. Basser has regularly shared his experience and knowledge with attorneys, Judges, public pension funds and the lay public.  He also lectured on the topic of securities related litigation and shareholder issues in the wake of the derivative securities, toxic debt portfolio and real estate mortgage default related global economic crisis of 2008, at the American Association of Justice, Winter Convention, February 2010 and the American Association of Justice, Summer Convention 2010.  He presented on the topic of "Securities Litigation" at the Federal Judicial Center's Workshop for Judges of the Ninth Circuit on February 1, 2011 and lectured on the topic of trying a complex class action at Vanderbilt Law School entitled *Battle in the Valley of the Sun: Strategy Tactics and Honor in Litigation*," October 17, 2013.  He has written for the American Association of Justice Quarterly Newsletter, Fall 2009, co-authoring "*Securities Litigation in the Wake of the Sub-Prime Crisis.*"  Mr. Basser has been repeatedly selected as a California "Super Lawyer," as LAWDRAGON's "100 Attorneys You Need to Know in Securities Litigation" and has been regularly commended by San Diego Magazine and the Los Angeles Times as a "Top Lawyer."  He has also been repeatedly cited as one of Southern California's "Top 100 High-Stakes Litigators."

*Chad A. Carder*, a partner at Barrack, Rodos & Bacine, is an honors graduate of The Ohio State University (B.A. 1999), and College of William and Mary, Marshall-Wythe School of Law (J.D. 2002), where he was a Graduate Research Fellow and served on the William and Mary Moot Court Board. From 2002 to 2003, Mr. Carder served as the law clerk to the Honorable Michael J. Hogan of the New Jersey Superior Court. He was admitted to practice in Pennsylvania and New Jersey in 2002 and is a member of the bars of the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey. Mr. Carder can be reached at the Firm's Philadelphia, PA office.

Mr. Carder concentrates his practice on federal securities class action litigation, is experienced in representing both institutional investor plaintiffs and individual defendants, and has been a member of the teams that have litigated major securities class actions to their landmark conclusions, including In re WorldCom, Inc. Securities Litigation, Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote in the Southern District of New York; In re Schering-Plough Securities Litigation, Master File No. 01-CV-0829 (KSH/RJH), before the Honorable Katherine Hayden in the District of New Jersey; Eastwood Enterprises, LLC v. Farha, et al., Case No. 8:07-cv-1940-T-33EAJ, before the Honorable Virginia M. Hernandez Covington in the Middle District of Florida; and In re The Mills Corporation Securities Litigation, Civil Action No. 1:06-cv-00077 (LO/TJR), before the Honorable Liam O'Grady in the Eastern District of Virginia.

In addition to representing plaintiffs in securities class actions, Mr. Carder also has an active antitrust litigation practice, representing plaintiffs in the prosecution of the following antitrust cases, among others: In re Chocolate Confectionary Antitrust Litigation, before the Honorable Christopher C. Connor, in the Middle District of Pennsylvania; In re Processed Egg Products Antitrust Litigation, before the Honorable Gene E.K. Pratter, in the Eastern District of Pennsylvania; In re New Jersey Title Insurance Antitrust Litigation, before the Honorable Garrett E. Brown, Jr., in the District of New Jersey; In re Flat Glass (II) Antitrust Litigation, before the Honorable Donetta W. Ambrose in the Western District of Pennsylvania; and In re Publication Paper Antitrust Litigation, before the Honorable Stefan R. Underhill in the District of Connecticut. Mr. Carder has also litigated several corporate takeover class and derivative actions, and has extensive experience litigating shareholder derivative actions in various state and federal courts.

*Matthew Cyr*, an associate at Barrack, Rodos & Bacine, is a graduate of St. Joseph's University, Philadelphia, Pennsylvania (B.A. 1998) and the University of Wisconsin Law School,

Madison, Wisconsin (J.D. 2005). Mr. Cyr was admitted to practice in Wisconsin in 2005, in New Jersey in 2006 and in Pennsylvania in 2012. He can be reached at the Firm's Philadelphia, PA office.

At the Firm, Mr. Cyr has worked on major class action litigation in the securities and antitrust fields, including cases against Mills Corporation, WellCare Health Plans, Inc., American International Group, RAIT Financial Trust, Merrill Lynch & Co., and companies involved in the municipal derivatives industry.

*Jeffrey W. Golan*, a partner in Barrack, Rodos & Bacine, graduated with honors from Harvard College in 1976 with a degree in Government. He graduated in 1980 from the Georgetown University Law Center, where he served as the Topics Editor for the school's international law review, and from the School of Foreign Service, with a Master's of Science Degree in Foreign Service. In 1980, he received the Francis Deák Award from the American Society of International Law for the year's best student writing in an international law journal. Mr. Golan served as a Law Clerk for the Honorable Edwin D. Steel, Jr., in the United States District Court for the District of Delaware, and thereafter joined a large firm in Philadelphia, where he concentrated on commercial litigation, including the representation of plaintiffs and defendants in federal securities and antitrust cases. Mr. Golan was admitted to practice in Pennsylvania in 1981 and is a member of the bars of United States Court of Appeals for the Second, Third, and Fourth Circuits, and the United States District Court for the Eastern District of Pennsylvania. Mr. Golan can be reached at the Firm's Philadelphia, PA office.

Since joining BR&B in 1990, Mr. Golan has been the Firm's primary attorney in many major securities fraud cases throughout the country. Of particular note, he was BR&B's lead trial attorney in the WorldCom securities class action – a prosecution that yielded a record-breaking recovery of more than $6.19 billion for defrauded investors – one of the most notable fraud cases ever to go to trial. In April 2005, Mr. Golan led the BR&B team that took the only non-settling defendant, WorldCom's former auditor Arthur Andersen LLP, to trial. Andersen agreed to settle in the fifth week of trial, shortly before closing arguments. In approving this and other settlements, Judge Denise Cote found "the quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation" and that "the quality of representation that Lead Counsel has provided to the class has been superb." From 2008 to 2015, Mr. Golan was the Firm's lead attorney in In re American International Group, Inc. 2008 Securities Litigation, which settled for $970.5 million. The settlement is believed to be the largest recovery in a securities class action in the absence of a restatement, an SEC enforcement action or a criminal indictment. In approving the settlement in March 2015, Judge Laura Taylor Swain found the recovery to be an "outstanding result obtained on behalf of the settlement class."

Mr. Golan also served as BR&B's primary attorney for the landmark Cendant case, in which the lead plaintiffs and lead counsel achieved what is still the third highest recovery ever achieved in a securities fraud class case ($3.32 billion), which included the most ever paid in a securities fraud class case by an outside auditor ($335 million). He served as the Firm's lead attorney in the securities fraud class action involving The Mills Corporation, which settled with the defendant real estate investment trust corporation, its officers and directors, its auditor, and a foreign real estate development company, for $202.75 million, as well as in cases against DaimlerChrysler ($300 million obtained for the class), DFC Global Corp. ($30 million recovered), and many others.

Mr. Golan also served as the lead trial attorney in an action in the Delaware Court of Chancery, Equity Asset Investment Trust, et al. v. John G. Daugman, et al., in which the Firm represented Iridian Technologies, Inc. (the world leader in iris recognition technologies) and its common shareholder-elected directors. The case was brought against the Company and the common directors, prepared for trial on an expedited basis under the Chancery Court's "fast-track" procedures for Board contests, and went to trial two months after the complaint was filed.

Mr. Golan has also headed up the Firm's representation of lead plaintiffs in a number of derivative actions stemming from the stock option backdating scandal, and served as the Firm's lead attorney in cases challenging proposed corporate transactions. He served as a co-lead counsel in consolidated shareholder cases challenging PepsiCo's acquisition of Pepsi Bottling Group. After such lawsuits were filed, PepsiCo increased its offer price from $29.50 to $36.50 per share, which provided PBG's public shareholders with an additional $1.022 billion in value. He represented institutional and individual lead plaintiffs in a case that challenged the proposed buy-out of Lafarge N.A. by its majority shareholder, Lafarge S.A., which was settled when Lafarge S.A. agreed to increase the buy-out price from the $75.00 per share initially offered to $85.50 per share (a $388 million increase in the amount paid to Lafarge N.A.'s public shareholders) and to make additional disclosures about the company and the proposed transaction. And, among other cases, Mr. Golan served as a co-lead counsel in consolidated shareholder cases challenging the majority shareholder buy-out of Nationwide Financial Services, Inc., where as part of a settlement the acquirer raised its offer price from $47.20 per share to $52.25 per share, thereby providing a $232 million benefit to class members.

Mr. Golan also successfully represented investors in the class and derivative action in the Delaware Court of Chancery in In re Cheniere Energy Stockholders Litigation, which challenged whether shareholders approved an equity compensation plan that provided Cheniere's CEO with $126 million in equity compensation for one year. The successful settlement of this litigation resulted in the withdrawal of a new equity compensation plan that had earlier been proposed to grant executives 30 million shares that would have had a market value of $565 million at the time, a new stockholder vote on the shares that were challenged by the litigation, and several other corporate reforms.

Mr. Golan has been selected several times as a "Pennsylvania Super Lawyer" in the field of securities litigation. In June 2000, he was honored as the "Featured Litigator" in the on-line magazine published by Summation Legal Technologies, the legal software company. Mr. Golan, who has served as a faculty member at various deposition training programs, has also served in numerous capacities for the Public Interest Law Center of Philadelphia, including as Vice-Chair of the Board, on the staff of the Mayor's Task Force for the Employment of Minorities in the Philadelphia Police Force, and as a member of the Philadelphia Bar Association's Pro Bono Task Force (report issued October 2017).

*Andrew J. Heo*, an associate at Barrack, Rodos & Bacine, is a graduate of George Washington University (B.A. 2015) and Drexel University Thomas R. Kline School of Law (J.D. 2018), where he was President of the Civil Litigation Society. Mr. Heo is admitted to practice in Pennsylvania and New Jersey, and is a member of the bar of the Eastern District of Pennsylvania and the District of New Jersey. Mr. Heo can be reached at the Firm's Philadelphia, PA office.

Mr. Heo focuses his practice on complex class action litigation with an emphasis on antitrust and securities litigation. Among other matters, Mr. Heo is active in the prosecution of complex class action claims against Energy Transfer LP, Subaru of America, Inc., and MSG

Networks, Inc. Prior to joining BR&B, Mr. Heo's practice included advising and representing institutional clients in a wide range of commercial litigation matters, including complex products liability, class action, and mass torts litigation. During law school, Mr. Heo worked at the Federal Reserve Bank of Philadelphia, as well as for the Honorable Rayford A. Means of the First Judicial District of Pennsylvania. Mr. Heo's pro bono practice has included appellate work on behalf of plaintiffs in federal court.

*Robert A. Hoffman*, a partner at Barrack, Rodos & Bacine, is a graduate of Rutgers University (B.A. 1980) (with high distinction) and Rutgers University School of Law - Camden (J.D. 1983). Mr. Hoffman clerked for the Honorable Charles R. Weiner, United States District Court for the Eastern District of Pennsylvania, during the years 1984-1985. Mr. Hoffman has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for more than 25 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bars of the Supreme Court of Pennsylvania and Supreme Court of New Jersey in 1983, and is also a member of the bars the United States Court of Appeals for the Eighth Circuit and the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey. Mr. Hoffman can be reached at the Firm's Philadelphia, PA office.

Mr. Hoffman has broad experience in prosecuting securities class actions in federal courts around the country. He served as lead counsel for the Florida State Board of Administration in In re Schering-Plough Securities Litigation, before the Honorable Katherine Hayden in the District of New Jersey, which settled in 2009 for $165 million. Mr. Hoffman also prosecuted one of the most significant subprime related securities class actions, *In Re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, before the Honorable Judge Jed S. Rakoff, in the Southern District of New York, which settled for $475 million for defrauded investors, and was a member of the litigation team in prosecuting In re American International Group, Inc. 2008 Securities Litigation, before the Honorable Laura Taylor Swain in the Southern District of New York, which settled in 2014 for $970.5 million. He was one of the lead attorneys representing plaintiffs in *In re MicroWarehouse Securities Litigation*, (D.Conn.), which resulted in a $30 million recovery for the plaintiff class. He also has significant experience in the trial and appeal of securities class actions. *See, e.g. In re Control Data Corp. Securities Litigation*, 933 F.2d 616 (8th Cir. 1991). Mr. Hoffman also led a derivative case against Synthes, Inc., a large medical device company that had been cited by the U.S. Government for illegal "off-label" promotions. The case resulted in the implementation of significant corporate governance changes at the company.

*Jordan R. Laporta*, an associate at Barrack, Rodos & Bacine, joined the Firm in 2023. Ms. Laporta is a 2019 graduate, summa cum laude, of Drexel University Thomas R. Kline School of Law. During law school, she was a lead editor for the Drexel Law Review, an accomplished member of the Moot Court Board, and a student attorney with the Federal Litigation and Appeals Clinic, through which she achieved victories for her clients in immigration and social security cases. Ms. Laporta also graduated cum laude from the Pennsylvania State University Schreyer Honors College in 2016.

Ms. Laporta was admitted to practice law in Pennsylvania in 2019. Prior to joining BR&B's Philadelphia office, she served as a law clerk to the Honorable Russell G. Vineyard, Chief Magistrate Judge, and the Honorable Justin S. Anand, Magistrate Judge, in the United States District Court for the Northern District of Georgia. As an associate at BR&B, Ms. Laporta represents investors and clients in complex commercial litigation with an emphasis on securities

litigation. She is a member of the BR&B team prosecuting In re Grand Canyon Education, Inc. Securities Litigation, which the Court upheld in its entirety in March 2023.

*Leslie Bornstein Molder*, a partner at Barrack, Rodos & Bacine, is an honors graduate from the University of Michigan (A.B. magna cum laude 1980) as well as from the National Law Center at the George Washington University (J.D. cum laude 1983) and was admitted to practice in Pennsylvania in 1983 and is a member of the bar of the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Eastern District of Pennsylvania. For over 25 years, Ms. Molder has practiced primarily in the area of complex civil litigation, including securities class actions, antitrust class actions and policyholder actions against insurance companies and has participated in the trials of a variety of commercial cases, including cases involving disputes between securities brokerage firms and their customers. Ms. Molder oversees the Firm's portfolio monitoring services for institutional clients. She is also the Firm's settlement attorney, specializing in documenting and effectuating settlements of class actions and assisting clients throughout the settlement process. Ms. Molder can be reached at the Firm's Philadelphia, PA office.

*Christopher D. Taylor*, an associate at Barrack, Rodos & Bacine, is a graduate of Cornell University's College of Arts and Sciences (1983, B.A., Joint Degree in Government and African Studies) and Georgetown University Law Center (1990, J.D.). Prior to joining BR&B, Mr. Taylor represented plaintiffs and defendants in a variety of matters, including complex securities class action litigation, multi-district product liability litigation and mass tort litigation in diverse industries including, but not limited to, pharmaceuticals (opiates, schizophrenia and microcrystalline cellulose), government contracts, and commercial contracts disputes. Mr. Taylor also worked with the Washington, DC Rental Housing Commission and as the Program Coordinator for the Senior Legal Services Program in Burlington County, NJ. Mr. Taylor can be reached at the Firm's Philadelphia, PA office.

Mr. Taylor is committed to helping his community. He serves on the Board of Trustees of Tabernacle Baptist Church in Burlington, New Jersey, where he previously held the office of Chairperson for three years, as well as the HYPE Youth Ministry and the King's Men, male youth mentoring program, is a Life Member of Phi Beta Sigma Fraternity, Inc., an international service fraternity, and is a board member of the non-profit organization, Making a Better Tomorrow Foundation, a non-profit organization dedicated to providing scholarships assistance and mentoring young people. Mr. Taylor is a frequent participant in fraternity and public-school activities for middle and high-school students where he provides insights about applying to college and career opportunities in the legal profession.

*Michael A. Toomey*, a partner at Barrack, Rodos & Bacine, is a graduate of Tufts University (B.A. 2005) and Temple University School of Law (J.D. 2010). Mr. Toomey is admitted to practice in New York and New Jersey and is a member of the bars of the United States District Courts for the Southern and Eastern Districts of New York. While at Temple, Mr. Toomey was an intern in the Chambers of Judge Lerner of the Philadelphia Court of Common Pleas and Magistrate Judge Elizabeth Hey of the Eastern District of Pennsylvania. He also interned at the Philadelphia Public Defender where he advocated in court on behalf of indigent defendants. Mr. Toomey can be reached at the Firm's New York, NY office.

At BR&B, Mr. Toomey has represented investors, including state, local and union pension funds, in many class and derivative actions, including cases involving securities fraud, shareholder rights and corporate governance. Mr. Toomey was an integral part of the litigation teams that prosecuted In re American International Group, Inc. 2008 Securities Litigation, which

resulted in a $970.5 million settlement for defrauded investors, among the largest recoveries ever achieved in a securities fraud class action stemming from the 2008 financial crisis, and Pennsylvania Public School Employees' Retirement System v. Bank of America Corp et. al., which resulted in a $335 million settlement in 2016. Mr. Toomey has also successfully represented investors in class and derivative actions such as *Pub. Employees' Ret. Sys. of Miss. v. Schleifer*, which challenged the excessive compensation provided to Regeneron Pharmaceuticals, Inc. board of directors'. The successful settlement of this case resulted in the largest reduction in board compensation in any excessive director compensation case, ever: $44.5 million. Mr. Toomey also represented investors in In re Cheniere Energy Stockholders Litigation, which challenged whether shareholders approved an equity compensation plan that provided Cheniere's CEO with $126 million in one year. The successful settlement of this litigation resulted in the withdrawal of a new equity compensation plan that proposed to grant executives 30 million shares, a new stockholder vote on the shares that were challenged by the litigation, and several other corporate reforms. Mr. Toomey also successfully represented shareholders in a derivative case challenging the payment by Barnes & Noble for an asset held by its chairman Leonard Riggio whereby Riggio agreed to pay $29 million to settle shareholders' claims. Mr. Toomey has also helped to establish important standards in shareholder derivative actions such as *Seinfeld v. Slager*, No. CIV.A. 6462-VCG, 2012 WL 2501105 (Del. Ch. June 29, 2012) (directors must show entire fairness of their own compensation if compensation plan lacks meaningful limits) and *Kaufman v. Allemang*, 70 F. Supp. 3d 682 (D. Del. 2014) (companies must strictly comply with SEC regulation 17 C.F.R. § 240.14a-101 (Item 10(a)(1)) when attempting to gain shareholder approval of company compensation plans).

*Samuel M. Ward*, partner in Barrack, Rodos & Bacine, is a graduate of the University of California, Hastings College of Law (J.D. 2001), and a 1995 honors graduate of the University of California, San Diego (B.A. 1995). Mr. Ward was admitted to practice in California in 2001 and is a member of the bars of the United States District Courts for the Southern, Central and Northern District of California. Before joining BR&B, Mr. Ward worked as a political consultant, managing both Congressional and State Assembly campaigns. At the Firm, he has litigated numerous securities cases in federal district courts throughout the country. Mr. Ward was a member of the trial team in *In re Apollo Group Inc. Securities Litigation*, before the Honorable James A. Teilborg in the District of Arizona, where he played a critical role in mastering the deposition and documentary proof that was used at trial to secure the jury's unanimous verdict. Mr. Ward also represented the plaintiff class in *In re Applied Micro Circuits Corp. Securities Litigation*, achieving a $60 million settlement for class members, one of the largest recoveries in a securities class action in the Southern District of California since passage of the PSLRA. Mr. Ward can be reached at the Firm's San Diego, CA office.

*Danielle M. Weiss*, an associate at Barrack, Rodos & Bacine, joined the Firm in 2022. She graduated cum laude from the University of Pennsylvania in 2002 with a degree in U.S. History. Ms. Weiss attended the James E. Beasley School of Law of Temple University (J.D. 2005), where she was a James Beasley Scholar, a member and editor of the Temple International and Comparative Law Journal, and the recipient of the Harry R. Kozart Memorial Prize in Products Liability. She is licensed to practice law in Pennsylvania and New Jersey. Ms. Weiss can be reached at the Firm's Philadelphia, PA office.

Before joining BR&B's Philadelphia office, Ms. Weiss spent over fifteen years at a boutique litigation firm in Philadelphia, where she successfully represented individual and small-business clients in high stakes cases in state and federal court, trying several matters to successful conclusion, including at the appellate level. Her experience includes litigating complex matters involving issues of professional liability, products liability, defamation, breach of contract, breach of warranty, employment discrimination, personal injury, and education law

through all phases of litigation. Ms. Weiss is active in the community, serving, among other positions and organizations, on the Board of Directors of the Jewish Federation of Greater Philadelphia, Chair of the Jewish Community Relations Council of the Jewish Federation of Greater Philadelphia, and on the National Young Leadership Cabinet of the Jewish Federations of North America.

*Frances Vilella-Vélez*, of-counsel to Barrack, Rodos & Bacine, is a graduate of Syracuse University College of Law, Syracuse, New York (J.D. 1977) and Swarthmore College (B.A. 1974). She was admitted to practice in Puerto Rico in 1977 and in Pennsylvania in 1978 and is a member of the bars of the United States Court of Appeals for the Third Circuit and the United States District Court for the Eastern District of Pennsylvania. Ms. Vilella-Vélez began her legal career in 1978 as a trial attorney in the Office of the Regional Solicitor, U.S. Department of Labor, where she litigated OSHA cases before the United States district courts and the Occupational Safety and Health Review Commission (OSHRC). She then served as the first law clerk for the Honorable Nelson A. Diaz, on the Court of Common Pleas of Philadelphia County, Philadelphia, Pennsylvania. During her tenure with Judge Diaz, Ms. Vilella-Vélez also served as a staff member on the Mayor's Task Force on Minority Employment in the Police Department, in Philadelphia, where she conducted legal and policy analyses of alternative proposals to increase minority employment in the Policy Department, and assisted in drafting the report to the mayor. Ms. Vilella-Vélez can be reached at the Firm's office. Among other community activities, Ms. Vilella-Vélez served for many years on the board of the Valentine Foundation and currently serves on the board of the Chester Children's Chorus.

*Zakiya Washington*, an associate at Barrack, Rodos & Bacine, is a graduate of Hampton University School of Business (2004, B.S. Entrepreneurship) and Temple University Beasley School of Law (2007, J.D.). Before joining Barrack, Ms. Washington performed discovery representing plaintiffs and defendants in a variety of matters, including: complex securities class action litigation, pharmaceutical litigation and insurance litigation. Ms. Washington was also a Compliance Advisor to large financial institutions in the Financial Crimes department. At BR&B, Ms. Washington performs discovery representing investors in class and derivative actions, including cases involving securities fraud, shareholder rights and corporate governance. Ms. Washington can be reached at the Firm's Philadelphia, PA office.

## Significant Judicial Praise

In *In re Apollo Group Inc. Securities Litigation*, Master File No. CV-04-2147 PHX-JAT (U.S. District Court for the District of Arizona), Barrack, Rodos & Bacine, as the sole lead counsel for the class, secured a jury verdict for the full amount per share requested.  Judge Teilborg commented that trial counsel *"brought to this courtroom just extraordinary talent and preparation.... The technical preparation, the preparation for your examination and cross-examination of witnesses has been evident in every single instance.  The preparation for evidentiary objections and responses to those objections have been thorough and foresighted.  The arguments that have been made in every instance have been well-prepared and well-presented throughout the case. *** Likewise, for the professionalism and the civility that you -- and the integrity that you have all demonstrated and exuded throughout the handling of this case, it has just, I think, been*

*very, very refreshing and rewarding to see that. *** [W]hat I have seen has just been truly exemplary."*

BR&B ultimately secured payment of $145 million from the defendants – the largest post-verdict judgment and recovery achieved in a shareholder class action for violations of the federal securities laws since passage of the PSLRA.  In approving the $145 million resolution on April 20, 2012 (see 2012 WL 1378677), Judge Teilborg further stated: "[S]ince the enactment of the Private Securities Litigation Securities Reform Act ("PLSRA"), securities class actions rarely proceed to trial.  Because Plaintiffs faced the burden of proving multiple factors relating to securities fraud, there was great risk that this case would not result in a favorable verdict after trial.  Further, after the jury verdict, this Court granted judgment as a matter of law in favor of Defendants and Class Counsel pursued a risky and successful appeal to the Ninth Circuit Court of Appeals.  Thereafter, Class Counsel successfully opposed a petition for certiorari to the United States Supreme Court.  ***Based on this procedural history and the seven years of diligence in representing the Class, Class Counsel achieved an exceptional result for the Class.  Such a result is unique in such securities cases and could not have been achieved without Class Counsel's willingness to pursue this risky case throughout trial and beyond***. … [A]s discussed above, ***Plaintiffs' Lead Counsel achieved exceptional results for the Class and pursued the litigation despite great risk***."

In ***In re WorldCom, Inc. Securities Litigation***, No. 02 Civ. 3288 (DLC), BR&B was co-lead counsel for the Class and achieved settlements in excess of $6.13 billion.  After a partial settlement with one group of defendants for in excess of $2.56 billion, Judge Cote stated that ***"the settlement amount ... is so large that it is of historic proportions."***  The Judge found that ***"Lead Counsel has performed its work at every juncture with integrity and competence.  It has worked as hard as a litigation of this importance demands, which for some of the attorneys, including the senior attorneys from Lead Counsel on whose shoulders the principal responsibility for this litigation rests, has meant an onerous work schedule for over two years."***   Judge Cote further found that ***"the quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation.  Lead Counsel has been energetic and creative.  Its skill has matched that of able and well-funded defense counsel.  It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes.  Its negotiations with the Citigroup Defendants have resulted in a settlement of historic proportions.  It has cooperated with other counsel in ways that redound to the benefit of the class and those investors who have opted out of the class.  The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance."***  The Court also found that ***"In sum, the quality of representation that Lead Counsel has provided to the class has been superb."***  In approving the final settlements totaling $3.5 billion, in an opinion and order dated September 20, 2005, the Court stated ***"The impressive extent and superior quality of Lead Counsel's efforts as of May 2004 were described in detail in the Opinion approving the Citigroup Settlement. …  At the conclusion of this litigation, more than ever, it remains true that 'the quality of representation that Lead Counsel has provided to the class has been superb.' … At trial against Andersen, the quality of Lead Counsel's representation remained first-rate. .. The size of the recovery achieved for the class – which has been praised even by several objectors – could not have been achieved without the unwavering commitment of Lead Counsel to this litigation."***

Further, the Court found that ***"Despite the existence of these risks, Lead Counsel obtained remarkable settlements for the Class while facing formidable opposing counsel from some of the best defense firms in the country;"*** and ***"If the Lead Plaintiff had been***

*represented by less tenacious and competent counsel, it is by no means clear that it would have achieved the success it did here on behalf of the Class."* In reiterating that the size of the settlements was "historic," Judge Cote stated: *"it is likely that less able plaintiffs' counsel would have achieved far less."*

In *Becker v. Bank of New York Mellon, et al.,* 11-cv-06460-JS (E.D. Pa.), BR&B served as class counsel, and achieved a cash settlement of $13,500,000 to resolve all claims asserted by the plaintiff and the class. In approving the settlement, the Court noted that trial counsel's *"skill and efficiency"* in defending against a *"litany of pretrial motions, including a new motion to dismiss, motions in limine, and several Daubert motions,"* as well as during the trial. The Court further stated that: *"This favorable settlement is attributable in large part to class counsel's zealous advocacy for the class and vigorous prosecution of this action in the face of formidable opposition from Defendants."*

In *In re Automotive Refinishing Paint Antitrust Litigation,* 2:10-md-01426-RBS (E.D. Pa.), BR&B, co-lead counsel for a Class of direct purchasers of automotive refinishing paint, achieved settlements with five defendants in excess of $100 million. After reaching a settlement with the last two defendants remaining in the litigation, the Court stated, *"I want to commend counsel on both sides of this litigation. I think that the representation on both sides of this litigation is as good as I've ever seen in my entire professional career. Counsel worked together in this case. They frankly made the job of this Court very easy and I commend all of you for what you've done in this litigation."*

In *In re Nationwide Financial Services Litigation,* Case No. 2:08-CV-00249, before the Honorable H. Michael Watson, in the U.S. District Court for the Southern District of Ohio. BR&B, as co-lead counsel, represented a lead plaintiff in a class action litigation contesting the buy-out of Nationwide Financial Services, Inc. by its majority owner Nationwide Mutual Insurance Company and certain affiliates in 2008. In assessing the settlement, the Court found: *Plaintiffs and their counsel have made a thoroughly considered judgment that the Settlement is not only fair, adequate and reasonable, but an excellent result for the Class.* The $52.25 per share revised offer was 12% more than NFS's closing price on August 6; it was 10.7% higher than Nationwide Mutual's initial offer of March 10, 2008 (providing an aggregate benefit of $232.8 million to the members of the Class); and it was negotiated in the midst of an overall decline in the financial markets, and apparently while internal forecasts for NFS indicated some decline in its projected results." And, in assessing the work of co-lead counsel, the Court found that the "*quality and skill in the work performed by Plaintiffs' Counsel is evident through the significant economic and non-economic recovery achieved in this Action.*"

In *In re Cendant Corporation Litigation,* No. 98-CV-1664 (WHW) (D.N.J.), BR&B was co-lead counsel for the Class and achieved settlements with defendants in excess of **$3.18 billion**, more than three times larger than the next highest recovery ever achieved in a securities law class action suit by that time. The *Cendant* settlement included what was, at the time, the largest amount by far ever paid in a securities class action by an issuing company and the amount paid by Ernst & Young remains the largest amount ever paid in a securities class action by an outside auditor. The *Cendant* settlement further included extensive corporate governance reforms, and a contingency recovery of one-half the net recovery that Cendant and certain of its affiliated individuals may recover in on-going proceedings against CUC's former auditor. The *Cendant* Court stated that *"we have all been favored with counsel of the highest competence and integrity and fortunately savvy in the ways of the law and the market."* The Court found that the *"standing, experience and expertise of counsel, the skill and professionalism with which counsel prosecuted the case and the performance and*

*quality of opposed counsel were and are high in this action."*  The Court further found that
the result of lead counsel's efforts were *"excellent settlements of uncommon amount
engineered by highly skilled counsel with reasonable cost to the class."*

Exhibit 5

Joint Declaration In Support of Plaintiffs' Unopposed Motion to Direct Class Notice
and Grant Preliminary Approval of Class Action Settlement



FIRM RESUME

# WHO WE ARE

Established by members of Milberg Phillips Grossman LLP, Sanders Phillips Grossman LLC, Greg Coleman Law PC, and Whitfield Bryson LLP, the firm represents plaintiffs in the areas of antitrust, securities, financial fraud, consumer protection, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, and cyber law and security.

For over 50 years, Milberg and its affiliates have been protecting victims' rights and have recovered over $50 billion for our clients. Our attorneys possess a renowned depth of legal expertise, employ the highest ethical and legal standards, and pride ourselves on providing stellar client service. We have repeatedly been recognized as leaders in the plaintiffs' bar and appointed to leadership roles in prominent mass torts and class actions.

*Milberg challenges corporate wrongdoing through class action, mass tort, consumer and shareholder rights services, both domestically and globally.*

Milberg's previous litigation efforts helped to create a new era of corporate accountability that put big companies on notice. The strategic combination of four leading plaintiffs' firms offers clients expanded capabilities, greater geographical coverage, enhanced financial breadth, and increased operational capacity. It also enables the firm to serve diverse and global clients who are seeking to enforce their rights against well-financed corporations - wherever they operate.

**www.milberg.com**

# PRACTICE AREAS

### ANTITRUST & COMPETITION LAW

Today, on a global scale, consolidated corporate entities exercise dominating market power, but proper enforcement of antitrust law ensures a fair, competitive marketplace. Milberg prosecutes complex antitrust class actions against large, well-funded corporate defendants in healthcare, technology, agriculture, and manufacturing. Our leading practitioners successfully represent plaintiffs affected by price-fixing, monopolization, monopoly leveraging tying arrangements, exclusive dealing, and refusals to deal. The firm continues aggressively vindicating rights of plaintiffs victimized by antitrust violations, holding companies accountable for anticompetitive behavior.

### COMPLEX LITIGATION

With 50 years of vetted success, Milberg handles complex, high-stakes cases at any stage of the litigation process. Our attorneys have experience litigating complex cases for businesses and plaintiffs outside of the class action context, including business torts, contract disputes, anti-SLAPP motions, corporations, LLCs, partnerships, real estate, and intellectual property.

### CONSUMER PRODUCTS

Milberg's consumer litigation group focuses on protecting victims of deceptive marketing and advertising of goods and services, or those who have bought defective products. Our attorneys are experienced in handling a wide array of consumer protection lawsuits, including breach of contract, failure to warn, false or deceptive advertising of goods and services, faulty, dangerous, or defective products, warranty claims and unfair trade practices cases. Milberg has achieved real-world recoveries for clients, often requiring corporations to change the way they do business. Our team of attorneys has extensive experience representing plaintiffs against well-resourced and sophisticated defendants.

### CONSUMER SERVICES

Consumers have rights, and companies providing consumer services have a legal obligation to abide by contractual agreements made with customers. Companies must also follow state and federal laws that prohibit predatory, deceptive, and unscrupulous business practices. Milberg's Consumer Services litigation group protects consumers whose rights have been violated by improperly charged fees, predatory and discriminatory lending, illegal credit reporting practices, and invasion of privacy.
We also enforce consumer rights by upholding The Fair Credit Reporting Act and Telephone Consumer Protection Act.

## CLASS ACTION LAWSUITS

Milberg pioneered federal class action litigation, and is recognized as a leader in defending the rights of victims of corporate and large-scale wrongdoings. We have the manpower, resources, technology, and experience necessary to provide effective representation in nationwide class action lawsuits. Our attorneys have led class actions resulting in settlements of up to billions of dollars across a variety of practice areas, including defective consumer products, pharmaceutical drugs, insurance, securities, antitrust, environmental and toxic torts, consumer protection, and breach of contract.

## DANGEROUS DRUGS & DEVICES

For some patients, medication and medical devices improve their lives. For others, the drugs and equipment have questionable benefits at best, and serious, unintended side effects at worst. Taking on drug and device makers requires a law firm that can stand up to the world's largest, most poweful companies. Our defective drug lawyers have held leadership roles in many national drug and device litigations, recovering billions of dollars in compensation.

## DATA BREACH, CYBERSECURITY & BIOMETRIC DATA LAWSUITS

Technology changes faster than laws regulate it. Staying ahead of legal technical issues requires a law firm that can see the full picture of innovation and apply past lessons to navigate fast-moving developments, putting consumers ahead of corporate interests. Our data breach and privacy lawyers work at the cutting edge of technology and law, creating meaningful checks and balances against technology and the companies that wield it. Cybersecurity threats continue evolving and posing new consumer risks. Milberg will be there every step of the way to protect consumer privacy and hold big companies accountable.

## ENVIRONMENTAL & TOXIC TORTS LITIGATION

Litigation is key in fighting to preserve healthy ecosystems and hold environmental lawbreakers accountable. But in today's globalized world, pollutants—and polluters—are not always local. Corporations have expanded their reach and ability to cause harm. Our environmental litigation practice focuses on representing clients in mass torts, class actions, multi-district litigation, regulatory enforcement, citizen suits, and other complex environmental and toxic tort matters. The companies involved in harmful environmental practices are large, wealthy, and globally influential, but as an internationally recognized plaintiffs' firm, Milberg has the strength and resources to present clients seeking to enforce their environmental rights against well-financed corporations—wherever they operation.

## FINANCE & INSURANCE LITIGATION

Big banks and public insurance firms are obligated by their corporate charters to put shareholders' interests ahead of client interests. However, that doesn't mean they can deceive clients to profit at their expense. Milberg's attorneys handle hundreds of insurance-related disputes, including first party bad faith insurance cases, business interruption cases, and hurricane insurance cases. As one of the nation's stop class action law firms, we are well-positioned to pursue insurance bad faith cases on a statewide or nationwide basis.

## PUBLIC CLIENT REPRESENTATION

The ability of governments to serve and protect their residents is often threatened by the combination of lower revenues and rising costs. Budget shortfalls are increasing in part because private companies externalize costs, but while corporate profits grow, public interest pays the price. Effectuating meaningful change through litigation, Milberg partners with state and local governments to address the harms facing its residents. Internationally, Milberg's Public Client Practice has achieved success against global powerhouse corporations, including drug, tobacco, mining, and oil and gas companies.

## SECURITIES LITIGATION

Over 50 years ago, Milberg pioneered litigation claims involving investment products, securities, and the banking industry by using class action lawsuits. Our litigation set the standard for case theories, organization, discovery, methods of settlement, and amounts recovered for clients. Milberg continues to aggressively pursue these cases on behalf of institutional and individual investors harmed by financial wrongdoing. Inventors of securities class actions, Milberg has decades of experience holding companies accountable both in the United States and globally.

## WHISTLEBLOWER & QUI TAM

Blowing the whistle on illegal or unethical conducted is a form of legally protected speech. Milberg's whistleblower attorneys have led actions that returned hundreds of millions of dollars in ill-gotten gains, resulting in significant awards of our clients. Our legacy of standing up to corporate power extends to advocating for greater transparency. In addition to representing whistleblowers, we fight back against corporate-backed laws seeking to deter them from making disclosures.

*"Scoring impressive victories against companies guilty of outrageous behavior."*

- FORBES

*"A powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."*
**- NEW YORK TIMES**

# LEADERSHIP ROLES

In re: Google Play Consumer Antitrust Litigation, 20-CV-05761 (N.D. Cal.)

In re: Elmiron (Pentosan Polysulfate Sodium) Products Liability Litigation MDL No. 2973

In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices & Products Liability Litigation

In re: Blackbaud Data Privacy MDL No. 2972

In re: Paragard IUD Products Liability Litigation MDL No. 2974

In re: Seresto Flea & Tick Collar, Marketing Sales Practices & Product Liability Litigation MDL No. 3009

In re: All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation

In re: Allergan Biocell Textured Breast Implant Product Liability Litigation

In re: Zicam

In re: Guidant Corp. Implantable Defibrillators

In re: Ortho Evra

In re: Yaz

In re: Kugel Mesh

In re: Medtronic Sprint Fidelis Leads

In re: Stand 'N Seal

In re: Chantix

In re: Fosamax

In re: Olmesartan (Benicar)

In re: Onglyza (Saxagliptin) And Kombiglyze XR

In re: Risperdal and Invega Product Liability Cases

In re: Mirena

In re: Incretin

In re: Reglan

In re: Levaquin Litigation

In re: Zimmer Nexgen Knee

In re: Fresenius Granuflo

In re: Propecia

In re: Transvaginal Mesh

In re: Fluoroquinolones

In re: Depuy Pinnacle

In re: Recalled Abbott Baby Formula

# NOTABLE RECOVERIES

$3.2 Billion Settlement - In re: Tyco International Ltd., Securities Litigation, MDL 1335 (D.N.H.)

$4 Billion Settlement - In re: Prudential Insurance Co. Sales Practice Litigation, No. 95-4704 (D.N.J.)

$1.14 Billion Settlement - In Re: Nortel Networks Corp. Securities Litigation, No. 01-1855 (S.D.N.Y.)

$1 Billion-plus Trial Verdict - Vivendi Universal, S.A. Securities Litigation

$1 Billion Settlement - NASDAQ Market-Makers Antitrust Litigation

$1 Billion Settlement - W.R. Grace & Co.

$1 Billion-plus Settlement - Merck & Co., Inc. Securities Litigation

$775 Million Settlement - Washington Public Power Supply System Securities Litigation

# LOCATIONS

**CALIFORNIA**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212

402 West Broadway, Suite 1760
San Diego, California 92101

**FLORIDA**
2701 South Le Jeune Road
Coral Gables, Florida 33134

**ILLINOIS**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606

**KENTUCKY**
19 North Main Street
Madisonville, Kentucky 42431

**LOUISIANA**
5301 Canal Boulevard
New Orleans, Louisiana 70124

**MICHIGAN**
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301

**NEW JERSEY**
1 Bridge Plaza North, Suite 275
Fort Lee, New Jersey 07024

**NEW YORK**
100 Garden City Plaza,
Garden City
New York 11530

405 E 50th Street
New York 10022

**NORTH CAROLINA**
900 West Morgan Street
Raleigh, North Carolina 27603

**SOUTH CAROLINA**
825 Lowcountry Blvd, Suite 101
Mount Pleasant, South Carolina 29464

**TENNESSEE**
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

518 Monroe Street
Nashville, Tennessee 37208

**PUERTO RICO**
1311 Avenida Juan Ponce de León
San Juan, Puerto Rico 00907

**WASHINGTON**
1420 Fifth Ave, Suite 2200
Seattle, Washington 98101

17410 133rd Avenue, Suite 301
Woodinville, Washington 98072

**WASHINGTON, D.C.**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015–2052

**NETHERLANDS**

**GERMANY**

**PORTUGAL**

**UNITED KINGDOM**



www.milberg.com